## IN THE UNITED STATES DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| SAMUEL GREEN | * | |
| **Plaintiff,** | * | |
| v. | * | **Case No. 1:19-cv-01410-ELH** |
| AMF BOWLING CENTERS, INC. | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MOTION FOR ENLARGEMENT OF TIME TO ANSWER PENDING RESOLUTION OF DEFENDANT'S PARTIAL MOTION TO DISMISS

Defendant AMF Bowling Centers, Inc. (hereinafter "Defendant"), by its undersigned attorneys, files this Motion for Enlargement of Time to Answer Pending Resolution of Defendant's Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 6, and in support thereof, states as follows:

1.      Concurrently with this Motion for Enlargement of Time, Defendant has filed a Partial Motion to Dismiss seeking dismissal of Counts II-IV of Plaintiff's Complaint (including punitive damages) under Fed. R. Civ. P. 12 for failure to state a claim.

2.      Since Defendant's Motion is only partial and turns on whether the Court will dismiss several causes of action, there is good cause for enlarging the time for Defendant to file an Answer pending the outcome of the Partial Motion to Dismiss.

3.      Fed. R. Civ. P. 12 does not provide express guidance on the Answer deadline if the Fed. R. Civ. P. 12 motion is only partial and if that partial motion is granted.  For purposes of clarity, Defendant requests an enlargement of time to file an Answer to Plaintiff's Complaint to fourteen (14) days after the Court rules on Defendant's Partial Motion to Dismiss in the absence of guidance from the Fourth Circuit.

1

4.      In a similar posture, when confronted with a defendant's partial motion to dismiss and motion for an extension of time to answer, Judge Chasanow has previously commented that "[t]he vast majority of courts have found it 'best to stall the proceedings on all counts until after the court rules on the Rule 12(b)(6) motion.'"   *See Saman v. LBDP, Inc.,* No. CIV .A. DKC 12-1083, 2012 WL 5463031, at *4, n. 1 (D. Md. Nov. 7, 2012) (determining that the defendant's motion for enlargement of time was ultimately not necessary based on her procedural interpretation).

5.      Defendant states that there is good cause to grant this Motion to clarify when its Answer is due and to streamline this litigation.

6.      Pursuant to Local Rule 105.9, defense counsel requested Plaintiff's counsel's consent to this Motion via email on June 7, 2019.  Plaintiff's counsel did not consent to this Motion.

WHEREFORE,  for  the  foregoing  reasons,  Defendant  AMF  Bowling  Centers,  Inc. respectfully requests an Order:

A.  Granting this Motion for Enlargement of Time; and

B.  Setting the time for Defendant AMF Bowling Centers, Inc. to file its Answer to Plaintiff's Complaint to fourteen (14) days after the Court rules on Defendant's Partial Motion to Dismiss; and

C.  Such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


*/s/ Brigitte J. Smith*_____
Brigitte J. Smith (Fed. Bar No. 28426)

2

Brigitte.smith@wilsonelser.com
Colleen K. O'Brien (Fed. Bar No. 29839)
colleen.obrien@wilsonelser.com
500 East Pratt Street, Suite 600
Baltimore, MD 21202
P (410) 962-7387
F (410) 962-8758
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 10th day of June, 2019, a copy of the Motion for

Enlargement of Time and proposed Order by Defendant AMF Bowling Centers, Inc. was e-filed

and served via CM/ECF to the following counsel of record:

Kim Parker, Esquire
The Law Offices of Kim Parker, P. A.
Fed. Bar No.:23894
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 410-234-2612
kp@kimparkerlaw.com
*Counsel for Plaintiff*

*/s/ Colleen K. O'Brien*
Colleen K. O'Brien

916177v.1