# IN THE UNITED STATES DISTRICT COURT OF MARYLAND
## NORTHERN DISTRICT
Baltimore Division

| | |
|---|---|
| **SAMUEL GREEN**<br><br>PLAINTIFF<br><br>V.<br><br>**AMF BOWLING CENTERS, INC.**<br><br>DEFENDANT | Civil Case No.: **1:19-cv-1410** |

## FIRST AMENDED CIVIL COMPLAINT
## AND JURY TRIAL PRAYER

**NOW COMES**, Samuel Green ("Mr. Green" or "Plaintiff", respectfully), by and through his attorneys KIM PARKER, ESQUIRE and THE LAW OFFICES OF KIM PARKER, P.A., and sues the aforementioned Defendant. In addition, Plaintiff's incorporates any previously filed complaints as if herein restated. The grounds of Plaintiff's claims are:

## COUNT I- NEGLIGENCE

1. Samuel Green ("Mr. Green" or "Plaintiff", respectfully), is a citizen of the United States of America and resident of Baltimore City, Maryland. At all times relevant herein, Mr. Greene was a business invitee at Defendants facility (hereinafter referred as the "AMF Bowling" or "Defendant", collectively). At all times relevant herein, Plaintiff was a customer/business invitee on the premises of Defendant

1

AMF's location, which was located at 2165 York Road Lutherville Timonium, MD 21093 (hereinafter referred as "the Premises").

2. At all times relevant hereto, Plaintiff conducted himself in a safe, careful and vigilant manner and exercised due care for his own safety and was not in any way contributory negligent.

3. Defendant AMF Bowling Centers, Inc. ("AMF") is a Virginia corporation, with its principal place of business located at 7313 Bell Creek Rd. Mechanicsville, VA 23111. At all times relevant herein, Defendant had a duty under Maryland law to warn Plaintiff of all hazards on its premises.

4. Defendant AMF is subject to the jurisdiction of the Court and venue is proper in this Court.

5. On or about June 6, 2016, Plaintiff was inside the premises with friends. Soon thereafter, Plaintiff rented shoes from Defendant and was assigned lanes to bowl on.

6. It came a time when it was Plaintiff's turn to bowl. Plaintiff walked up to the bowling surface and initiated his first bowling attempt. While on the bowling surface, Plaintiff took his first step in the action of bowling his first ball---he stepped forward and planted his leg, and then began stepping forward with his other leg to release the ball; however, while stepping forward he slipped and fell on a wet floor, causing his legs to split apart.

7. As a direct result, Plaintiff suffered a Musculoligmentous injury to his thoracic spine and a contusion to Plaintiffs left hip, and other permanent injuries to his person.

8. At all times prior to the fall, Plaintiff had no knowledge that there was a wet substance on the bowling surface, nor was he warned. Defendant had a duty to maintain the premises, including the floors and floor coverings in a reasonably safe condition and to see that these areas were free from items that could present a hazard to the business invitee.

9. Defendant was responsible for insuring that its property was safe for all customers entering upon its premises. Defendant also had a duty to warn patrons, such as the Plaintiff of hazards.

10. The bowling lane was in the exclusive control of the Defendant and its employee's. In fact, the bowling lane was owned and operated by the Defendant on its premises.

11. Plaintiff was injured without act or omission and was not contributory negligent.

12. Evidence including videotape, photographic and the bowling lane were in the exclusive control of the Defendant and its agents.

13. As a direct and proximate result of Defendant negligent, carless and reckless acts and omissions, Plaintiff suffered severe injuries and is entitled to recover compensatory damages.

14. Defendant breached this duty of care by failing to keep the bowling lane's where its customers are expected to traverse free of items that could cause them to slip and fall.

15. Defendant had a further duty to inspect its floors and walkways and other areas open to its business invitees, to discover the presence of any condition that would present a hazard, to block off the area of said hazards, post notices of said hazards, and to remove said hazards from the premises.

16. As a result of AMF negligence, and that of its agent, servant and/or employee Plaintiff has suffered emotional, financial and physical damages. Plaintiff Green has suffered injuries to his left hip and Lumbar Spine.

17. Specifically, Defendant breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable condition; (b) failing to monitor and/or inspect the premises; (c) failing to keep the floor in a dry and safe condition; (d) failing to warn Plaintiff, a business invitee, of the defect; and (e) failing to correct the hazardous and dangerous defect.

**WHEREFORE**, Plaintiff Green demands judgment against Defendant AMF and its servant agent or employee jointly severally liable in the amount Five Million Dollars ($5,000,000.00), plus attorney's fees, prejudgment and post judgment interest and cost.

Respectfully Submitted,

THE LAW OFFICES OF KIM PARKER, P.A.

/s/ Kim Parker
_____
Kim Parker, Esquire
Fed. Bar No.:23894
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 410-234-2612
info@kimparkerlaw.com

COUNSEL FOR PLAINTIFF

## AMENDED JURY TRIAL PRAYER

Plaintiff prays for a jury trial on all counts stated herein.

/s/
_____
Kim Parker, Esq
Counsel to Plaintiff