# IN THE UNITED STATES DISTRICT COURT OF MARYLAND
## NORTHERN DISTRICT
Baltimore Division

| | |
|---|---|
| **SAMUEL GREEN** <br><br> PLAINTIFF <br><br> V. <br><br> **AMF BOWLING CENTERS, INC.** <br><br> DEFENDANT | Civil Case No.: **1:19-cv-1410** |

## SECOND AMENDED CIVIL COMPLAINT
## AND JURY TRIAL PRAYER

**NOW COMES**, Samuel Green ("Mr. Green" or "Plaintiff", respectfully), by and through his undersigned counsel, and sues the aforementioned Defendant. In addition, Plaintiff's incorporates any previously filed complaints as if herein restated. The grounds of Plaintiff's claims are:

## COUNT I- NEGLIGENCE

1. Samuel Green ("Mr. Green" or "Plaintiff", respectfully), is a citizen of the United States of America and resident of Baltimore City, Maryland. At all times relevant herein, Mr. Greene was a business invitee at Defendants facility (hereinafter referred as the "AMF Bowling" or "Defendant", collectively). At all times relevant herein, Plaintiff was a customer/business invitee on the premises of Defendant AMF's location, which was located at 2165 York Road Lutherville Timonium, MD 21093 (hereinafter referred as "the Premises").

2. At all times relevant hereto, Plaintiff conducted himself in a safe, careful and vigilant manner and exercised due care for his own safety and was not in any way contributory negligent.

3. Defendant AMF Bowling Centers, Inc. ("AMF") is a Virginia corporation, with its principal place of business located at 7313 Bell Creek Rd. Mechanicsville, VA 23111. At all times relevant herein, Defendant had a duty under Maryland law to warn Plaintiff of all hazards on its premises.

4. Defendant AMF is subject to the jurisdiction of the Court and venue is proper in this Court.

5. On or about June 6, 2016, Plaintiff was inside the premises with friends. Soon thereafter, Plaintiff rented shoes from Defendant and was assigned lanes to bowl on.

6. On June 6, 2016, two unidentified AMF employees were observed, via CCTV, oiling and sweep cleaning the bowling lanes, approximately thirty (30) minutes prior to Plaintiff and members of his league arriving at the premises.

7. It came a time when it was Plaintiff's turn to bowl. Plaintiff walked up to the bowling surface and initiated his first bowling attempt. On his next attempt, Plaintiff took his second step in the action of bowling the next ball; he stepped forward and planted his leg, and then began stepping forward with his other leg to release the ball; however, while stepping forward, his left foot slipped on an oily substance over the foul lane, resulting in a traumatic injury.

8. As a direct result, Plaintiff suffered a Musculoligmentous injury to his thoracic spine and a contusion to Plaintiffs left hip, and other permanent injuries to his person.

9. At all times prior to the fall, Plaintiff had no knowledge that there was an oily substance on the bowling surface, nor was he warned. Defendant had a duty to maintain the premises, including the floors and floor coverings in a reasonably safe condition and to see that these areas were free from items that could present a hazard to the business invitee.

10. Defendant was responsible for ensuring that its property was safe for all customers entering upon its premises. Defendant also had a duty to warn patrons, such as the Plaintiff of hazards.

11. The bowling lane was in the exclusive control of the Defendant and its employee's. In fact, the bowling lane was owned and operated by the Defendant on its premises.

12. Plaintiff was injured without act or omission and was not contributory negligent.

13. Evidence including videotape, photographic and the bowling lane were in the exclusive control of the Defendant and its agents.

14. As a direct and proximate result of Defendant negligent, carless and reckless acts and omissions, Plaintiff suffered severe injuries and is entitled to recover compensatory damages.

15. Defendant breached this duty of care by failing to keep the bowling lane's where its customers are expected to traverse free of items that could cause them to slip and fall, including oil; which is clear and invisible to patrons such as the Plaintiff.

16. Defendant had a further duty not to place oil in close proximity to the foul line of the bowling lane. In so doing, they created the hazard which caused Plaintiff to suffer injuries. Moreover, Defendant had nondelegable duty to inspect the bowling lanes and other areas open to its business invitees, to discover the presence of any condition that would present a hazard, to block off the area of said hazards, post notices of said hazards, and to remove said hazards from the premises.

17. As a result of AMF negligence, and that of its agent, servant and/or employee Plaintiff has suffered emotional, financial and physical damages. Plaintiff Green has suffered injuries to his left hip and Lumbar Spine.

18. Specifically, Defendant breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable condition; (b) failing to monitor and/or inspect the

3

premises; (c) failing to keep the floor free from oil and in a safe condition; (d) applying oil to the lanes in a negligent and unsafe manner (e) failing to warn Plaintiff, a business invitee, of the defect; and (f) failing to correct the hazardous and dangerous defect.

**WHEREFORE**, Plaintiff Green demands judgment against Defendant AMF and its servant agent or employee jointly severally liable in the amount One Million Dollars ($1,000,000.00), plus interest and cost.

## COUNT II-NEGLIGENT DESIGN AND CONSTRUCTION OF PREMISES

19. Plaintiff incorporates paragraphs one through eighteen as if restated herein for reference.

20. During the design and construction of the bowling alley specifically pertaining to its bowling lanes; Defendant, knew or should have known that during the approach toward the alley and the release of the bowling ball, bowlers do no keep their eyes on even look at the foul line. Their eyes are on the pins and the board they are aiming at so that the ball will go down the alley and hook into the strike zone of the pins.

21. Therefore, Plaintiff or any other bowler's left sole is at the foul line as the ball is released, the left toe will come in contact with the oil that is located adjacent to the foul line. The oil can inadvertently cover part of the foul line without notice, resulting in potential injury to business invitees.

22. That a reasonably competent owner of a bowling alley would have recognized that the construction and design of the bowling alley was defective, faulty, and exposed individuals to significant harm and a clear danger of death and/or personal injury.

23. Defendant knew or should have known of the condition.

24. The condition caused Plaintiff to suffer personal injury and/or severe distress.

25. Defendant had actual knowledge of the defect, deliberately disregarded the foreseeable harm resulting from the defect.

26. By reasons of the foregoing, Plaintiff has sustained damages, and is entitled to recover that amount plus continuing interest, attorneys' fees, and cost, until paid.

**WHEREFORE**, Plaintiff Green demands judgment against Defendant AMF and its servant agent or employee jointly severally liable in the amount One Million Dollars ($1,000,000.00), plus interest and cost.

## COUNT III-STRICT LIABILITY/PRODUCTS LIABILITY

27. Plaintiff incorporates paragraphs one through twenty-six as if restated herein for reference.

28. The bowling lane was in a defective condition as result of the design and construction by Defendant.

29. The bowling lane was unreasonably dangerous to Plaintiff and any others.

30. Plaintiff suffered personally injury as a direct result of the defective condition of the bowling lane.

**WHEREFORE**, Plaintiff Green demands judgment against Defendant AMF and its servant agent or employee jointly severally liable in the amount One Million Dollars ($1,000,000.00), plus interest and cost.

## COUNT IV-GROSS NEGLIGENCE

31. Plaintiff incorporates paragraphs one through thirty as if restated herein for reference.

32. Upon information and belief, Defendant had actual notice of the dangerous condition described above, because they had other patrons injured across its organization; yet

failed to correct the dangerous condition caused by its employees placing an oily substance on the bowling lane.

33. The Defendant was aware of the dangerous condition posed by oiling its bowling lanes and acted with a reckless disregard of the consequences without an exertion of any effort to avoid them.

34. As a direct and proximate result of Defendant gross negligence, intentional, willful and wanton misconduct and recklessness, plaintiff sustained substantial damages.

**WHEREFORE**, Plaintiff Green demands judgment against Defendant AMF and its servant agent or employee jointly severally liable in the amount Three Million Dollars ($3,000,000.00) and cost.

Respectfully Submitted,

/s/ Kim Parker
_____
Kim Parker, Esq.
Fed. Bar No.:23894
THE LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
O: 410-234-2621
F: 410-234-2612
E. kp@kimparkerlaw.com

Jessie Lyons Crawford, Esq.
Fed. Bar No.:68788
THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, Maryland 21218
O: 410-662-1230
F: 410-662-1238
E: attorneyjlcrawford@verizon.net

COUNSEL FOR PLAINTIFF

## **JURY TRIAL PRAYER**

Plaintiff prays for a jury trial on all counts stated herein.

/s/ Kim Parker
_____
Kim Parker, Esq
Counsel to Plaintiff