# IN THE UNITED STATES DISTRICT COURT OF MARYLAND
## NORTHERN DISTRICT BALTIMORE DIVISION

| | |
|---|---|
| **SAMUEL GREEN**<br><br>PLAINTIFF<br><br>V.<br><br>**AMF BOWLING CENTERS, INC.**<br><br>DEFENDANT | CIVIL CASE NO.:**1:19-cv-01410-ELH** |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S COUNSEL MOTION FOR A PROTECTIVE ORDER

**NOW COMES,** Samuel Green, (hereinafter referred as the "Plaintiff"), by and through his undersigned counsel, and responds to the Defendant's Counsel Motion for Protective Order To Prevent Plaintiff's Counsel from having the Md. Civ Rule 104.7 Discovery Conference transcribed by a court reporter (the "Motion") and for reasons state:

1. Since November 26, 2019, the parties have been engaged in a dispute regarding Defendant's discovery responses. *See Exhibit A*.

2. The crux of the dispute involved the Defendant's deficient answers to discovery and the parties desire to depose witnesses, including experts.

3. After a substantial period of time without any proposed dates from Defendant, Plaintiff, on January 1, 2020, noted the depositions of the Corporate Designee for Defendant and Anita Manion, General Manager for Defendant.

1

4. It was necessary to note the dates after waiting over forty(40) days, because the February 25, 2020, discovery deadline is fast approaching, and Plaintiff needs adequate time to prepare his case.

5. Defense Counsel strenuously objected to the Deposition dates, stating, albeit vaguely, that she was not available and requested that undersigned counsels' meet and confer to prevent the filing of the instant motion. It is important to note, as of this writing, Defense Counsel has not provided her client's availability, nor, has the Defendant supplemented discovery responses as outlined in the November 26, 2019, discovery dispute notice[1].

6. Undersigned counsel agreed to the conference and advised that the conference would be transcribed by a court reporter. Defense counsel objected on the basis that the rules did not permit Plaintiff's to make a record of the proceedings. Undersigned counsel noted the objection and advised defense counsel that there was no rule prohibiting the making of a record at a discovery conference. The instant Motion for Protective Order followed, prior to undersigned counsel having an opportunity to respond to defense counsel's recent correspondence.

7. Defense Counsel accuses undersigned counsel of allegedly violating the spirit of the Maryland Wiretapping and Electronic Surveillance Act

---

[1] Plaintiff will be filing a Motion to Compel, seeking waiver of the Local Rule 104.7 Conference in light of Defendant's dilatory conduct.

("MWESA"), by having a court reporter present to make a record. The foregoing statement is without merit and amounts to purposeful hyperbole.

8. Defense Counsel argues, without citing any authority, that the scheduled telephonic conference is not a "formal event", therefore is not subject to recording and transcription. Defense Counsel posits that having a court reporter present would not "foster" open communications" between the parties. Undersigned counsel is mystified by Defense Counsel's objection because it is Plaintiff's position that having a court reporter present will protect the integrity of the process for all parties, and will ensure that there is no ambiguity regarding what transpired.

9. Despite the arguments espoused by the Defendant, Md. Civ Rule 104.7, is a [f]ormal discovery rule and therefore is subject to recording and transcription. Federal Courts have encouraged making records during discovery conferences, and other proceedings. *See Residential Funding Corp. v. DeGeorge Financial*, 306 F.3d 99 (2d Cir. 2002)("We take this opportunity to strongly encourage district courts to preserve a record of discovery conferences, although there is no requirement that they do so. We also remind counsel that, in the event a district court ordinarily chooses not to employ a court reporter or recording device at a discovery conference, a party may itself undertake to insure that a record of the conference is preserved by making an appropriate application to the Court or by providing its own court reporter"). See also *In re Kensington Intern. Ltd.*, 368 F.3d 289 (3d Cir. 2004)( The

record taken by a certified court reporter is always the best evidence of what has been said, what actions have been taken, and what rulings have been made). Moreover, The *Kensington* Court also opined that("the best protection for the litigants, the bar, and the bench at trial and on appeal is a [v]erbatim record (emphasis mines)").

10. Defense counsel, and her client's have been dilatory in providing deposition dates and answering discovery fully and completely. This has prejudiced the Plaintiff as he has been unable to adequately prepare his case, and the discovery deadline is fast approaching. Upon information and belief, Defendant's are attempting force Plaintiff to conduct last minute depositions, so that he will be unable to follow up on evidence discovered or depose additional witnesses. Defendant is employing a strategy of *stratagem*, which is improper and a willful disregard of their discovery obligations.

11. Furthermore, Defendant's will not be prejudiced, since Plaintiff's counsel agreed to cover any expenses associated with the court reporter.

12. Plaintiff has a right to make a record of the discovery conference to protect the integrity of the proceedings, and to hold Defendant's to the representations made at said conference, especially in light to the conduct described above.

**WHEREFORE,** Plaintiff respectfully request that the Honorable Court deny the relief sought and for such other and further relief as may be deemed just and proper.

Respectfully Submitted,

/s/ Kim Parker

_____
Kim Parker, Esq.
Fed. Bar No.:23894
THE LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
O: 410-234-2621
F: 410-234-2612
E: kp@kimparkerlaw.com

Jessie Lyons Crawford, Esq.
Fed. Bar No.:68788
THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, Maryland 21218
O: 410-662-1230
F: 410-662-1238
E: attorneyjlcrawford@verizon.net

COUNSEL FOR PLAINTIFF

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that Plaintiff Response to Motion for Protective Order was served via the Courts ECF filing system on this 8th day of January 2020, to:

**BRIGITTE SMITH, ESQUIRE**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
500 East Pratt Street, Suite 600
Baltimore, Maryland 21202
Counsel for Defendant

/s/ Kim Parker
_____
Kim Parker, Esquire