

2123 Maryland Avenue
Baltimore, Maryland 21218
P: 410.234.2621
F: 410.234.2612
www.kpcounsel.com

**Kim Parker**,^
**John Wood,** Of Counsel

^Licensed to Practice in Maryland & The District of Columbia

ATTORNEYS AT LAW

**Kim Parker, Esq.**
WRITER'S EMAIL: kp@kimparkerlaw.com

November 26, 2019

**VIA ELECTRONIC MAIL**
Brigitte Smith, Esquire
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
500 East Pratt Street, Suite 600
Baltimore, Maryland 21202

Re:   Caption:         **Samuel Green vs. AMF Bowling Centers, Inc**
      Case No:         1:19-cv-01410-ELH

Dear Ms. Smith:

I would like to depose the Corporate Designee of AMF Bowling Centers, Inc. Please identify one or more persons to testify regarding the topics:

1. The general nature of the business of AMF BOWLING its size, organizational structure, and the specific nature of AMF BOWLING activities on the premises on the date of the accident which is described in Plaintiff's Complaint.

2. The general over-all table of organization of AMF BOWLING and persons involved in AMF BOWLING with duties of supervision of maintenance, repair, inspection and safety. This will include, but not be limited too, the chain of control and command regarding monitoring, regulation, and control of persons on the premises of the Defendant.

3. The specific organization of AMF BOWLING with respect to who had any operational duties at the place and time of the accident, who at the place and time of the accident had the duties of supervision, safety, inspection and maintenance of premises, and who on the date of the accident and thereafter had duties regarding the reporting of accidents and collection of data regarding any accidents on the premises. This will include, but not be limited to the chain of control and command regarding those activities of the Defendant.

4. The accident and Injury in this case, and events involved therewith on that date.

Brigitte Smith, Esquire
November 26, 2019
Page 2

5. Who are the witnesses to the accident, injury, and events involved, and what they know.

6. Identities including: a. Identity of those persons who were at the scene of the accident at the time it occurred; b. Identity of those persons who either investigated the accident or recorded or observed items at the accident site; c. Identity of those persons who participated, before the accident, in securing or attempting to secure the premises, processes, and equipment so as to make them reasonably safe, or to make the premises safe for Plaintiff. d. Identity of those persons who are supervisors of any of the persons discovered in the inquiries listed above.

7. The identity, jobs, titles, and supervisors of all AMF BOWLING officers, employees, and agents) who were on the premises at the time of the accident.

8. In regard to the persons identified in items 6 and 7 above:

A. What each of them observed on that date concerning the persons, premises, conditions, items, objects, or events of the accident;

B. What each of them did on that date;

C. What they said or reported concerning the persons, premises, conditions, items, objects, or events of the accident; and

D. What they reported about the injuries of Plaintiff.

9. Accident reports of the accident.

10. On the date of the accident and to the date of the deposition: who was the person in charge of safety of persons on the premises, what he did and learned on the day of the injury, and facts that he/she has subsequently learned regarding the accident and injury of Plaintiff.

11. The accident and its causes, including AMF BOWLING position on what caused the accident, and the facts supporting that position.

12. AMF BOWLING position on what Plaintiff did carelessly or wrongfully that contributed to cause the injuries that Plaintiff received, and the facts supporting that position.

13. AMF BOWLING position on what any person or entity other than AMF BOWLING or Plaintiff did carelessly or wrongfully that contributed to cause the injuries that Plaintiff received, and the facts supporting that position.

14. AMF BOWLING monitoring of the premises either by persons or by surveillance equipment, what such monitoring is designed to show, what it is designed to record, and what it did show or record for the date of the accident.

**LAW OFFICES OF**
**KIM PARKER, P.A.**

Brigitte Smith, Esquire
November 26, 2019
Page 3

    15. Who were the persons supervising or observing the Plaintiff's activities on the date of the injury, and all details of what such persons observed and did on the day of the injury.

    16. Plaintiff's activities on the premises on the date of the accident.

    17. Previous and subsequent times Plaintiff was on the premises, and activities on those dates.

    18. Instructions and warnings given to Plaintiff at any time regarding Plaintiff's activities on the premises.

    19. Conversations and statements by, or to, Plaintiff regarding Plaintiff's activities, the accident, or Plaintiff's injuries.

    20. Whether Plaintiff was properly on the premises on the date of the accident and what AMF BOWLING expected her to be doing.

    21. Whether AMF BOWLING expects Plaintiff or some person like Plaintiff to be on the Premises and engage in like activity; and the facts upon which the position or expectation is based.

    22. The purchase and control of any equipment or items involved in the accident.

    23. Inspections of the premises and any items involved in the incident, during the year before the accident. What was done? Who did it? Why did they do it? When was it done? What orders or reports were made? Note: These inspections are not limited to inspections by AMF BOWLING but also include any inspections by outside persons and entities. Examples, without limiting the generality of the foregoing, are inspections by government (e.g., OSHA and building inspectors); by labor organizations; by attorneys in other lawsuits; by your general casualty, fire, or premises insurers, or inspectors hired by RITE AID.

    24. AMF BOWLING system, rules and regulations for the reporting of accidents or collection of data regarding accidents on the premises, and the identity of all other accidents on the premises in the period from July 30, 2010 to the present date.

    25. All inspections, after the accident and to the date of this deposition, of the premises, equipment, or processes involved in the accident.

    26. Subsequent remedial action by AMF BOWLING regarding the type of accident.

    27. Changes in the premises and equipment, if any, after the accident until the date of this deposition and also whether any further changes are anticipated before inspections are done by Plaintiff's attorney or expert in this litigation.

**LAW OFFICES OF**
**KIM PARKER,** [P.A.]

Brigitte Smith, Esquire
November 26, 2019
Page 4

28. AMF BOWLING policies, rules, and actions for safety in the operations involved in the incident. This includes not only documentation available, but also the identity of persons responsible for safety in the operations of AMF BOWLING and what they did, either before, during, or after the incident, to prevent or mitigate the effects of the incident. This includes, but is not limited to, safety rules adopted by AMF BOWLING for safety of persons in the position of Plaintiff before and at the time of the accident.

29. Explanations of all documents requested to be brought to the deposition. This will include not only the content, but also the evidentiary foundation for the document, including the method of its creation or acquisition, the name of the person who created or recorded it, its method of storage or modification or possible modification, whether the document is authentic and trustworthy, and, if claimed not authentic or not trustworthy, the facts upon which AMF BOWLING makes that claim.

30. Explanations of any photographs (including movies, videotapes, or still photos, whether digitally recorded or otherwise preserved) showing or recording the premises and equipment or physical facts at the accident scene.

This will include:

A. Its subject matter;

B. The date it was taken; and

C. The name of the person who took the picture.

D. What is shown therein.

E. The evidentiary foundation for the photograph.

31. AMF BOWLING CCTV System including(a) Service Dates (b) workings of the equipment (c) perseveration and (d) retention of data on CCTV System and (e) type of equipment including make, model and manufacturer.

32. IT Procedures, including retention policies regarding electronic mail.

33. Policies and Procedures of AMF BOWLING with respect to AMF BOWLING Incident Reporting Hotline.

34. Polices and procedures of AMF BOWLING with respect to the reporting of incidents to Risk Management.

35. AMF BOWLING policies and procedures with respect to preservation of video footage.

Brigitte Smith, Esquire
November 26, 2019
Page 5

    36. The design and construction of the premises.

Moreover, Plaintiff would like to depose the following AMF Bowling employees:

| Name | Position |
| --- | --- |
| Anita Manion | General Manager |
| David Goldwasser | Operations Manager |
| Robert Dyer | Employee |

## DEFICIENT ANSWERS

1. With response to your client's answers to Plaintiff interrogatory number 4, your client identified two (2) employees who allegedly oiled swept and cleaned the lanes. Consistent with the foregoing interrogatory, please identify these two employees, and provide contact information, to the extent that they are former employees.
2. Interrogatory number 7 request that your client identify all persons interviewed concerning the incident, including, the date, substance and if the interview was recorded. Your client only referred that ESIS may have spoken with personnel from Defendant's premises but failed to identify those persons. Please supplement your client's responses.
3. With respect to Plaintiff's interrogatory number 14, Plaintiff requested the Defendant identify any previous incidents within the past 10 years. Your clients identified three incidents in the past 3 years but failed to provide anything else. Please provide ten (10) years of incidents involving falls at the premises and identify all information response.
4. In Plaintiff interrogatory number 17, he requested that your client identify all written safety polices and procedures in place on June 6, 2016. Your client objected on the basis of vagueness and not properly limited in time and scope. The foregoing interrogatory seeks information within the scope of discovery. Plaintiff request that the Defendant supplement its responses accordingly.
5. Regarding Plaintiff's interrogatory number 22, he requested that your client state the facts upon which you rely for each affirmative defense in your answer. Your client responded that discovery is continuing. Please supplement your client responses with this information.

    Please advise what dates your client is available for a deposition in December within five (5) days from the date of this letter. Please also provide supplemental responses to discovery within ten (10) days from the date of this correspondence. Please consider the foregoing notice, Plaintiff's good faith attempt to resolve a discovery dispute. In accordance with the local rules, should you wish to confer regarding this notice, please do so by contacting me at the number listed above.

Brigitte Smith, Esquire
November 26, 2019
Page 6

I trust that the foregoing is consistent with your understanding. I am:

Very truly yours,

/s/ Kim Parker

Kim Parker, Esq.