# IN THE UNITED STATES DISTRICT COURT OF MARYLAND
## NORTHERN DISTRICT BALTIMORE DIVISION

SAMUEL GREEN

     PLAINTIFF

V.

AMF BOWLING CENTERS, INC.

     DEFENDANT

CIVIL CASE NO.:**1:19-cv-01410-ELH**

---

### PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO QUASH DEPOSITIONS OF AMF BOWLING CENTERS AND ANITA MANION

**NOW COMES,** Samuel Green, (hereinafter referred as the "Plaintiff"), by and through his undersigned counsel, and responds to the Defendant's Motion to Quash Depositions of AMF Bowling Centers and Anita Manion (the "Motion") and for reasons state:

1.    As preliminary matter, the Court should deny Defendant's Motion for failure to adhere to Local Rule 104.7 regarding meeting and conferring with regard to discovery disputes.

2.    The Defendant correctly states that on January 1, 2020, Plaintiff served two (2) Notices of Depositions upon Defendant AMF Bowling and Anita Manion, General Manager. *Exhibit A.*

3.      Despite Defendant's representations, Plaintiff requested depositions dates, which, were not provided by defense counsel, after thirty (36) days of waiting.

**Deposition Request Timeline**

| DATE | CORRESPONDENCE |
|---|---|
| November 26, 2019 | Plaintiff's correspondence requesting deposition dates and supplementation to discovery. *Exhibit B* |
| December 2, 2019 | Defense Counsel's responses that she was awaiting dates from her client. *Exhibit C* |
| December 19, 2019 | Plaintiff's follow-up regarding deposition dates. *Exhibit D* |
| December 20, 2019 | Defense Counsel still waiting for dates and confirming that she would respond to request for supplementation of discovery, no later than December 28, 2019. *Exhibit E* |
| December 28, 2019 | No response from Defense counsel |

4.      As of this writing, Defendant has not provided alternative deposition dates, despite the discovery deadline of February 25, 2020. Other than making conclusory statements, Defendant presents no evidence, whatsoever, that the amount of time so stated in the Deposition notices are insufficient.

5.      Defendant has been dilatory in providing deposition dates and answering discovery fully and completely. This has prejudiced the Plaintiff as he has been unable to adequately prepare his case, and the discovery deadline is fast approaching. Upon information and belief, Defendant's are attempting force Plaintiff to conduct last minute depositions, so that he will be unable to follow up on evidence discovered or depose additional witnesses. Defendant is employing a

strategy of *stratagem*, which is improper and a willful disregard of their discovery obligations.

6.     Rule 30 gives parties broad leave to depose "any person" who may have relevant information in a case. Fed. R. Civ. P. 30. The Defendant has not met its burden that it is entitled to Quash the deposition notices.

7.     Defendant's Motion was filed in bad faith to unduly delay these proceedings and prevent Plaintiff from meeting his burden in this case.

8.     The Court should deny the Motions and permit Plaintiff to depose AMF and Mrs. Manion accordingly.

**WHEREFORE,** Plaintiff respectfully request that the Honorable Court deny the relief sought and for such other and further relief as may be deemed just and proper.

Respectfully Submitted,

/s/ Kim Parker

_____
Kim Parker, Esq.
Fed. Bar No.:23894
THE LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
O: 410-234-2621
F: 410-234-2612
E: kp@kimparkerlaw.com

Jessie Lyons Crawford, Esq.
Fed. Bar No.:68788
THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC

2601 Maryland Avenue
Baltimore, Maryland 21218
O: 410-662-1230
F: 410-662-1238
E: attorneyjlcrawford@verizon.net

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that Plaintiff Response to Motion to Quash was served

via the Courts ECF filing system on this 8th  day of January 2020, to:

**BRIGITTE SMITH, ESQUIRE**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
500 East Pratt Street, Suite 600
Baltimore, Maryland 21202
Counsel for Defendant

/s/ Kim Parker
_____

Kim Parker, Esquire