# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT OF MARYLAND
## FOR BALTIMORE

**SAMUEL GREEN**

      PLAINTIFF

Vs.

                                   CIVIL CASE 1:19-CV-01410-ELH

**AMF BOWLING INC.**

      DEFENDANT

---

### NOTICE OF TAKING DEPOSITION OF AMF BOWLING INC. ("AMF")
### PURSUANT TO FEDERAL RULE 30(B)(6)

**TO: <u>AMF BOWLING INC.</u>**

    1.    **PLEASE TAKE NOTICE** that the deposition of AMF will be taken through the person or persons designated by AMF to testify concerning matters shown on the following included List of Matters on Which Examination Is Sought.

    2.    The deposition will be taken **at <u>THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC, 2601 MARYLAND AVENUE, BALTIMORE, MD 21218</u>** the time and date of **<u>January 23, 2020 beginning at 09:00 a.m.</u>**. If the depositions are not completed on those days, the deposition will continue thereafter, from day to day, until completed. **The Deposition will be used at trial of this matter and may be videotaped.**

    3.    Pursuant to the rules of civil procedure, AMF is directed to designate the person or persons who will testify at the deposition, on behalf of the deponent organization, regarding all the information known by, or reasonably available to, AMF . If AMF so desires, AMF may in its designation specify the separate matters on which each person designated by the deponent organization will testify.**.**

    4.    The designation of the persons to testify on behalf of the deponent corporation, on all the matters known or reasonably available to AMF should be served on the undersigned attorney, on a reasonable date before the date of the deposition. **See Discovery Guideline 5, a, b, and c, which states that AMF should provide the undersigned, <u>well in advance of the deposition date</u>, the names and correspondent topic each person designated is expected to testify to.**

5.      You are notified that the party giving this notice wishes to examine the witness or witnesses so designated by AMF  on the matters shown on the below included List of Matters on Which Examination Is Sought.

6.      You are further notified that the person or persons designated by AMF  are to bring with them the things shown on the below included List of Items to Bring to the Deposition.

**7.      Pursuant to the rules of civil procedure, AMF  is on notice that it is AMF  being deposed, not individual officers, employees or agents of AMF . The deposition will be videotaped and will be used at trial of this matter. AMF  has a duty to prepare its designated witness or witnesses to testify on not only the information personally known by its designated witness, but also on all the information known by AMF  through its officers, employees, and agents. The designated witness should be able to answer with reasonable particularity, everything AMF  knows on the Matters on Which Examination Is Sought, unlimited by how little the designed witness or other individual officer, employees, and agents personally know.**

8.      AMF  must search for, and inform itself of the information known or reasonably available to AMF . If no single person has all of the information requested, AMF  must produce at the deposition the number of witnesses needed to testify on each of the Matters on Which Examination Is Sought.

## GENERAL DEFINITIONS

1. Concerning: The term —concerning means relating to, referring to, describing, evidencing, or constituting.

2. Communication: The term —communication means the transmittal of information by any means.

3. Document: The terms —document and —documents are defined to be synonymous in meaning and equal in scope to the usage of the term —documents‖ in Fed. R. Civ. P. 34(a) and include(s) the term —writing. Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term —document. The terms —writings,—recordings, and —photographs are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term —document.

4. Identify (with respect to persons): When referring to a person, to —identify means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

5. Identify (with respect to documents): When referring to documents, to —identify means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

6. Occurrence/Transaction: The terms —occurrence and —transaction mean the events described in the Complaint and other pleadings, as the word —pleadings is defined in Fed. R. Civ. P. 7(a).

7. Parties: The terms —plaintiff and —defendant (including, without limitation, thirdparty plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

8. Person: The term —person is defined as any natural person or any business, legal or governmental entity or association.

9. You/Your: The terms —you or —your include the person(s) to whom these requests are addressed, and all of that person's agents, representatives and attorneys.

10. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. —All means —any and all; —any means —any and all. —Including means —including but not limited to.  —And —or encompass both —and —or. Words in the masculine, feminine or neuter form shall include each of the other genders.

11. Defendant: The term "Defendant" means the Corporate Defendant in this case, AMF its agents, representatives and attorneys.

12. Plaintiff: The term "Plaintiff" means William Harris.

13. Scope: Unless otherwise requested, the scope of examination and request for documents is **January  2010 through the present date.**

## EXAMINATION WILL BE SOUGHT ON THE FOLLOWING TOPICS

1. The general nature of the business of AMF BOWLING  its size, organizational structure, and the specific nature of AMF BOWLING activities on the premises on the date of the accident which is described in Plaintiff's Complaint.

2. The general over-all table of organization of AMF BOWLING  and persons involved in AMF BOWLING with duties of supervision of maintenance, repair, inspection and safety. This will include, but not be limited too, the chain of control and command regarding monitoring, regulation, and control of persons on the premises of the Defendant.

3. The specific organization of AMF BOWLING with respect to who had any operational duties at the place and time of the accident, who at the place and time of the accident had the duties of supervision, safety, inspection and maintenance of premises, and who on the date of the accident and thereafter had duties regarding the reporting of accidents and collection of data regarding any accidents on the premises. This will include, but not be limited to the chain of control and command regarding those activities of the Defendant.

4. The accident and Injury in this case, and events involved therewith on that date.

5. Who are the witnesses to the accident, injury, and events involved, and what they know.

6. Identities including: a. Identity of those persons who were at the scene of the accident at the time it occurred; b. Identity of those persons who either investigated the accident or recorded or observed items at the accident site; c. Identity of those persons who participated, before the accident, in securing or attempting to secure the premises, processes, and equipment so as to make them reasonably safe, or to make the premises safe for Plaintiff. d. Identity of those persons who are supervisors of any of the persons discovered in the inquiries listed above.

7. The identity, jobs, titles, and supervisors of all AMF BOWLING officers, employees, and agents) who were on the premises at the time of the accident.

8. In regard to the persons identified in items 6 and 7 above:

A. What each of them observed on that date concerning the persons, premises, conditions, items, objects, or events of the accident;

B. What each of them did on that date;

C. What they said or reported concerning the persons, premises, conditions, items, objects, or events of the accident; and

D. What they reported about the injuries of Plaintiff.

9. Accident reports of the accident.

10. On the date of the accident and to the date of the deposition: who was the person in charge of safety of persons on the premises, what he did and learned on the day of the injury, and facts that he/she has subsequently learned regarding the accident and injury of Plaintiff.

11. The accident and its causes, including AMF BOWLING position on what caused the accident, and the facts supporting that position.

12. AMF BOWLING position on what Plaintiff did carelessly or wrongfully that contributed to cause the injuries that Plaintiff received, and the facts supporting that position.

13. AMF BOWLING position on what any person or entity other than AMF BOWLING or Plaintiff did carelessly or wrongfully that contributed to cause the injuries that Plaintiff received, and the facts supporting that position.

14. AMF BOWLING monitoring of the premises either by persons or by surveillance equipment, what such monitoring is designed to show, what it is designed to record, and what it did show or record for the date of the accident.

15. Who were the persons supervising or observing the Plaintiff's activities on the date of the injury, and all details of what such persons observed and did on the day of the injury.

16. Plaintiff's activities on the premises on the date of the accident.

17. Previous and subsequent times Plaintiff was on the premises, and activities on those dates.

18. Instructions and warnings given to Plaintiff at any time regarding  Plaintiff 's activities on the premises.

19. Conversations and statements by, or to, Plaintiff regarding  Plaintiff 's activities, the accident, or Plaintiff's injuries.

20. Whether Plaintiff was properly on the premises on the date of the accident and what AMF BOWLING expected her to be doing.

21. Whether AMF BOWLING expects Plaintiff or some person like Plaintiff to be on the Premises and engage in like activity; and the facts upon which the position or expectation is based.

22. The purchase and control of any equipment or items involved in the accident.

23. Inspections of the premises and any items involved in the incident, during the year before the accident. What was done? Who did it? Why did they do it? When was it done? What orders or reports were made? Note: These inspections are not limited to inspections by AMF BOWLING but also include any inspections by outside persons and entities. Examples, without limiting the generality of the foregoing, are inspections by government (e.g., OSHA and building inspectors); by labor organizations; by attorneys in other lawsuits; by your general casualty, fire, or premises insurers, or inspectors hired by RITE AID.

24. AMF BOWLING system, rules and regulations for the reporting of accidents or collection of data regarding accidents on the premises, and the identity of all other accidents on the premises in the period from July 30, 2010 to the present date.

25. All inspections, after the accident and to the date of this deposition, of the premises, equipment, or processes involved in the accident.

26. Subsequent remedial action by AMF BOWLING regarding the type of accident.

27. Changes in the premises and equipment, if any, after the accident until the date of this deposition and also whether any further changes are anticipated before inspections are done by Plaintiff's attorney or expert in this litigation.

28. AMF BOWLING policies, rules, and actions for safety in the operations involved in the incident. This includes not only documentation available, but also the identity of persons responsible for safety in the operations of AMF BOWLING and what they did, either before, during, or after the incident, to prevent or mitigate the effects of the incident. This includes, but is not limited to, safety rules adopted by AMF BOWLING for safety of persons in the position of Plaintiff before and at the time of the accident.

29. Explanations of all documents requested to be brought to the deposition. This will include not only the content, but also the evidentiary foundation for the document, including the method of its creation or acquisition, the name of the person who created or recorded it, its method of storage or modification or possible modification, whether the document is authentic and trustworthy, and, if claimed not authentic or not trustworthy, the facts upon which AMF BOWLING makes that claim.

30. Explanations of any photographs (including movies, videotapes, or still photos, whether digitally recorded or otherwise preserved) showing or recording the premises and equipment or physical facts at the accident scene.

This will include:

A. Its subject matter;

B. The date it was taken; and

C. The name of the person who took the picture.

D. What is shown therein.

E. The evidentiary foundation for the photograph.

31. AMF BOWLING CCTV System including(a) Service Dates (b) workings of the equipment (c) perseveration and (d) retention of data on CCTV System and (e) type of equipment including make, model and manufacturer.

32. IT Procedures, including retention policies regarding electronic mail.

33.     Policies and Procedures of AMF BOWLING with respect to AMF BOWLING Incident Reporting Hotline.

34.    Polices and procedures of AMF BOWLING with respect to the reporting of incidents to Risk Management.

35. AMF BOWLING policies and procedures with respect to preservation of video footage.

36. The design and construction of the premises.

Respectfully Submitted,

/s/ Kim Parker

_____

Kim Parker, Esq.
Fed. Bar No.:23894
THE LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
O: 410-234-2621
F: 410-234-2612
kp@kimparkerlaw.com

Jessie Lyons Crawford, Esq.
Fed. Bar No.:68788
THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, Maryland 21218
O: 410-662-1230
F: 410-662-1238
E: attorneyjlcrawford@verizon.net

COUNSEL FOR PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT OF MARYLAND
FOR BALTIMORE**

| | |
|---|---|
| **SAMUEL GREEN** | |
| PLAINTIFF | |
| Vs. | CIVIL CASE 1:19-CV-01410-ELH |
| **AMF BOWLING INC.** | |
| DEFENDANT | |

**NOTICE OF SERVICE**

     **I HEREBY CERTIFY THAT** on this 1st  Day of   January 2020 , Notice of Deposition of  AMF  was served via electronic mail to:

        Brigitte Smith, Esquire
        Counsel for Defendant

                _____/s/_____
                Kim Parker, Esquire

## IN THE UNITED STATES DISTRICT COURT OF MARYLAND
## NORTHERN DISTRICT
Baltimore Division

|  |  |
|---|---|
| **SAMUEL GREEN** |  |
| PLAINTIFF |  |
| V. | Civil Case No.:   **1:19-cv-1410** |
| **AMF BOWLING CENTERS, INC.** |  |
| DEFENDANT |  |

### NOTICE OF DEPOSITION OF ANITA MANION

TO:  **ANITA MANION**
**c/o Brigitte Smith, Esquire**
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
**500 East Pratt Street, Suite 600**
**Baltimore, Maryland 21202**

Please take notice that pursuant the Federal Rules of Civil Procedure, Local Rules of the Court and Discovery Guidelines, the deposition of **ANITA MANION,** will be taken on January 13, 2020, AT 10:15 A.M., continuing from day to day and/or until termination of the deposition by undersigned counsel for the purpose of discovery or as evidence in this action, at:

**THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC., 2601 MARYLAND AVENUE, BALTIMORE, MARYLAND 21218** before a notary public or some officer authorized to administer oaths. Such deposition will be recorded by video and/or stenographic means and will be used for trial.

Respectfully Submitted,

/s/ Kim Parker
_____
Kim Parker, Esquire

Fed. Bar No.:23894
THE LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
O: 410-234-2621
F: 410-234-2612
kp@kimparkerlaw.com

Jessie Lyons Crawford, Esq.
Fed. Bar No.:68788
THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, Maryland 21218
O: 410-662-1230
F: 410-662-1238
E: attorneyjlcrawford@verizon.net

COUNSEL FOR PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT OF MARYLAND**
**NORTHERN DISTRICT**
Baltimore Division

| | |
|---|---|
| **SAMUEL GREEN** | |
| PLAINTIFF | |
| V. | Civil Case No.:   **1:19-cv-1410** |
| **AMF BOWLING CENTERS, INC.** | |
| DEFENDANT | |

**NOTICE OF  SERVICE**
**NOTICE  OF DEPOSITION**

       I HEREBY CERTIFY that Plaintiff Notice of Deposition of Defendant was e-mailed on this 1ST day of January, 2020, to:

**BRIGITTE SMITH, ESQUIRE**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
500 East Pratt Street, Suite 600
Baltimore, Maryland 21202


/s/ Kim Parker
_____
Kim Parker, Esquire

# EXHIBIT B

2123 Maryland Avenue
Baltimore, Maryland 21218
**P:** 410.234.2621
**F:** 410.234.2612
www.kpcounsel.com

# LAW OFFICES OF
# KIM PARKER, P.A.
### Our Practice is Your Solution

**Kim Parker**,^
**John Wood,** Of Counsel

^Licensed to Practice in Maryland & The District of Columbia

ATTORNEYS AT LAW

---

**Kim Parker, Esq.**
WRITER'S EMAIL: kp@kimparkerlaw.com

November 26, 2019

**VIA ELECTRONIC MAIL**
Brigitte Smith, Esquire
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
500 East Pratt Street, Suite 600
Baltimore, Maryland 21202

|  | Re: | Caption: | **Samuel Green vs. AMF Bowling Centers, Inc** |
|---|---|---|---|
|  |  | Case No: | **1:19-cv-01410-ELH** |

Dear Ms. Smith:

I would like to depose the Corporate Designee of AMF Bowling Centers, Inc. Please identify one or more persons to testify regarding the topics:

1. The general nature of the business of AMF BOWLING  its size, organizational structure, and the specific nature of AMF BOWLING activities on the premises on the date of the accident which is described in Plaintiff's Complaint.

2. The general over-all table of organization of AMF BOWLING  and persons involved in AMF BOWLING with duties of supervision of maintenance, repair, inspection and safety. This will include, but not be limited too, the chain of control and command regarding monitoring, regulation, and control of persons on the premises of the Defendant.

3. The specific organization of AMF BOWLING with respect to who had any operational duties at the place and time of the accident, who at the place and time of the accident had the duties of supervision, safety, inspection and maintenance of premises, and who on the date of the accident and thereafter had duties regarding the reporting of accidents and collection of data regarding any accidents on the premises. This will include, but not be limited to the chain of control and command regarding those activities of the Defendant.

4. The accident and Injury in this case, and events involved therewith on that date.

LAW OFFICES OF
KIM PARKER, P.A.

Brigitte Smith, Esquire
November 26, 2019
Page 2

5. Who are the witnesses to the accident, injury, and events involved, and what they know.

6. Identities including: a. Identity of those persons who were at the scene of the accident at the time it occurred; b. Identity of those persons who either investigated the accident or recorded or observed items at the accident site; c. Identity of those persons who participated, before the accident, in securing or attempting to secure the premises, processes, and equipment so as to make them reasonably safe, or to make the premises safe for Plaintiff. d. Identity of those persons who are supervisors of any of the persons discovered in the inquiries listed above.

7. The identity, jobs, titles, and supervisors of all AMF BOWLING officers, employees, and agents) who were on the premises at the time of the accident.

8. In regard to the persons identified in items 6 and 7 above:

A. What each of them observed on that date concerning the persons, premises, conditions, items, objects, or events of the accident;

B. What each of them did on that date;

C. What they said or reported concerning the persons, premises, conditions, items, objects, or events of the accident; and

D. What they reported about the injuries of Plaintiff.

9. Accident reports of the accident.

10. On the date of the accident and to the date of the deposition: who was the person in charge of safety of persons on the premises, what he did and learned on the day of the injury, and facts that he/she has subsequently learned regarding the accident and injury of Plaintiff.

11. The accident and its causes, including AMF BOWLING position on what caused the accident, and the facts supporting that position.

12. AMF BOWLING position on what Plaintiff did carelessly or wrongfully that contributed to cause the injuries that Plaintiff received, and the facts supporting that position.

13. AMF BOWLING position on what any person or entity other than AMF BOWLING or Plaintiff did carelessly or wrongfully that contributed to cause the injuries that Plaintiff received, and the facts supporting that position.

14. AMF BOWLING monitoring of the premises either by persons or by surveillance equipment, what such monitoring is designed to show, what it is designed to record, and what it did show or record for the date of the accident.

LAW OFFICES OF
    KIM PARKER, P.A.

Brigitte Smith, Esquire
November 26, 2019
Page 3

15. Who were the persons supervising or observing the Plaintiff's activities on the date of the injury, and all details of what such persons observed and did on the day of the injury.

16. Plaintiff's activities on the premises on the date of the accident.

17. Previous and subsequent times Plaintiff was on the premises, and activities on those dates.

18. Instructions and warnings given to Plaintiff at any time regarding  Plaintiff 's activities on the premises.

19. Conversations and statements by, or to, Plaintiff regarding  Plaintiff 's activities, the accident, or Plaintiff's injuries.

20. Whether Plaintiff was properly on the premises on the date of the accident and what AMF BOWLING expected her to be doing.

21. Whether AMF BOWLING expects Plaintiff or some person like Plaintiff to be on the Premises and engage in like activity; and the facts upon which the position or expectation is based.

22. The purchase and control of any equipment or items involved in the accident.

23. Inspections of the premises and any items involved in the incident, during the year before the accident. What was done? Who did it? Why did they do it? When was it done? What orders or reports were made? Note: These inspections are not limited to inspections by AMF BOWLING but also include any inspections by outside persons and entities. Examples, without limiting the generality of the foregoing, are inspections by government (e.g., OSHA and building inspectors); by labor organizations; by attorneys in other lawsuits; by your general casualty, fire, or premises insurers, or inspectors hired by RITE AID.

24. AMF BOWLING system, rules and regulations for the reporting of accidents or collection of data regarding accidents on the premises, and the identity of all other accidents on the premises in the period from July 30, 2010 to the present date.

25. All inspections, after the accident and to the date of this deposition, of the premises, equipment, or processes involved in the accident.

26. Subsequent remedial action by AMF BOWLING regarding the type of accident.

27. Changes in the premises and equipment, if any, after the accident until the date of this deposition and also whether any further changes are anticipated before inspections are done by Plaintiff's attorney or expert in this litigation.

LAW OFFICES OF
KIM PARKER, P.A.

Brigitte Smith, Esquire
November 26, 2019
Page 4

28. AMF BOWLING policies, rules, and actions for safety in the operations involved in the incident. This includes not only documentation available, but also the identity of persons responsible for safety in the operations of AMF BOWLING and what they did, either before, during, or after the incident, to prevent or mitigate the effects of the incident. This includes, but is not limited to, safety rules adopted by AMF BOWLING for safety of persons in the position of Plaintiff before and at the time of the accident.

29. Explanations of all documents requested to be brought to the deposition. This will include not only the content, but also the evidentiary foundation for the document, including the method of its creation or acquisition, the name of the person who created or recorded it, its method of storage or modification or possible modification, whether the document is authentic and trustworthy, and, if claimed not authentic or not trustworthy, the facts upon which AMF BOWLING makes that claim.

30. Explanations of any photographs (including movies, videotapes, or still photos, whether digitally recorded or otherwise preserved) showing or recording the premises and equipment or physical facts at the accident scene.

This will include:

A. Its subject matter;

B. The date it was taken; and

C. The name of the person who took the picture.

D. What is shown therein.

E. The evidentiary foundation for the photograph.

31. AMF BOWLING CCTV System including(a) Service Dates (b) workings of the equipment (c) perseveration and (d) retention of data on CCTV System and (e) type of equipment including make, model and manufacturer.

32. IT Procedures, including retention policies regarding electronic mail.

33.    Policies and Procedures of AMF BOWLING with respect to AMF BOWLING Incident Reporting Hotline.

34.    Polices and procedures of AMF BOWLING with respect to the reporting of incidents to Risk Management.

35. AMF BOWLING policies and procedures with respect to preservation of video footage.

Brigitte Smith, Esquire
November 26, 2019
Page 5

    36. The design and construction of the premises.

Moreover, Plaintiff would like to depose the following AMF Bowling employees:

| Name | Position |
|------|----------|
| Anita Manion | General Manager |
| David Goldwasser | Operations Manager |
| Robert Dyer | Employee |

## DEFICIENT ANSWERS

1. With response to your client's answers to Plaintiff interrogatory number 4, your client identified two (2) employees who allegedly oiled swept and cleaned the lanes. Consistent with the foregoing interrogatory, please identify these two employees, and provide contact information, to the extent that they are former employees.
2. Interrogatory number 7 request that your client identify all persons interviewed concerning the incident, including, the date, substance and if the interview was recorded. Your client only referred that ESIS may have spoken with personnel from Defendant's premises but failed to identify those persons. Please supplement your client's responses.
3. With respect to Plaintiff's interrogatory number 14, Plaintiff requested the Defendant identify any previous incidents within the past 10 years. Your clients identified three incidents in the past 3 years but failed to provide anything else. Please provide ten (10) years of incidents involving falls at the premises and identify all information response.
4. In Plaintiff interrogatory number 17, he requested that your client identify all written safety polices and procedures in place on June 6, 2016. Your client objected on the basis of vagueness and not properly limited in time and scope. The foregoing interrogatory seeks information within the scope of discovery. Plaintiff request that the Defendant supplement its responses accordingly.
5. Regarding Plaintiff's interrogatory number 22, he requested that your client state the facts upon which you rely for each affirmative defense in your answer. Your client responded that discovery is continuing. Please supplement your client responses with this information.

    Please advise what dates your client is available for a deposition in December within five (5) days from the date of this letter. Please also provide supplemental responses to discovery within ten (10) days from the date of this correspondence. Please consider the foregoing notice, Plaintiff's good faith attempt to resolve a discovery dispute. In accordance with the local rules, should you wish to confer regarding this notice, please do so by contacting me at the number listed above.

**LAW OFFICES OF
KIM PARKER, P.A.**

Brigitte Smith, Esquire
November 26, 2019
Page 6

I trust that the foregoing is consistent with your understanding. I am:

Very truly yours,

/s/ Kim Parker

Kim Parker, Esq.

**EXHIBIT B**

**EXHIBIT C**

RE: Green vs. AMF

## Smith, Brigitte <Brigitte.Smith@wilsonelser.com>

Mon 12/2/2019 8:22 AM

**To:** Kim Parker, Esquire <kp@kimparkerlaw.com>
**Cc:** Palmer, Lisa <Lisa.Palmer@wilsonelser.com>

Good Morning,

We have requested transportation for your client for the IME and will confirm this morning. In the meantime, I have also sent your request for depositions to my client and will advise regarding dates. Please provide dates of deposition for your client and your client's experts as well.

Thanks,

Brigitte Smith

---

**From:** Kim Parker, Esquire [kp@kimparkerlaw.com]
**Sent:** Tuesday, November 26, 2019 11:26 PM
**To:** Smith, Brigitte
**Cc:** Palmer, Lisa
**Subject:** Re: Green vs. AMF

Brigitte,

I am still conferring with my client regarding your IME. Although, we have no objection to an IME, I, do, however, object to the IME occurring over 51 miles from my client's home. In light of his complaints, it is patently unreasonable that my client would be required to travel such a distance in light of his complaints. I request either your client provide Mr. Green with transportation or that your doctor travel to Baltimore to conduct the examination.

Please also find correspondence respecting depositions and discovery deficiencies.

Please feel free to contact me to discuss.

Enjoy your holiday week!

Thanks,

Kim

**Respectfully,**

**Kim Parker, Esq.** | Attorney and Counselor at Law
The Law Office of Kim Parker, P.A. | 2123 Maryland Avenue Baltimore, MD 21218
410-234-2621 | Fax 410-234-2612 | Admitted to Practice in Maryland and DC.
Assistant: Destiny Whitaker, assist@kimparkerlaw.com

Legal Clerk: Rosita Rennick, legalclerk@kimparkerlaw.com

Website: www.kpcounsel.com



This is an e-mail transmission from the law firm of Kim Parker, P.A. that may contain confidential and/or privileged information, attorney work product or content exempt from disclosure under applicable law.  If you received this message in error or you are not a named recipient, please notify the sender by reply e-mail or by calling 410-234-2621  Additionally, please delete the electronic message and destroy any copies of the message.  Any disclosure, dissemination, distribution, reproduction or other use of the message by an unauthorized recipient is prohibited.  Thank you.

---

**From:** Smith, Brigitte <Brigitte.Smith@wilsonelser.com>
**Sent:** Tuesday, November 26, 2019 3:15 PM
**To:** Kim Parker, Esquire <kp@kimparkerlaw.com>
**Cc:** 'Mike Moran, Esq.' <lawofficesofmikemoran@gmail.com>; Palmer, Lisa <Lisa.Palmer@wilsonelser.com>
**Subject:** RE: Green vs. AMF

Kim,

We confirmed the IME with Dr. Hinkes on December 4, 2019 at 2:00 p.m, at 85 Thomas Johnson Court, Suite B, Frederick, MD 21702.  Please confirm that your client will appear.

████████████████████████████████████████████

████████

Thanks,

Brigitte Smith
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
500 East Pratt Street, Suite 600
Baltimore, MD 21202 -3173
410.962.7224 (Direct)
410.539.1800 (Main)
410.962.8758 (Fax)
brigitte.smith@wilsonelser.com

---

**From:** Smith, Brigitte
**Sent:** Thursday, November 14, 2019 3:31 PM
**To:** 'Kim Parker, Esquire' <kp@kimparkerlaw.com>
**Cc:** Mike Moran, Esq. <lawofficesofmikemoran@gmail.com>; Palmer, Lisa <Lisa.Palmer@wilsonelser.com>
**Subject:** RE: Green vs. AMF
**Importance:** High

Counsel,

We would like to schedule an IME of your client with Dr. Clifford Hinkes on December 4, 2019 at 2:00 p.m, at 85 Thomas Johnson Court, Suite B, Frederick, MD 21702.  Please confirm your client will appear.

Best,

Brigitte Smith
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
500 East Pratt Street, Suite 600
Baltimore, MD 21202 -3173
410.962.7224 (Direct)
410.539.1800 (Main)
410.962.8758 (Fax)
brigitte.smith@wilsonelser.com

**From:** Kim Parker, Esquire [mailto:kp@kimparkerlaw.com]
**Sent:** Saturday, November 09, 2019 3:34 PM
**To:** Smith, Brigitte <Brigitte.Smith@wilsonelser.com>; O'Brien, Colleen <Colleen.OBrien@wilsonelser.com>
**Cc:** Mike Moran, Esq. <lawofficesofmikemoran@gmail.com>
**Subject:** Re: Green vs. AMF

Counsel,

Please see attached Amended Expert disclosure.

Thanks!

**Respectfully,**

**Kim Parker, Esq.** | Attorney and Counselor at Law
The Law Office of Kim Parker, P.A. | 2123 Maryland Avenue Baltimore, MD 21218
410-234-2621 | Fax 410-234-2612 |  Admitted to Practice in Maryland and DC.
Assistant: Destiny Whitaker,   assist@kimparkerlaw.com
Legal Clerk:  Rosita Rennick,   legalclerk@kimparkerlaw.com

Website: www.kpcounsel.com



This is an e-mail transmission from the law firm of Kim Parker, P.A. that may contain confidential and/or privileged information, attorney work product or content exempt from disclosure under applicable law.  If you received this message in error or you are not a named recipient, please notify the sender by reply e-mail or by calling 410-234-2621  Additionally, please delete the electronic message and destroy any copies of the message.  Any disclosure, dissemination, distribution, reproduction or other use of the message by an unauthorized recipient is prohibited.  Thank you.

**From:** Kim Parker, Esquire
**Sent:** Saturday, November 9, 2019 3:32 PM
**To:** Smith, Brigitte <Brigitte.Smith@wilsonelser.com>; O'Brien, Colleen <Colleen.OBrien@wilsonelser.com>
**Cc:** Mike Moran, Esq. <lawofficesofmikemoran@gmail.com>
**Subject:** Green vs. AMF

Please see attached.

**Respectfully,**

**Kim Parker, Esq.** | Attorney and Counselor at Law

The Law Office of Kim Parker, P.A. | 2123 Maryland Avenue Baltimore, MD 21218

410-234-2621 | Fax 410-234-2612| Admitted to Practice in Maryland and DC.

Assistant: Destiny Whitaker,   assist@kimparkerlaw.com

Legal Clerk: Rosita Rennick,   legalclerk@kimparkerlaw.com


Website: www.kpcounsel.com



This is an e-mail transmission from the law firm of Kim Parker, P.A. that may contain confidential and/or privileged information, attorney work product or content exempt from disclosure under applicable law. If you received this message in error or you are not a named recipient, please notify the sender by reply e-mail or by calling 410-234-2621 Additionally, please delete the electronic message and destroy any copies of the message. Any disclosure, dissemination, distribution, reproduction or other use of the message by an unauthorized recipient is prohibited. Thank you.

CONFIDENTIALITY NOTICE: This electronic message is intended to be

viewed only by the individual or entity to whom it is addressed.

It may contain information that is privileged, confidential and

exempt from disclosure under applicable law. Any dissemination,

distribution or copying of this communication is strictly prohibited

without our prior permission. If the reader of this message is not

the intended recipient, or the employee or agent responsible for

delivering the message to the intended recipient, or if you have

received this communication in error, please notify us immediately by

return e-mail and delete the original message and any copies of it

from your computer system.


For further information about Wilson, Elser, Moskowitz, Edelman &

Dicker LLP, please see our website at www.wilsonelser.com or refer to

any of our offices.

Thank you.
[ EXTERNAL ]

CONFIDENTIALITY NOTICE: This electronic message is intended to be

viewed only by the individual or entity to whom it is addressed.

It may contain information that is privileged, confidential and

exempt from disclosure under applicable law. Any dissemination,

distribution or copying of this communication is strictly prohibited

without our prior permission. If the reader of this message is not

the intended recipient, or the employee or agent responsible for

delivering the message to the intended recipient, or if you have

received this communication in error, please notify us immediately by

return e-mail and delete the original message and any copies of it

from your computer system.


For further information about Wilson, Elser, Moskowitz, Edelman &

Dicker LLP, please see our website at www.wilsonelser.com or refer to

any of our offices.

Thank you.
[ EXTERNAL ]

# EXHIBIT D

## Green vs. AMF

Kim Parker, Esquire <kp@kimparkerlaw.com>

Thu 12/19/2019 7:39 PM

**To:** Smith, Brigitte <Brigitte.Smith@wilsonelser.com>
**Cc:** Jessie Crawford <attorneyjlcrawford@verizon.net>

Counsel,

Consistent with our November 26, 2019 correspondence, we would like to get deposition dates for AMF, Anita Manion and Robert Dyer. Moreover, there were 5 deficient responses to discovery, which have not been supplemented. Please advise if you are available to confer Monday, December 23, 2019 regarding these matters. Otherwise given the fast approaching discovery deadline, I will note your client's depositions, and file the appropriate Motion to Compel.

Please consider this correspondence Plaintiff's good faith attempt to resolve a discovery dispute.

**Respectfully,**

**Kim Parker, Esq.|** Attorney and Counselor at Law
The Law Office of Kim Parker, P.A. | 2123 Maryland Avenue Baltimore, MD 21218
410-234-2621 | Fax 410-234-2612| Admitted to Practice in Maryland and DC.
Assistant: Destiny Whitaker, assist@kimparkerlaw.com
Legal Clerk: Rosita Rennick, legalclerk@kimparkerlaw.com

Website: www.kpcounsel.com



This is an e-mail transmission from the law firm of Kim Parker, P.A. that may contain confidential and/or privileged information, attorney work product or content exempt from disclosure under applicable law. If you received this message in error or you are not a named recipient, please notify the sender by reply e-mail or by calling 410-234-2621 Additionally, please delete the electronic message and destroy any copies of the message. Any disclosure, dissemination, distribution, reproduction or other use of the message by an unauthorized recipient is prohibited. Thank you.

**EXHIBIT E**

RE: Green vs. AMF

## Smith, Brigitte <Brigitte.Smith@wilsonelser.com>

Fri 12/20/2019 4:56 PM

**To:** Kim Parker, Esquire <kp@kimparkerlaw.com>
**Cc:** Jessie Crawford <attorneyjlcrawford@verizon.net>

📎 1 attachments (21 KB)

Outlook-a0hlddo1.png;

Dear Ms. Parker:

I am not available on 12/23 but could be available on 12/27. I have requested dates for the depositions of my clients and will advise when I receive them.  Please provide the requested dates for the deposition of your client and his experts.  We are evaluating your demand for supplemental discovery and will respond by 12/28.

Thanks,

Brigitte Smith

_____

From: Kim Parker, Esquire [kp@kimparkerlaw.com]
Sent: Thursday, December 19, 2019 7:39 PM
To: Smith, Brigitte
Cc: Jessie Crawford
Subject: Green vs. AMF

Counsel,

Consistent with our November 26, 2019 correspondence, we would like to get deposition dates for AMF, Anita Manion and Robert Dyer. Moreover, there were 5 deficient responses to discovery, which have not been supplemented. Please advise if you are available to confer Monday, December 23, 2019 regarding these matters. Otherwise given the fast approaching discovery deadline, I will note your client's depositions, and file the appropriate Motion to Compel.

Please consider this correspondence Plaintiff's good faith attempt to resolve a discovery dispute.

Respectfully,

Kim Parker, Esq.| Attorney and Counselor at Law
The Law Office of Kim Parker, P.A. | 2123 Maryland Avenue Baltimore, MD 21218
410-234-2621 | Fax 410-234-2612|  Admitted to Practice in Maryland and DC.
Assistant: Destiny Whitaker,  assist@kimparkerlaw.com
Legal Clerk:  Rosita Rennick,   legalclerk@kimparkerlaw.com

Website: https://nam02.safelinks.protection.outlook.com/?
url=www.kpcounsel.com&amp;data=02%7C01%7Ckp%40kimparkerlaw.com%7C18ca05ab12994753217a
08d785976dc2%7C112bfccafbf24c54a0569fda88c9a5fb%7C0%7C0%7C637124757758250952&amp;sdat

a=kCT8Hng2TbKvPIEIyh5MmbWnV9kr5x7WNikAcSArNOA%3D&amp;reserved=0

 [cid:850af26c-5df1-4935-8bbb-cb8da3d9b35d]

This is an e-mail transmission from the law firm of Kim Parker, P.A. that may contain confidential and/or privileged information, attorney work product or content exempt from disclosure under applicable law. If you received this message in error or you are not a named recipient, please notify the sender by reply e-mail or by calling 410-234-2621  Additionally, please delete the electronic message and destroy any copies of the message.  Any disclosure, dissemination, distribution, reproduction or other use of the message by an unauthorized recipient is prohibited.  Thank you.

CONFIDENTIALITY NOTICE: This electronic message is intended to be

viewed only by the individual or entity to whom it is addressed.

It may contain information that is privileged, confidential and

exempt from disclosure under applicable law. Any dissemination,

distribution or copying of this communication is strictly prohibited

without our prior permission. If the reader of this message is not

the intended recipient, or the employee or agent responsible for

delivering the message to the intended recipient, or if you have

received this communication in error, please notify us immediately by

return e-mail and delete the original message and any copies of it

from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &

Dicker LLP, please see our website at https://nam02.safelinks.protection.outlook.com/?url=www.wilsonelser.com&amp;data=02%7C01%7Ckp%40kimparkerlaw.com%7C18ca05ab12994753217a08d785976dc2%7C112bfccafbf24c54a0569fda88c9a5fb%7C0%7C0%7C637124757758250952&amp;sdata=72bePRBdsfNk7fCvT%2FG3x38OsJyn3HsaViYrq1nvH30%3D&amp;reserved=0 or refer to

any of our offices.

Thank you.
[ EXTERNAL ]