AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| Samuel Green | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:19-CV-01410-ELH |
| AMF Bowling, Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ESIS, Inc., Custodian of Records, Serve on The Corporation Trust, Incorporated, Registered Agent
2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A, incorporated, as if herein restated.

| Place: The Law Offices of Jessie Lyons Crawford LLC<br>2601 Maryland Avenue, Conference B<br>Baltimore, Maryland 21218 | Date and Time:<br>08/28/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/28/2020

*CLERK OF COURT*

OR

_____       /s/ Jessie Lyons Crawford /s/
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Samuel Green, who issues or requests this subpoena, are:

Jessie Lyons Crawford, 410-662-1230, email: attorneyjlcrawford@verizon.net

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-CV-01410-ELH

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| **SAMUEL GREEN**<br><br>   Plaintiff,<br><br>vs.<br><br>**AMF BOWLING, INC.**<br><br>   Defendant. | CIVIL CASE NO.<br>**1:19-CV-01410-ELH** |

### EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

Pursuant to Rules 34(c) and 45 of the Federal Rules of Civil Procedure, and in accordance with provided Instructions and Definitions **ESIS, INC.** is directed to produce for inspection and copying certain documents or electronically stored information in your possession, custody, or control as specified in the Document Requests set forth below.

### INSTRUCTIONS

1. Electronically stored information ("ESI"), including but not limited to electronic mail, text messages, word processing files, spreadsheet files, and database files, should be produced in native format or as portable document format ("PDF") images of the original files.
2. Documents originally in paper form may be produced as PDF images.
3. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.
4. If documents or ESI are produced in native form (for ESI) or PDF form (for documents or ESI), the production should be made on CD or DVD disks.
5. For any files provided that are protected by passwords, the passwords for such files should be provided by separate correspondence.
6. Complete the enclosed form certifying the records produced in response to this subpoena.

### DEFINITIONS

"DOCUMENT" and "DOCUMENTS" mean and include any printed, typewritten, handwritten, graphic or recorded matter of whatever character including but not limited to letters, memoranda, telegrams, handwritten notes, books, periodicals, pamphlets, reports, records, studies,

papers, ledgers, account books, written statements of witnesses or persons having knowledge of relevant facts, summaries of meetings or oral communications, minutes, written agendas, catalogs and brochures, checks, check stubs, invoices, bills, statements, receipts, work orders, claims, diaries, calendars, appointment books, journals, magnetic disks, magnetic tapes, computer printouts, punch cards, E-mail or any other form of the computer readable material or retrievable data stored in any computer of computer system including carbon or photographic or other types of copies of such material.

The term "DOCUMENT" includes the definition of "WRITING" as defined in THE RULES OF Evidence. Without limiting the foregoing, the term "DOCUMENT" also includes any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

"RELATING TO" means supporting, constituting, depicting, respecting, regarding, concerning, pertaining to, referring to, stating, describing, recording, noting, reflecting, containing, embodying, memorializing, mentioning, studying, analyzing, discussing, commenting on, contradicting, specifying, listing, summarizing, reviewing, or identifying either directly or indirectly.

"YOU" and "YOUR" mean the individual or entity to whom or to which this subpoena is propounded, and anyone acting on your or its behalf, including agents, employees and contractors.

CONCEPT SEARCH. 'Concept search' in litigation refers to the search of electronic documents on the basis of ideas they contain, rather than just specific keywords. Concept searching is usually implemented by broadening a keyword-based search to include synonyms or using a thesaurus to include results related to the ideas in the search keywords, even though not directly derived from the keyword search term.

ELECTRONICALLY STORED INFORMATION' OR ESI. Files or other data that are stored on computers, file servers, disks, tape or other devices or media.

'ELECTRONIC SEARCH. In the context of e-Discovery, the ability to access all litigation documents in searchable electronic form and use selected keywords to find applicable documents for further review.

EPAPER. An electronic version of a document, usually in a PDF or TIFF file format.

KEYWORD SEARCH. The process of examining electronic documents in a collection or system by matching a keyword or keywords with instances in the various documents.

CLAIMANT/PLAINTIFF is Samuel Green.

CLIENT, INSURED OR DEFENDANTS is AMF Bowling, Inc.

OCCURRENCE DATE   June 5, 2016.

CLAIM OR CLAIM NUMBER  refers to your claim number 2A692202733830

DATE RANGE FOR RESPONSE:   June 5, 2016 through July 28, 2020

## DOCUMENTS REQUESTED

Consistent with the aforementioned instructions and definitions, produce documents or electronically stored information sufficient to identify all documents in your possession pertaining the claim of Samuel Green, with respect to the following:

1. All non-privileged documents, in your possession, regarding your claim number 2A692202733830;

2. The entire claims and investigation file or files including but not limited to daily activity sheets, diary sheets, and status sheets of any insurance adjuster and/or risk employee/manager, internal memoranda regarding this claim created, sent and/or received by any insurance adjuster or other adjuster, risk employee/manager and/or by the Defendant(s) or an agent/employee of the Defendant(s), communications to and from all insurance carriers, parties, Defendant(s), or potential parties, request(s) for investigation, and/or reports/findings of investigators, both in-house and/or independent and/or all insurance policies of the Defendant(s), **EXCLUDING REFERENCES TO MENTAL IMPRESSIONS, CONCLUSIONS, OR OPINIONS REPRESENTING THE VALUE OR MERIT OF THE CLAIM OR DEFENSE OR RESPECTING STRATEGY OR TACTICS AND PRIVILEGED COMMUNICATIONS FROM COUNSEL**.

3. All statements and communications of any and all witnesses including any and all statements of Plaintiff(s) and Defendant(s), including taped recordings, whether transcribed or not, as well as all written statements, **EXCLUDING REFERENCES TO MENTAL IMPRESSIONS, CONCLUSIONS, OR OPINIONS REPRESENTING THE VALUE OR MERIT OF THE CLAIM OR DEFENSE OR RESPECTING STRATEGY OR TACTICS AND PRIVILEGED COMMUNICATIONS FROM COUNSEL.**

4. Copies of any and all photographs, diagrams, drawings, charts, models, movie films or video-tapes which relate, refer or pertain to Plaintiff(s), any other party to this action, the incident site and/or any instrumentality involved in the incident described in Plaintiff(s) Complaint, **EXCLUDING REFERENCES TO MENTAL IMPRESSIONS,**

**CONCLUSIONS, OR OPINIONS REPRESENTING THE VALUE OR MERIT OF THE CLAIM OR DEFENSE OR RESPECTING STRATEGY OR TACTICS AND PRIVILEGED COMMUNICATIONS FROM COUNSEL.**

5. Any and all documents of any nature whatsoever which refer in any way to the incident described in Plaintiff(s) Complaint and/or the facts or circumstances leading up to and following said incident, **EXCLUDING REFERENCES TO MENTAL IMPRESSIONS, CONCLUSIONS, OR OPINIONS REPRESENTING THE VALUE OR MERIT OF THE CLAIM OR DEFENSE OR RESPECTING STRATEGY OR TACTICS AND PRIVILEGED COMMUNICATIONS FROM COUNSEL.**

6. Any and/or all documents or communications of any nature whatsoever which relate, refer or pertain to Plaintiff(s), any other party to this action, the incident, incident site and/or any instrumentality involved in the incident described in Plaintiff(s) Complaint, **EXCLUDING REFERENCES TO MENTAL IMPRESSIONS, CONCLUSIONS, OR OPINIONS REPRESENTING THE VALUE OR MERIT OF THE CLAIM OR DEFENSE OR RESPECTING STRATEGY OR TACTICS AND PRIVILEGED COMMUNICATIONS FROM COUNSEL.**

7. Copies of ALL polices and/or procedures IN YOUR POSSESSION with respect to safety from your insured in effect on June 5, 2016.

8. Copies of all manuals IN YOUR POSSESSION for your insureds employees from 2015-2016.

9. If any surveillance has been undertaken by or on behalf of AMF, produce a copy of all reports, photographs, communications, video and anything else generated through that investigation regarding this claim.

10. Copies of any and all insurance policies and related documents, IN YOUR POSSESSION including the declaration pages, effective on June 5, 2016, with respect to your insured or client. This request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, medical-payments coverage, and documents regarding reservation of rights for the same.

11. Produce all email communications with respect to this claim in its "Native Format" **"EXCLUDING REFERENCES TO MENTAL IMPRESSIONS, CONCLUSIONS, OR OPINIONS REPRESENTING THE VALUE OR MERIT OF THE CLAIM OR DEFENSE OR RESPECTING STRATEGY OR TACTICS AND PRIVILEGED COMMUNICATIONS FROM COUNSEL"**.

12. Produce a privilege log of all communications, documents or esi you alleged to be privileged.

13. Provide the attached certification of business records.

# CERTIFICATION OF AUTHENTICITY OF BUSINESS RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902

I,_____, in my position as _____ for **ESIS, INC.,** hereby attest under the penalties of perjury (or criminal punishment for false statement or false attestation) the following:

1) I am over 18 years of age.
1) That I am a custodian of records for ESIS.
2) In my position, I am responsible for conducting computer forensic investigations and providing electronic discovery and litigation support, including, responding to subpoenas.
3) I have extensive experience in the identification, preservation, retrieval, analysis and documentation of computer-related information, in support of ongoing litigation matters.
4) I certify that the contents of the attached documents were generated from our electronic case management systems.
5) I state that each of the records attached hereto is the original record or true duplicate of the original record in the custody of ESIS.
6) I am the custodian of the attached records consisting of _____pages.
7) I hereby certify that the records provided in response to the subpoena issued by Attorney Jessie Lyons Crawford were made at or near the time of the date set forth in the records.
8) These records were kept and made in the ordinary course of the regularly conducted business activity as a regular practice of ESIS.
9) Such records were made by ESIS as a regular practice.

I further certify that I am a person with knowledge of those matters and I declare under penalty of perjury that the foregoing is true and correct.

*Date: _____* _____
*Signature*

_____
*Print Full Name*

_____
*Daytime Phone Number*

_____
*Print Full Title*
**ESIS, INC.**