## IN THE UNITED STATES DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| **SAMUEL GREEN** | * | |
| **Plaintiff,** | * | |
| v. | * | Case No. 1:19-cv-01410-ELH |
| **AMF BOWLING CENTERS, INC.** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>DEFENDANT AMF BOWLING CENTERS, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Defendant, AMF Bowling Centers, Inc., by and through its undersigned counsel, in response to Plaintiff's Request for Production of Documents, states:

## GENERAL OBJECTIONS

1. Defendant objects to the requests that seek documents protected from disclosure by attorney-client, work product, or other applicable privilege, and Defendant declines to produce such documents.

2. Defendant objects to the requests that require Defendant to produce documents over and above those required to be produced pursuant to the Federal Rules of Civil Procedure.

3. Defendant objects to the requests that would require Defendant to produce documents and/or provide information beyond Defendant's custody or control.

4. Defendant objects to each request that seeks disclosure of information which is confidential, contains trade secrets or is otherwise proprietary business or commercial information.

5. Defendant objects to the requests to the extent that they create an undue burden to providing documents that are readily ascertainable from the records of Plaintiff, and which are not readily available to Defendant.

6. Defendant objects to the requests to the extent that they are vague, ambiguous, overly broad, or fail to identify with sufficient particularity the documents requested.

7. Defendant reserves the right to object to the admissibility at trial of any documents produced in response to Plaintiff's requests on the basis of relevance, materiality, privilege, or other grounds.

941782v.2

8. Defendant objects to each request that calls for any information prepared in anticipation of litigation or for trial without the showing by Plaintiff required by the Federal Rules of Civil Procedure.

9. Defendant objects to each request that calls for any information reflecting the mental impressions, conclusions, analysis, opinions or legal theories of any attorney or representative of Defendant.

10. Defendant objects to each request that seeks materials protected from disclosure by the work product privilege.

11. Defendant objects to each request to the extent that it (a) is unreasonably cumulative or duplicative; (b) seeks materials obtainable from some other source that is more convenient, less burdensome, or less expensive; (c) is vague, overbroad, or unduly burdensome; (d) seeks impeachment material and/or information; or (e) otherwise constitutes abusive discovery under the applicable rules.

12. Defendant objects to these requests for production to the extent they seek information which is not relevant to any party's claims or defenses.

13. Defendant objects to the requests to the extent that they seek information that is not proportional to the needs of the case, unbalanced against the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and where the burden or expense of the discovery outweighs its likely benefit.

14. Defendant objects to the Plaintiff's discovery to the extent that it asserts and/or assumes unproven conclusions are established facts. Defendant's responses are not intended to be, and shall not be construed as, an agreement or concurrence with Plaintiff's characterization of any facts or circumstances contained in these requests.

15. Defendant reserves the right to correct or supplement its responses to the extent that further documents and information are obtained through additional investigation or discovery.

16. The foregoing General Objections are hereby incorporated into each and all of the responses hereinafter provided (as well as any supplements or amendments thereto).

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** The entire claims and investigation file or files including but not limited to daily activity sheets, diary sheets, and status sheets of any insurance adjuster and/or risk employee/manager, internal memoranda regarding this claim created, sent and/or received by any insurance adjuster or other adjuster, risk employee/manager and/or by the Defendant(s) or an agent/employee of the Defendant(s), communications to and from all insurance carriers, parties, Defendant(s), or potential parties, request(s) for investigation, and/or reports/findings of investigators, both in-house and/or independent and/or all insurance policies of the Defendant(s), excluding references to mental impressions, conclusions, or opinions representing the value or

2

merit of the claim or defense or respecting strategy or tactics and privileged communications from counsel.

**RESPONSE TO REQUEST NO. 1:** **Defendant states that it is self-insured for this occurrence up to $500,000. Defendant states that it referred this matter to its insurer, which assigned it to a third party claims administrator, ESIS, in response to a letter of representation from Plaintiff's counsel dated June 27, 2016, which was less than one month after the subject occurrence. Defendant states that the ESIS claim file is privileged and that it was created in anticipation of litigation, and in response to a notice of a claim by Plaintiff Green through his counsel. Without waiving any such privilege, Defendant is willing to produce certain portions of this claim file, including the Incident Report of the subject occurrence, the video of the occurrence, and pre-suit written communications between Plaintiff's counsel and representatives of ESIS.**

**REQUEST NO. 2:** All statements and communications of any and all witnesses including any and all statements of Plaintiff(s) and Defendant(s), including taped recordings, whether transcribed or not, as well as all written statements.

**RESPONSE TO REQUEST NO. 2:** **Defendant is producing herewith the Incident Report and video footage of the occurrence. Defendant is not in possession of any statements by the Plaintiff or any bystander witnesses as this term is understood.**

**REQUEST NO. 3:** Any and all documents and communications containing the name, home and business address and qualifications of all persons who have been retained or specially employed by Defendant(s) in anticipation of litigation or preparation for trial and who are not expected to be called as witnesses at trial or as to whom no such decision has yet been made, and attach any documents or communications received from said person(s). If there are no documents or communications, then the name of said person(s) as well as their home and business addresses should be provided.

**RESPONSE TO REQUEST NO. 3:** **Defendant will identify expert witnesses in accordance with the Scheduling Order.**

**REQUEST NO. 4:** Any and all documents and communications containing the name and home and business addresses of all individuals contacted as potential witnesses.

3

941782v.2

RESPONSE TO REQUEST NO. 4:  **Defendant objects to the Request as invading the privilege protecting defense counsel's investigation and work product.**

REQUEST NO. 5:  Copies of any and all photographs, diagrams, drawings, charts, models, movie films or video-tapes which relate, refer or pertain to Plaintiff(s), any other party to this action, the incident site and/or any instrumentality involved in the incident described in Plaintiff(s) Complaint.

RESPONSE TO REQUEST NO. 5: **Defendant is producing herewith the Incident Report for the occurrence, which includes photographs, as well as the video footage of the occurrence.**

REQUEST NO. 6:  Any and all documents and communications substantiating any defense to Plaintiff's cause of action.

RESPONSE TO REQUEST NO. 6: **Defendant objects to this Request as vague and overbroad.  Defendant is producing herewith a number of documents which bear on its defenses to this lawsuit.**

REQUEST NO. 7:  Copies of internal memoranda, inter-office memos, facsimiles, e-mail or other documents or communications regarding this claim, made by the Defendant(s) and/or any agent and/or employee of Defendant(s), or their insurance carrier(s).

RESPONSE TO REQUEST NO. 7: **Defendant states that it is self-insured for this occurrence up to $500,000. Defendant states that it reported this claim to its insurer, which referred this matter to a third party claims administrator, ESIS, in response to a letter of representation from Plaintiff's counsel dated June 27, 2016, which was less than one month after the subject occurrence. Defendant states that the ESIS claim file is privileged and that it was created in anticipation of litigation, and in response to a notice of a claim by Plaintiff Green through his counsel.  Without waiving any such privilege, Defendant is willing to produce certain portions of this claim file, including the Incident Report of the subject occurrence, the video of the occurrence, and pre-suit written communications between Plaintiff's counsel and representatives of ESIS.**

**REQUEST NO. 8:** Any and all documents of any nature whatsoever which refer in any way to the incident described in Plaintiff(s) Complaint and/or the facts or circumstances leading up to and following said incident.

RESPONSE TO REQUEST NO. 8: **Defendant objects to this Request as vague and overbroad. Defendant is producing herewith a number of documents which bear on Plaintiff's allegations in this lawsuit.**

**REQUEST NO. 9:** Any and all documents or other tangible materials of any nature whatsoever which you plan to have marked for identification at a deposition or trial, introduce into evidence at a deposition or trial, or about which you plan to question a witness at a deposition or trial.

RESPONSE TO REQUEST NO. 9: **Defendant states that discovery and its investigation into Plaintiff's claims is ongoing, and that it has not made decisions about deposition or trial exhibits at this time. Defendant reserves the right to rely on any document exchanged in discovery in this matter at deposition and at trial.**

**REQUEST NO. 10:** Any and/or all documents or communications of any nature whatsoever which relate, refer or pertain to Plaintiff(s), any other party to this action, the incident, incident site and/or any instrumentality involved in the incident described in Plaintiff(s) Complaint.

RESPONSE TO REQUEST NO. 10: **Defendant objects to this Request as vague and overbroad. Without waiving this objection, Defendant is producing herewith the Incident Report of the subject occurrence, the video of the occurrence, and pre-suit written communications between Plaintiff's counsel and representatives of ESIS.**

**REQUEST NO. 11:** All documents and/or communications relating to any facts on the basis of which it is asserted that the conduct of the Plaintiff(s) contributed to the happenings of the alleged occurrence or to the alleged injuries or losses suffered allegedly as a result of this accident.

RESPONSE TO REQUEST NO. 11: **Defendant objects to this Request as vague and overbroad. Without waiving this objection, Defendant is producing herewith the Incident Report of the subject occurrence, the video of the occurrence, and pre-suit written communications between Plaintiff's counsel and representatives of ESIS.**

941782v.2

**REQUEST NO. 12:** Any and all documents of any nature whatsoever referred to in Defendant's(s') Answers to Plaintiff's(s') Interrogatories.

**RESPONSE TO REQUEST NO. 12: Defendant objects to this Request as vague and overbroad. Without waiving this objection, Defendant is producing herewith a number of documents bearing on its Answers to Interrogatories.**

**REQUEST NO. 13:** Copies of any video and/or photographs of the incident described in Plaintiff's complaint.

**RESPONSE TO REQUEST NO. 13: Defendant is producing herewith the Incident Report which contains photographs, as well as the video footage of the occurrence.**

**REQUEST NO. 14:** Copy of all video on June 6, 2016.

**RESPONSE TO REQUEST NO. 14: Defendant is producing herewith the video footage of the occurrence, which includes footage from a reasonable time period before and after the occurrence.**

**REQUEST NO. 15:** Copies of any polices and/or procedures with respect to safety in effect on the date of the occurrence.

**RESPONSE TO REQUEST NO. 15: Defendant objects because this Request is vague and not properly limited in time or scope. Without waiving these objections, Defendant refers Plaintiff to its Operating Standards concerning Approach Maintenance; Preventative Maintenance – Lanes & Related Equipment; Center Safety – General; and Guest Incidents.**

**REQUEST NO. 16:** Copies of all manuals for employees in effect on the date of the occurrence.

**RESPONSE TO REQUEST NO. 16: Defendant objects because this Request is vague and not properly limited in time or scope. Without waiving these objections, Defendant refers Plaintiff to its Operating Standards concerning Approach Maintenance; Preventative Maintenance – Lanes & Related Equipment; Center Safety – General; and Guest Incidents.**

**REQUEST NO. 17:** A copy of each document utilized by you in any way in responding to Plaintiff's Interrogatories to you.

**RESPONSE TO REQUEST NO. 17: Defendant objects to this Request as vague and overbroad. Without waiving this objection, Defendant is producing herewith a number of documents bearing on its Answers to Interrogatories.**

**REQUEST NO. 18:** All documents assessing preventability of and/or fault for the Subject Incident.

**RESPONSE TO REQUEST NO. 18: Defendant objects to this Request as vague and as improperly shifting the burden of proof upon Defendant. Without waiving these objections, Defendant states that it is producing herewith communications between representatives of ESIS and Plaintiff's counsel wherein ESIS asserts that the Defendant is not responsible for Plaintiff's occurrence.**

**REQUEST NO. 19:** If any surveillance has been undertaken by or on behalf of AMF, produce a copy of all reports, photographs, communications, video and anything else generated through that investigation.

**RESPONSE TO REQUEST NO. 19: Defendant is not in possession of any surveillance of the Plaintiff as that term is understood, except the video footage of the occurrence, which is being produced herewith.**

**REQUEST NO. 20:** A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than the Defendant.

**RESPONSE TO REQUEST NO. 20: Defendant refers Plaintiff to the video footage of the occurrence, which speaks for itself.**

**The video shows two AMF personnel oiling the lanes and sweep cleaning the approach between approximately 5:25-5:35 PM [video frame/files 123-134], which was approximately half an hour before the league members started arriving around 6:00 PM [video frame/file 160], and around 45 minutes before the occurrence, as depicted in the screen shot below:**



The video footage also show two female bowlers and two male bowlers successfully completing practice frames at the same lane before Plaintiff falls from around 6:11 PM through 6:19 PM [video frames/files 169-176].

The video shows Plaintiff taking one throw successfully, and then on his second throw, he appears to slide over the foul line. Plaintiff's foot goes over the foul line at 6:19:28 as seen in the below series of screen shots and in video frame/file 178:



There was a written warning to Plaintiff on the foul line stating: "SLIP HAZARD: DO NOT CROSS FOUL LINE" as depicted in the photograph below:



8

**Defendant also refers Plaintiff to video footage showing bowlers continuing to bowl after Plaintiff's fall for 90+ minutes with no remedial sweeping/mopping by AMF in between.**

**Defendant correctly and properly maintained the premises prior to the occurrence, and had no notice of any hazard prior to Plaintiff's fall. Defendant denies that it had any knowledge of any wet substance on the approach prior to Plaintiff's occurrence.**

**Defendant's investigation is continuing, but Defendant reserves the right to argue that Plaintiff's step over the foul line caused his slip and fall. Defendant also reserves the right to contend that the condition of Plaintiff's personal bowling shoes could have caused or contributed to his slip and fall.**

**REQUEST NO. 21:** Copies of any and all insurance policies and related documents, including the declaration pages, which do or may afford liability insurance coverage to Defendant with regard to Plaintiff's claims against Defendant. This request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, medical-payments coverage, and documents regarding reservation of rights for the same.

RESPONSE TO REQUEST NO. 21: **Defendant states that it is self-insured for this occurrence up to $500,000.**

**REQUEST NO. 22:** Copies of any and all documents, letters, photographs, or other items of tangible evidence not included in this request which prove, support or defend any element or relates to any claim or defense against Plaintiff.

RESPONSE TO REQUEST NO. 22: **Defendant objects to this Request as vague and overbroad. Without waiving this objection, Defendant states that it is producing a number of documents which bear on the claims and defenses of this lawsuit.**

**REQUEST NO. 23:** Copies of any and all documents evidence not included above which is relevant to any issue in this action which might lead to the production of other evidence which is admissible.

RESPONSE TO REQUEST NO. 23: **Defendant objects to this Request as vague and overbroad and failing to identify what documents it is seeking with any particularity which would allow Defendant to respond.**

941782v.2

**REQUEST NO. 24:** All documents, photographs, and drawings that depict the layout of the area in question, including documentation reflecting the layout of the area where Plaintiff fell.

RESPONSE TO REQUEST NO. 24: **Defendant states that it is producing herewith the Incident Report which contains photographs and video footage of the occurrence.**

**REQUEST NO. 25:** All documents that you receive in response to your subpoena requests to nonparties.

RESPONSE TO REQUEST NO. 25: **None in Defendant's possession. Defendant will supplement any such materials that are received in response to subpoenas.**

**REQUEST NO. 26:** Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims in this action or Defendant's defenses.

RESPONSE TO REQUEST NO. 26: **Defendant objects to this Request as vague and overbroad and failing to identify what documents it is seeking with any particularity which would allow Defendant to respond.**

**REQUEST NO. 27:** All correspondence, citations, notices or warnings from any government entity during the past five (5) years concerning any possible building, fire or safety code violations relating to the premises.

RESPONSE TO REQUEST NO. 27: **Defendant objects to this Request because it is not reasonably limited in time or scope, and is further not relevant to any claim or defense of any party since there is no allegation that there was any code violation at the subject premises as contributing to Plaintiff's occurrence.**

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER, LLP

By: *Colleen O'Brien*

Brigitte Smith (Fed. Bar No. 28426)
Brigitte.Smith@wilsonelser.com
Colleen K. O'Brien (Fed. Bar No. 29839)
colleen.obrien@wilsonelser.com
500 E. Pratt Street, Suite 600

10

941782v.2

Baltimore, MD 21202-3173
Tel. 410-962-7387
Fax. 410-962-8758
*Counsel to Defendant, AMF Bowling Centers, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on October 3, 2019, a copy of the foregoing AMF Bowling Centers, Inc.'s Answers to Plaintiff's Interrogatories were emailed and mailed, first-class, postage prepaid, to all counsel of record, as follows:

Kim Parker, Esquire
The Law Offices of Kim Parker, P. A.
Fed. Bar No.:23894
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 410-234-2612
kp@kimparkerlaw.com

Michael J. Moran
No. 1363
The Law Offices of Michael J. Moran, P.C.
3407 Eastern Boulevard-Suite A
Middle River, MD 21220
410-687-8494
Lawofficesofmikemoran@gmail.com

*Counsel for Plaintiff*

_____
Colleen K. O'Brien

941782v.2