

# THE LAW OFFICES OF
# JESSIE LYONS CRAWFORD, LLC

2601 MARYLAND AVENUE

BALTIMORE, MARYLAND 21218

OFFICE: 410-662-1230
FACSIMILE 410-662-1238

www.generalpracticelawbaltimore.com

JESSIE LYONS CRAWFORD, ESQ.
*LICENSED IN MARYLAND

August 10, 2020

**VIA ELECTRONIC MAIL**

Hon. Deborah L. Boardman, Magistrate Judge
United States District Court of Maryland
101 West Lombard Street
Chambers 3C
Baltimore, Maryland 21201

Re:   **Matter: Samuel Green vs. AMF Bowling, Inc.**
      **Our File No.: 2020-205788**
      **Case No.: 1:19-CV-01410-ELH**

Dear Judge Boardman:

Please accept this letter as a response to the defendant's August 10, 2020, correspondence regarding a purported discovery dispute as it relates to deposition scheduling. As a preliminary matter, Defendant's letter is premature for reasons stated in this correspondence and was hastily filed unnecessarily.

Defendant correctly notes that the parties have agreed to several depositions and have consented to those dates. Despite the tone of Defendant's letter, Plaintiff's counsel has made a diligent effort to clear dates consistent with the Court's July 28, 2020 order, and have provided Defense counsel ample notice of any changes. Interestingly, the tone of defense counsel's letter would have the court believe that the undersigned counsel unilaterally cancelled plaintiff deposition on the date it was scheduled without providing Defendant's ample notice. What is omitted from the premature letter is that the Defendant's counsel consented to the change based on a scheduling conflict, without objection. Moreover, with regard to Defendant's liability expert, defendant's counsel also consented to undersigned's request to reschedule the deposition, which was thirty (30) days prior to the deposition date. *See Exhibit A*. It is important to note that as of this writing, Defendant's has not provided undersigned counsel with new dates for their liability expert, despite the accusatory tone of their letter. This is regrettable.

As to the allegations of required disclosures of the physicians identified in plaintiff's expert designation, defendant erroneously asserts that plaintiff must identify which treating physicians he will call as a witness at trial in this matter. Defendant's assertions are inconsistent with Fed. Rules of Civil Procedure 26(a)(3)(a) and 26(a)(3)(b), which addresses pretrial disclosures. The foregoing was addressed with defense counsel by the court in the recent call regarding the continued discovery dispute. Plaintiff will designate which treating physicians he

*"Begin with Believing You Will Succeed "*

**THE LAW OFFICES OF**
**JESSIE LYONS CRAWFORD,** LLC



Hon. Deborah L. Boardman
August 10, 2020
Page 2

intends to call at trial consistent with the Court's pretrial order., which, as of this writing, has not been issued.

Notwithstanding the foregoing, and contemporaneous with the filing of this response, undersigned counsel has provided defense counsel with all dates for all the remaining fact witnesses we intend to call at trial, which was timely provide, and consistent with the court's order. *See Exhibit B.*

Accordingly, Defendant's allegations of prejudice lack merit and should be rejected by the court.

        Very truly yours,

        **THE LAW OFFICES OF**
        **JESSIE LYONS CRAWFORD, LLC**

        _____
        Jessie Lyons Crawford, Esq.

cc:    Kim Parker, Esquire
        Brigitte J. Smith, Esquire