IN THE UNITED STATES DISTRICT COURT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| **SAMUEL GREEN** | |
|     Plaintiff, | CIVIL CASE NO. |
| vs. | **1:19-CV-1410** |
| **AMF BOWLING, INC** | |
|     Defendant. | |

**PLAINTIFF'S MOTION TO STRIKE MATERIALS EXTRINSIC TO THE COMPLAINT FILED WITH DEFENDANT'S MOTION TO DISMISS**

NOW COMES, Plaintiff, Samuel Green, by and through his undersigned counsel, moves the Court for an Order ruling that the materials filed by the Defendant as exhibits to their Motion to Dismiss will not to be considered in adjudicating the sufficiency of Plaintiff's Second Amended Complaint, or in the alternative to strike same from the record, and for reasons state:

1. On July 22, 2020, Defendant filed its Objection to Plaintiff's Motion for Leave to File Second Amended Complaint ("SAC"), and Motion to Dismiss (the "Motion"), challenging the sufficiency of the Complaint.

2. As a preliminary matter, Plaintiff believes that the Motion is premature. The Court has not granted leave; thus, the operative complaint is Plaintiff's First Amended Complaint ("FAC"). On these grounds alone the Motion to Dismiss should be denied.

3. In support of its Motion, Defendant included the following exhibits (1) Emails between defense counsel and undersigned counsel; (2) Affidavit of Thomas Johnson (3) Policy and (4) Expert Reports. *See Record*

4. It is axiomatic that generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the

complaint and the "documents attached or incorporated into the complaint." See Zak v. Chelsea Therapeutics Intern., Ltd., 780 F.3d 597 (4th Cir. 2015)(Consideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment)(quoting E.I. du Pont de Nemours & Co., 637 F.3d at 448). This conversion is not appropriate when the parties have not had an opportunity to conduct reasonable discovery. Id.; see Fed.R.Civ.P. 12(b), 12(d), and 56.

5. Under narrow circumstances, a court may rely on extrinsic materials to determine a motion to dismiss without converting the proceeding into a motion for summary judgment. See Fed.R.Civ.P. 12(d). For example, a court may properly take judicial notice of "matters of public record" and other information that, under Federal Rule of Evidence 201, constitute "adjudicative facts." *Philips v. Pitt Cnty. Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir.2009). See also <u>Clatterbuck v. City of Charlottesville,</u> 708 F.3d 549, 557 (4th Cir. 2013 ("[C]ourts may consider relevant facts obtained from the public record, so long as these facts are construed in the light most favorable to the plaintiff along with the 509*509 well-pleaded allegations of the complaint." (internal quotation marks omitted)).

6. In the instant matter, Exhibit's presented in support of the Motion is evidence which can be disputed and is not a matter of public record. Moreover, Plaintiff SAC does not incorporate the exhibits attached in support of the Motion. Accordingly, this court cannot consider the materials extrinsic to the complaint, and therefore should either strike same, or articulate in any future decisions regarding the Defendant's motion that its has not relied on same.

WHEREFORE, Plaintiff respectfully request that this Court Strike Materials Extrinsic to the Second Amended Complaint Filed With Defendant's Motion to Dismiss, and for such other and further relief as may be deemed just and proper.

Respectfully Submitted,

*/s/ Jessie Lyons Crawford*

_____
Jessie Lyons Crawford, Esq.
Fed. Bar No.:68788
THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, Maryland 21218
O: 410-662-1230
F: 410-662-1238
E: attorneyjlcrawford@verizon.net

Kim Parker, Esq.
Fed. Bar No.:23894
THE LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
O: 410-234-2621
F: 410-234-2612
E: kp@kimparkerlaw.com

COUNSEL FOR PLAINTIFF

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that Plaintiff Motion to Strike was served this day via the Courts ECF filing system on all counsel of record.

/s/ Jessie Lyons Crawford
_____
Jessie Lyons Crawford, Esq.