

August 5, 2020                                                                                                  **Brigitte J. Smith**
410.962.7224 (direct)
Brigitte.Smith@wilsonelser.com

**<u>Sent Via E-Mail</u>**
Kim Parker, Esquire
Jessie Crawford, Esquire
Law Offices of Kim Parker, PA
2123 Maryland Avenue
Baltimore, MD 21218
kp@kimparkerlaw.com
attorneyjlcrawford@verizon.net

Re:    **Samuel Green v. AMF Bowling Centers, Inc.**
         **Case No.: 1:19-cv-01410-ELH**

Dear Counsel:

Please accept this correspondence as AMF Bowling Centers, Inc.'s second supplemental Answers to Interrogatories and Responses to Requests for Production of Document:

## Interrogatories

1. With response to your client's answers to Plaintiff interrogatory number 4, your client identified two (2) employees who allegedly oiled swept and cleaned the lanes.

    Consistent with the foregoing interrogatory, please identify these two employees, and provide contact information, to the extent that they are former employees.

Defendant produced the incident report which identifies all defendant's employees and further provided contact information for David Goldwasser and Robert Byers in Answer to Interrogatory No. 4. Defendant further supplements its Answer to Interrogatory No. 4 with Ronald Frederick, 675 Lake Drive, Westminster, MD 21158.

    **Plaintiff's Response:** Defendant's answer is still deficient. Defendant refers Plaintiff to the incident report which purports to identify all defendant's employees and contact

1



information. AMF001 identifies David Goldwasser, his address and his contact number, however, it does not identify what job function was being performed by him at the time of the occurrence. With regard to Messrs. Byer and Frederick, the answer does not provide the contact information for Mr. Beyers, nor does it provide Messrs. Byers and Fredericks respective positions and what functions they were performing at the time of the occurrence, as requested, in the interrogatory. Defendant must supplement it's responses.

**SUPPLEMENTAL RESPONSE**: Defendant is contemporaneously producing job descriptions for the employees who have already been identified, as AMF 63-____.  Defendant further states:

David Goldwasser -  Operations Manager (contact information previously provided and incorporated herein)

Anita Manion Pullium:  General Manager; Address: 2813 Diamond Ridge Rd # 301 Windsor Mill, MD 21244, (410)440-5720.

Robert Dyer: B Mechanic (contact information previously provided and incorporated herein)

Ronald Frederick: A Mechanic (contact information previously provided and incorporated herein)

> 3. With respect to Plaintiff's interrogatory number 14, Plaintiff requested the Defendant identify any previous incidents within the past 10 years. Your clients identified three incidents in the past 3 years but failed to provide anything else. Please provide ten (10) years of incidents involving falls at the premises and identify all information response.

Defendant has produced information for three years which is a reasonable time frame.  Plaintiff has not provided any basis for its overly broad request for 10 years of records, or limited the Interrogatory to any particular type of fall.  Defendant stands by its objections and response.

**Response:** Defendant's attempt to narrow the scope Plaintiff's discovery is improper. Under the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . " Fed. R. Civ. P. 26(b)(1) (emphasis added). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." ; see also *Elkins v. Broome,* No. 1:02CV305, 2004 WL 3249257, at *2 (M.D.N.C. Jan. 12, 2004). Plaintiff does not bear the burden of proving the relevance of the interrogatory question, the defendant, however, has a duty to set forth the legal basis supporting its objection. See *Kinetic Concepts, Inc. v. ConvaTec Inc*., 268 F.R.D. 226, 243–44 (M.D.N.C. 2010). Defendant's improper objection attempts to shift



the burden to the plaintiff. Moreover, defendant has not filed a motion for protective order, thus, it must respond to the interrogatory as requested.

**SUPPLEMENTAL RESPONSE**: Defendant contends that the plaintiff's interrogatory is overly broad, but in a good faith effort to resolve this dispute, Defendant states there were a total of six reported claims of falls during the period of 2006 through the date of the incident in 2016:

6/13/2009 NO INCIDENT REPORT

4/14/2011 BOWLER FELL ON APPROACH

9/28/2011 BOWLER SLIPPED AT FOUL LINE

10/07/2014 BOWLER FELL ON APPROACH

10/05/2014 BOWLER FELL BEFORE FOUL LINE

05/12/2015 BOWLER SLIPPED ON APPROACH

> 4. In Plaintiff interrogatory number 17, he requested that your client identify all written safety policies and procedures in place on June 6, 2016. Your client objected on the basis of vagueness and not properly limited in time and scope. The foregoing interrogatory seeks information within the scope of discovery. Plaintiff request that the Defendant supplement its responses accordingly.

Defendant produced the safety policies in their entirety on October 3, 2019, see AMF 42-62.
    **Response:** What Defendant provided appears to be excerpts from a safety manual, which it also appears that the defendant cherry-picked from. The interrogatory request the Defendant to identify "all" written safety policies. This is supported by Defendant's objections to Request for Production of Documents 15 and 16, where they stated that they produced "Relevant" policies. See Plaintiff's objection *infra*. The defendant does not get to determine what is relevant to Plaintiff's case. Plaintiff is entitled to information which will lead to the discovery of admissible evidence. Defendant is required to supplement.

**SUPPLEMENTAL RESPONSE:** In accordance with the Court's Letter Order dated July 28, 2020, the Defendant in producing the index of the Operations Manual.

> 5. Regarding Plaintiff's interrogatory number 22, he requested that your client state the facts upon which you rely for each affirmative defense in your answer. Your client responded that discovery is continuing. There has been a sufficient amount of time and defendants should be able to respond on each and every factual basis to support the affirmative defenses espoused in their pleadings. Please supplement your client responses with this information.



Defendant contends that discovery in this matter is ongoing and it has not had the opportunity to depose the plaintiff, who has failed to provide complete discovery responses. Defendant will supplement this response once discovery has been completed. However, in response to Answers to Interrogatory No 21 and 23, Defendant states the facts that it is relying on in support of its contentions of lack of notice, contributory negligence and assumption of the risk.

**Response:** Defendants objection is improper. As the Defendant has argued in this proceeding, this case has been pending for some time. The Defendant has raised several affirmative defenses, for which Plaintiff is entitled to ascertain the basis of such defense. Waiting to after discovery is completed is unacceptable and violates the rules respecting the discovery process. Moreover, defendant's general statement of lack of notice, contributory negligence and assumption of the risk, is likewise non-responsive. Defendant's failure to respond amounts to an willful failure to respond to discovery and has prejudiced plaintiff. Defendant must supplement its response.

**SUPPLEMENTAL RESPONSE: Defendant stands by its prior Answer and objections.**

### Request for Production of Documents

1. Regarding Plaintiff's RFPD number 7, it requested that the Defendant produce copies of internal memoranda, inter-office memos, facsimiles, e-mail or other documents or communications regarding this claim, made by the Defendant(s) and/or any agent and/or employee of Defendant(s), or their insurance carrier(s). The defendant again responded by providing unresponsive information pertaining to self-insured deductibles and asserting that the files are protected in anticipation of civil litigation. As you are aware, claims files are not privileged, in its entirety. See National Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 984 (4th Cir. 1992).("The document must be prepared because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation."). As you will note from your objection, a notice of litigation was not sent until June 27, 2016. This accident occurred on June 6, 2016; 21 days prior. At the very least, we are entitled to the claims file from June 6, 2016 until June 26, 2016. Moreover, we are entitled to a privilege log to determine what documents were created in anticipation of litigation, and which documents were created in the normal course of adjusting the claim. See also Johnson v. Ford Motor Company, No. 3: 13-cv-06529 (S.D.W. Va. June 12, 2015). Accordingly, defendant is required to supplement its responses.

Defendant produced the claims file, including the incident report, surveillance video, claims notes and correspondence with counsel on October 3, 2019. See AMF 1-41.



**Response:** The RFPD, as drafted, requested copies of internal memoranda, inter-office memos, facsimiles, e-mail or other documents or communications regarding this claim, made by the Defendant(s) and/or any agent and/or employee of Defendant(s), or their insurance carrier(s).The Defendant has not produced any substantive communications with the insurance carrier, with the exceptions of emails from the adjuster and plaintiff's counsel, which are not responsive; nor were there any communications regarding this matter with defendant's employees. AMF 004 reflects a notation that an email was sent on June 5, 2016, from AMF00336@AMF.COM. This email was not produced and would be responsive. The RFPD request "ALL" communications. If the Defendant is alleging that there are no emails, other documents, facsimiles, or other communications regarding Plaintiff's claim of injury please confirm same. Otherwise, plaintiff request the defendant supplement its response. Defendant stating that they have produced the claim file is insufficient for the reasons set forth above.

**SUPPLEMENTAL RESPONSE**: Defendant is contemporaneously producing the privilege log in accordance with the Court's Letter Order dated July 28, 2020.

> 2.      Regarding Plaintiff's RFPD number 8, plaintiff requested that the defendant produce any and all documents of any nature whatsoever which refer in any way to the incident described in Plaintiff(s) Complaint and/or the facts or circumstances leading up to and following said incident. Defendant objected that the request was vague. Plaintiff disagrees. A rudimentary review of said RFPD, places the defendant on notice as to what is being requested, and therefore not vague. See Fed. R. Civ. P. 34(b)(1)(A). Accordingly, defendant is required to supplement its response.

Defendant produced the claims file, including the incident report, surveillance video, claims notes and correspondence with counsel on October 3, 2019.  See AMF 1-41.

**Response:** See Plaintiff's supplemental objection to RFPD 7.

**SUPPLEMENTAL RESPONSE**: Defendant is contemporaneously producing the privilege log in accordance with the Court's Letter Order dated July 28, 2020.

> 3.      Regarding Plaintiff's RFPD number 10, plaintiff requested that the defendant produce Any and/or all documents or communications of any nature whatsoever which relate, refer or pertain to Plaintiff(s), any other party to this action, the incident, incident site and/or any instrumentality involved in the incident described in Plaintiff(s) Complaint. Defendant objected that the request was vague. Plaintiff disagrees. A rudimentary review of said RFPD, places the defendant on notice as to what is being

5



> requested, and therefore not vague. See Fed. R. Civ. P. 34(b)(1)(A). Accordingly, defendant is required to supplement its response.

Defendant produced the claims file, including the incident report, surveillance video, claims notes and correspondence with counsel on October 3, 2019.  See AMF 1-41.

> **Response:** See Plaintiff's supplemental objection to RFPD 7.

**SUPPLEMENTAL RESPONSE**:  Defendant is contemporaneously producing the privilege log in accordance with the Court's Letter Order dated July 28, 2020.

> 4. Regarding Plaintiff's RFPD number 15, plaintiff requested that the defendant produce copies of any polices and/or procedures with respect to safety in effect on the date of the occurrence. Defendant objected on the basis that the request is vague and not properly limited in time or scope. Defendant's characterization is incorrect. The request clearly states as of the date of the occurrence. Moreover, Defendant produced experts of policies, which appear to be from a manual, but did not produce the policies in their entirety. Plaintiff request the defendant to immediately supplement.

Defendant produced the relevant safety policies in their entirety on October 3, 2019, see AMF 42-62.

> **Response:** Defendant does not get to limit the scope of Plaintiff's request and provide "Relevant" safety policies. The request requires the Defendant to produce any polices and/or procedures with respect to safety in effect on the date of the occurrence. Defendant is required to supplement. The defendant bears the burden of persuasion respecting its objections. See *Mainstreet Collection, Inc. v. Kirkland's, Inc*., 270 F.R.D. 238, 241 (E.D.N.C. 2010). Engaging in strained constructions of reasonably-framed requests in order to avoid providing information which is seen as detrimental to the client's position is simply not permitted. *Miller v. Pruneda,* 236 F.R.D. 277 (N.D. W. Va. 2004). Defendant is required to provide "all" polices and procedures in effect at the time of the incident as requested by the Plaintiff.

**SUPPLEMENTAL RESPONSE:**  In accordance with the Court's Letter Order dated July 28, 2020, the Defendant in producing the index of the Operations Manual.

> 5. Regarding Plaintiff's RFPD number 16, plaintiff requested that the defendant produce copies of all manuals for employees in effect on the date of the occurrence. Defendant again objected on the basis that the request is vague and not properly limited in time or scope. Please see objection to RFPD 15. Plaintiff is requested to supplement.



Defendant produced the relevant safety policies in their entirety on October 3, 2019, see AMF 42-62.

> **Response:** See Plaintiff's supplemental objection to RFPD 15.

**SUPPLEMENTAL RESPONSE**:  In accordance with the Court's Letter Order dated July 28, 2020, the Defendant in producing the index of the Operations Manual.

Very truly yours,

*/s/ Brigitte J. Smith*

Brigitte J. Smith

1004784v.1