**IN THE UNITED STATES DISTRICT COURT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| SAMUEL GREEN | |
| Plaintiff, | CIVIL CASE NO. |
| vs. | **1:19-CV-1410** |
| AMF BOWLING, INC | |
| Defendant. | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT AND RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR A HEARING THERERON**

**NOW COMES,** Samuel Green, (hereinafter referred as the "Plaintiff"), by and through his undersigned counsel, and Replies in Support of his Motion to Amend the Complaint and Responds to the Motion to Dismiss and for reasons state:

**FACTS RELEVANT TO THE COMPLAINT**

The following facts can be gleaned from the proposed Second Amended Complaint ("SAC"):

On or about June 6, 2016, Plaintiff was inside the premises with friends. Soon thereafter, Plaintiff rented shoes from Defendant and was assigned lanes to bowl on. SAC¶5. On June 6, 2016, two unidentified AMF employees were observed, via CCTV, oiling and sweep cleaning the bowling lanes, approximately thirty (30) minutes prior to Plaintiff and members of his league arriving at the premises. SAC¶6. It came a time when it was Plaintiff's turn to bowl. Plaintiff walked up to the bowling surface and initiated his first bowling attempt. On his next attempt, Plaintiff took his second step in the action of bowling the next ball; he stepped forward and planted his leg, and then began stepping forward with his other leg to release the ball; however, while

1

stepping forward, his left foot slipped on an oily substance over the foul lane, resulting in a traumatic injury.  SAC¶7. As a direct result, Plaintiff suffered a Musculoligmentous injury to his thoracic spine and a contusion to Plaintiffs left hip, and other permanent injuries to his person. SAC¶8.

At all times prior to the fall, Plaintiff had no knowledge that there was an oily substance on the bowling surface, nor was he warned. Defendant had a duty to maintain the premises, including the floors and floor coverings in a reasonably safe condition and to see that these areas were free from items that could present a hazard to the business invitee. SAC¶9. Defendant was responsible for ensuring that its property was safe for all customers entering upon its premises. Defendant also had a duty to warn patrons, such as the Plaintiff of hazards. SAC¶10. The bowling lane was in the exclusive control of the Defendant and its employee's. In fact, the bowling lane was owned and operated by the Defendant on its premises. SAC¶11. Plaintiff was injured without act or omission and was not contributory negligent. SAC¶12. Evidence including videotape, photographic and the bowling lane were in the exclusive control of the Defendant and its agents. SAC¶13.

## REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT

### STANDARD OF REVIEW

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleading at any time with leave of court. The rule contemplates that leave should be freely granted when justice requires. There are exceptions, however, to this liberal standard for amendments. One such exception applies where an amendment would be futile. _Laber v. Harvey,_ 438 F.3d 404, 426 (4th Cir. 2006) (en banc). An amendment is futile if it could not survive a motion to dismiss for failure to state a claim. _Perkins v. United States_, 55 F.3d 910, 917 (4th Cir. 1995).

**ARGUMENT**

a) **The Plaintiff did not unduly delay filing his amended complaint and there is no prejudice to the Defendant**

The crux of the defendant's argument is that Plaintiff filed his Complaint 24 days before the three-year statute of limitations, and then eight months later, petitioned to file add three additional claims. To bring home their arguments, hook-line-and-sinker; Defendant's posits that plaintiff waited an additional three (3) months to provide information to Defendant regarding Plaintiff's condition, thus, created further undue delay and prejudice to Defendant.

Contrary to the arguments raised by the Defendant, Plaintiff brought his motion as promptly as possible after his expert rendered his expert opinions regarding Defendant's negligence. *See Motion to Amend.* Even *assuming arguendo*, that Plaintiff delayed filing his Motion to Amend, which he did not, [D]elay alone is insufficient reason to deny leave to amend. The delay must be accompanied by prejudice, bad faith, or futility. See *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986)).

A rudimentary review of the complaint demonstrates that the facts and circumstances given rise to the SAC does not change significantly, thus, the defendant was on notice that additional claims could be brought during the course of discovery. In addition, a further review of the facts demonstrate that the SAC adds specificity to his allegations and add three additional counts, which arise from those clarified, but unchanged facts. This Court have stated in a situation where defendants are aware of the circumstances giving rise to the action, no prejudice can be claimed." *Matrix Capital Management Fund, LP v. BearingPoint, Inc.,* 576 F.3d 172, 195 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999) (noting that merely adding specificity to allegations generally does not cause prejudice to the opposing party); *Davis v. Piper*

*Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980) ( "Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case.")).

Defendant goes on to argue its prejudice because added new legal conclusions would require the Defendant to gather and analyze additional facts. The defendant's argument amounts to purposeful hyperbole, and does not rise to the level of prejudice, because Defendant has not articulated specific facts to support their argument. In fact, Defendant's own expert, which is an exhibit[1] to its Motion to Dismiss argued against the theories espoused in Plaintiff's SAC. Thus, the Defendant could not argue in good faith that it did not have enough information to proceed on the theories alleged in Count II and III, nor could they allege prejudice to their defense of this case. To do so, would be disingenuous. There is no plausible basis for finding prejudice to the Defendant and Plaintiff's SAC would not be an exercise in futility, as will be discussed *infra*.

b) **Plaintiff's Second Amended Complaint is Not Futile.**

Defendant's final objection to the Motion to Amend, and easily refuted, is that the amendment would be futile. Defendant argues that the SAC is an exercise of futility, because, according to the Defendant, plaintiff did not allege that the oil was the basis of his fall. The Defendant's argument is without support. A rudimentary reading of the SAC demonstrates that the Plaintiff alleged the following fact:

> "It came a time when it was Plaintiff's turn to bowl. Plaintiff walked up to the bowling surface and initiated his first bowling attempt. On his next attempt, Plaintiff took his second step in the action of bowling the next ball; he stepped forward and planted his leg, and then began stepping forward with his other leg to release the ball; however, while stepping forward, **his left foot slipped on an oily substance over the foul lane**, resulting in a traumatic injury".

---

[1] Plaintiff has moved to strike this Exhibit as extrinsic material to the complaint, which is impermissible, at this stage in the litigation. See *Zak v. Chelsea Therapeutics Intern., Ltd*., 780 F.3d 597 (4th Cir. 2015).

*SAC ¶7*

It appears that the Defendant is also arguing that Plaintiff should have been more specific, i.e., " *he fell 12 inches within the foul line*", etc., which also lacks legal support. Plaintiff is  only required to set forth a plain statement that would entitle him to relief, which he has done.

Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: "[A] district court may deny leave if amending the complaint would be futile — that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir.2008) (internal quotation marks omitted). Defendant has failed to demonstrate futility with any level of specificity; thus, this court should overrule their objection to Plaintiff's Motion to Amend, and accept same for filing.

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS

### STANDARD OF REVIEW

At the outset, dismissal under Rule 12 is "merely a decision on the pleadings. For that reason, such motions are granted sparingly and with caution." See *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 511 F.2d 678, 680 (4th Cir. 1975) rev'd on other grounds, 425 U.S. 738, 96 S. Ct. 1848, 48 L. Ed. 2d 338 (U.S.N.C. 1976). "Dismissal under Rule 12(b)(6) is appropriate only if a plaintiff fails to state a claim that is plausible on its face." *Owens v. Baltimore City State's Attorney's Office*, 767 F. 3d 379, 396 (4th Cir. 2014).

When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (―Rule 12(b)(6)‖), the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of pleader. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Integral to the policy regarding notice pleading is the ―liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. *Conley* at 49. ―Well pleaded factual allegations contained in the complaint are assumed to be true even if they are doubtful in fact. *Sher v. SAF Financial, Inc*., 2011 WL 1807697 (D. Md.) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)(internal quotations omitted).If the plaintiff ―pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged‖ then the claim has ―facial plausibility. *Ashcroft v. Iqbal, U.S.* , (2009).

## ARGUMENT

**c) <u>The Defendant's Motion to Dismiss is Premature and Should be Denied.</u>**

As a preliminary matter, Plaintiff believes and therefore avers that the Defendant's Motion is premature. The Court has not granted leave; thus, the operative complaint is Plaintiff's First Amended Complaint ("FAC"). On these grounds alone the Motion to Dismiss should be denied, because the SAC is not properly before this Court.  Notwithstanding the foregoing, Plaintiff has answered the remaining Motion to Dismiss, out of an abundance of caution.

**d) <u>Plaintiff has stated a claim for Negligent Construction and Design and Products Liability.</u>**

**a) Negligent Design**

The Defendant has moved to dismiss plaintiff's meritorious complaint, because, they argue, at this stage in the litigation, Plaintiff cannot state a claim for Negligent Construction and Design of the premises.

The factual allegations of the Complaint, which the court must view in a light most favorable to Plaintiff, was that the Defendant was negligent when they designed the bowling alley and lanes

in a manner that did not keep the public safety in mind. Specifically, Defendant did not placed the foul line in such a manner on the lane, that when its employees oiled the lane, oil can inadvertently cover part of the foul line, resulting in injuries to business invitees, such as the Plaintiff. See SAC ¶21. In addition, that Defendant breached that duty because they knew or had good reason to know that design of the premises was inherently unsafe and exposed individuals to significant harm. SAC¶22. The Plaintiff also alleged that he suffered harm based on the negligent construction and design SAC¶24, and that such negligent and design was the proximate cause of his injuries. SAC¶25:26. Accordingly, Defendant had a duty to exercise reasonable care in designing the bowling lane that was safe for all reasonably foreseeable uses. *See Fischbach*, 632 F.2d at 1127. See also § 388 of the Restatement of Torts.

The injured party must allege "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." Doe v. Pharmacia & Upjohn Co., Inc., 388 Md. 407, 414, 879 A.2d 1088, 1092 (2005); Dehn v. Edgecombe, 384 Md. 606, 619, 865 A.2d 603, 611 (2005); Horridge v. St. Mary's County Dept. of Soc. Services, 382 Md. 170, 182, 854 A.2d 1232, 1238 (2004); Patton v. USA Rugby, 381 Md. 627, 635-36, 851 A.2d 566, 570 (2004).

The SAC states sufficient facts to support the claim for Negligent Construction and Design, at least at the pleadings stages of this litigation, and thus, this court must deny the motion to dismiss in this regard, and allow plaintiff continued discovery to meet his burden.

b) **Product Liability**

A product may be defective in three different ways. It may be defective (a) in manufacture, (b) in design, or (c) by failing to have adequate warnings or instructions — the absence of which

is deemed to leave the product defective. _Phipps v General Motors_, 278 Md. at 344, 363 A.2d at

958; _Ziegler v. Kawasaki Heavy Indus., Ltd.,_ 74 Md. App. 613, 539 A.2d 701, cert. denied, 313

Md. 32, 542 A.2d 858 (1988); _Shreve v. Sears, Roebuck & Co._, 166 F. Supp. 2d 378, 406-07 (D.

Md. 2001).

In Maryland, the existence of a defect may be established through (1) "direct proof based on

the nature of the accident and the product involved"; (2) "opinion testimony of an expert witness";

or (3) "inference of a defect based on circumstantial evidence." _Fireman's Fund Ins. Co. v._

_Tecumseh Prods. C_o., 767 F.Supp.2d 549, 557 (D.Md.2011) (citing Assurance Co. of Am. v. York

Int'l, Inc., 305 Fed.Appx. 916, 921 (4th Cir.2008)).

The complaint at pleadings stage alleges that the bowling lane was a defective condition

SAC¶28. That the bowling lane was unreasonably dangerous. SAC¶29. That the Plaintiff suffered

personal injury as a direct result. SAC¶30.  Unlike Summary Judgment, where the addition of any

facts that provide proof of a defect beyond that of conjecture or speculation would be required to

defeat it, plaintiff is only required to plead a short and plain statement entitling him to relief. He

has done so in this instance, which is sufficient as a matter of law to allow his claims to move

forward.

As the Defendant admitted in their motion, Plaintiff has already obtained expert opinions

which support that the claims made that the premises were both inherently dangerous, and

negligently designed. _See_ Exhibit Expert Report to Motion to Amend Complaint, see also page 10

of Defendant's Motion. At this stage in the litigation, Defendant cannot rely on extrinsic material

not relied upon in the SAC to support its motion, such as a counter-expert opinion which is subject

to evidentiary attack. Plaintiff is therefore entitled to prove each and every element of his case

through discovery prior to the court dismissing this matter on the pleadings, *less justice triumph*. The court should deny the motion to dismiss as to Count II and III of the SAC.

### e) **Plaintiff has stated a claim for Gross Negligence**

The Defendant argues that Plaintiff has not plead sufficient facts to demonstrate that they have committed Gross Negligence, thus, according to Defendant the court should dismiss this count. It is axiomatic that this court must view Defendant's motion in a light most favorable to the Plaintiff. The facts plead are sufficient to entitled plaintiff to the relief sought, at this juncture. It is also important to note that discovery expires November 2, 2020, thus, the Defendant's Motion to Dismiss is premature.

Under Maryland law, gross negligence entails "an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and [it] also implies a thoughtless disregard of the consequences without an exertion of any effort to avoid them." *Brooks v. Jenkins*, 220 Md. App. 444, 459, 104 A.3d 899 (Md. Ct. Spec. App. 2014) See also *Marriott Co. v. Potomac Telephone Co. of Maryland*, 124 Md. App. 463, 478, 723 A.2d 454, 462 (1998).

Gross negligence is "something more than simply negligence and likely more akin to reckless conduct." *Barbre,* 935 A.2d at 717. Under this standard, courts have found gross negligence adequately pled in cases in which a plaintiff has alleged that a defendant has displayed utter indifference or thoughtless disregard to the rights of others by failing to take certain actions to address warning signs that arguably would have prevented the harm. See *Proctor v Metro. Money Store Corp.,* 645 F. Supp. 2d 464, 490 (D. Md. 2009) (finding that complaint that "outlined numerous irregularities" in the settlement and title documents that defendant had a duty to review, as well as in the manner in which money was transferred" adequately pled gross negligent); *Doe*

*v. Bd. Of Educ. Of Prince George's Cnty*., 888 F. Supp. 2d 659, 669-70 (D. Md. 2012) (finding

that allegations that defendant school district was aware that a classmate repeatedly engaged in

sexual harassment of the plaintiff, refused to act in response to the plaintiff's complaints, and

assigned the classmate to the plaintiff's classroom the following school year stated a cognizable

claim for gross negligence).

Like the factual allegations in the above cited cases, the Amended Complaint adequately

alleges the necessary facts supporting claims asserting gross negligence. Plaintiff properly pled

that the Defendants were aware of the dangerous condition, because other patrons had been injured

and Defendant acted recklessly. See SAC ¶15, 20, 21, 29, 32 and 33. These allegations provide the

necessary specificity to satisfy the threshold necessary to adequately plead gross negligence, at

least at the pleading stage of this litigation. In addition, in Defendant's supplemental discovery

responses, they admitted, almost one (1) year since discovery was propounded, that they had

multiple injuries similar in nature to Plaintiff. Specifically:

Interrogatory Number 14. Identify any previous or subsequent incidents of which you are
aware that occurred in substantially the same manner as the incident complained of in this lawsuit,
or which also occurred at the Premises, including a description of all premise liability claims made
involving this property over the last 10 years.

**Supplemental Response**: Defendant contends that the plaintiff's interrogatory is overly broad,
but in a good faith effort to resolve this dispute, Defendant states there were a total of six reported
claims of falls during the period of 2006 through the date of the incident in 2016:

6/13/2009 NO INCIDENT REPORT
4/14/2011 BOWLER FELL ON APPROACH
9/28/2011 BOWLER SLIPPED AT FOUL LINE
10/07/2014 BOWLER FELL ON APPROACH
10/05/2014 BOWLER FELL BEFORE FOUL LINE
05/12/2015 BOWLER SLIPPED ON APPROACH

*See Exhibit__A__page 3_*

Defendant's failures to properly address hazards supports a basis for gross negligence. See

*Great Northern Ins. Co. v. Recall Total Information Management, Inc.*, 2014 WL 3845891 at \*4-

5 (D. Md. Aug. 1, 2014) (finding that the plaintiff's allegations that the defendant failed to properly

address a hazardous condition which posed a "substantial risk" to life and property met the

pleading standard for gross negligence). Considering the facts in a light most favorable to Plaintiff,

dismissal would be inappropriate at this time. Plaintiff should be permitted to continue to conduct

discovery to explore the substance of the very facts disputed by the Defendant in their motion.

    f) <u>**Defendant's Motion to Dismiss Plaintiff's Meritorious Complaint Based on Failure to Prosecute Is Without Merit and Was Proffer to the Court in Bad Faith**</u>

Finally, as will be discussed *infra*, Plaintiff has been diligent in his prosecution of this case,

despite the Defendant's self-serving mischaracterizations. The Defendant's motion seems rooted

not in prejudice, but instead a desire to avoid the case being tried on its merits. Perhaps predictably,

Defendant's motion (behind the safety of a keyboard, *sans* any evidence of even meaningful

allegation), is that, according to them, Plaintiff's has not been diligent prosecuting his case,

because:

   i.    Plaintiff filed his complaint twenty (24) days before the statute of limitation;
   ii.    Plaintiff seeks to amend his second amended complaint eight months after he filed suit;
  iii.    Plaintiff case was stayed because of a serious medical condition; and
   iv.    Plaintiff's counsel did not respond to numerous communications from defendant's counsel (from April 2020 to June 2020), despite a national pandemic, resulting in the closures of the court, and stay at home orders.

Furthermore, Defendant argues, that in light of these purported failures, Defendant's have

expended time and resources in trying to move this case forward. The reality is much less

sensational.

***First***, Defendant has stated no legal basis why Plaintiff filing his complaint twenty (24) days

before the statue of limitations was dilatory. Interestingly, the Defendant has not provided any case

law in support of such assertions. ***Secondly***, without question leave should be freely given to amend a complaint, as justice may require, thus, Plaintiff was well within his right to file a Second Amended Complaint. The Defendant has presented no case law to support the notation that filing an Amended Complaint, eight months after the case was filed merits dismissal, especially in light of the fact that the Defendant has been dilatory in providing discovery, and submitting itself to depositions. ***Thirdly,*** Defendant fails to present case law to support dismissal in a case where a Plaintiff was severely ill and unable to participate in his case, and where the court, within its authority, granted a temporary stay of the case.   ***Fourthly***, the Defendant fails to present any case law, or cognizable argument, to support dismissal of a meritorious complaint, when a case was stayed, and Plaintiff's counsel did not respond to "two or three" communications from defense counsel during a national pandemic, wherein, the President of the United States of America, and the Governor of Maryland, placed a stay at home order on all citizens, and where this court had also stayed all matters until June 5, 2020 (See Standing Order 2020-07).

Plaintiff, like Defendant, was also not able to find any such legal authority supporting the arguments to dismiss Plaintiff's meritorious complaint based on the facts espoused by the Defendant in their Motion. Moreover, Plaintiff has been unable to find [a]ny legal authority to demonstrate, under the facts and circumstances described herein, that such matters rises to the level of prejudice to a defendant.

In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider the following factors: (1) the degree of plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of plaintiff in proceeding in a dilatory manner; and (4) the existence of less drastic sanctions other than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). As has been demonstrated *supra*, Defendant has not carried its burden

to demonstrate that the Plaintiff failed to prosecute his meritorious complaint, that it was prejudice, and that there has been a history of proceeding in a dilatory manner. In fact, contrary to the Defendant's assertions, the record demonstrates that it was the Defendant and its counsel, who, during the course of this litigation, has been dilatory (See record), which resulted in several discovery disputes, and assignment to a Magistrate Judge for resolution of those disputes. Specifically, the Defendant was derelict of its duties by failing to provide complete discovery responses, failing to provide documents as requested, raising frivolous boilerplate objections, engaging in a strategy of stratagem, and failing to provide essential documents until almost one (1) year after discovery was propounded, which was an attempt to prejudice Plaintiff's case.

The court should therefore deny the Defendant's Motion to Dismiss for lack of prosecution, which was brought to the court without meaningful discussion, and was proffered without meaningful support.

WHEREFORE, this Honorable Court should grant Plaintiff leave to file his Second Amended Complaint, Deny the Defendant's Motion to Dismiss, and for such other and further relief as may be deemed just and proper.

Respectfully Submitted,

*/s/ Jessie Lyons Crawford*

Jessie Lyons Crawford, Esq.
Fed. Bar No.:68788
THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, Maryland 21218
O: 410-662-1230
F: 410-662-1238
E: attorneyjlcrawford@verizon.net

Kim Parker, Esq.
Fed. Bar No.:23894
THE LAW OFFICES OF KIM PARKER, P.A.

2123 Maryland Avenue
Baltimore, Maryland 21218
O: 410-234-2621
F: 410-234-2612
E: kp@kimparkerlaw.com

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that Plaintiff Reply and Response was served this day via the Courts

ECF filing system on all counsel of record.

/s/ Jessie Lyons Crawford
_____
Jessie Lyons Crawford, Esq.