IN THE UNITED STATES DISTRICT COURT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| **SAMUEL GREEN**<br><br>　　　　Plaintiff,<br>vs.<br><br>**AMF BOWLING, INC**<br><br>　　　　Defendant. | CIVIL CASE NO.<br>**1:19-CV-1410** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO NOTICE OF INTENTION TO ISSUE SUBPOENA TO ESIS, INC.**

**NOW COMES,** Samuel Green, (hereinafter referred as the "Plaintiff"), by and through his undersigned counsel, and responds to the Defendant's Objection to Plaintiff's Notice of Intention to Issue Subpoena to ESIS, Inc. ("ESIS"), and for reasons state:

1.　On July 30, 2020, Plaintiff filed his Notice of Intention to Issue Subpoena's to ESIS, Inc.; the Defendant's Third-Party Administrator ("TPA").

2.　The Subpoena was narrowly crafted and requested copies of non-privileged documents and highlighted the same in "bold" font.

3.　The Defendant's Objection followed. The crux of the objection is that the Subpoena will seek information protected by the attorney-work product, attorney privilege or was prepared in anticipation of civil litigation. A rudimentary review of the Subpoena clearly informs ESIS that Plaintiff is not seeking those privileged documents.

4.　The Defendant correctly states that it has previously provided a privilege log. Notwithstanding, the privilege log was woefully deficient inasmuch as it composed of 57 pages of duplicate entries, which is the subject of continued discovery disputes between the parties. *Exhibit A.*

1

5. **Attorney Client Privilege**-It is axiomatic that the attorney-client privilege is governed by state law. Fed. R. Evid. 501; *Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 107 n.5 (4th Cir. 1995). In the instant matter, the Defendant has made general and specious arguments regarding privilege, without alleging more specifically why the documents requested fall into the confounds of the attorney-client privilege doctrine. Without waiving the foregoing arguments, to the extent that the Subpoena could be interpreted to require ESIS to provide documents protected by the attorney-client privilege, Plaintiff affirmatively state ESIS may withhold such documents from any document production.

6. **Work-Product Doctrine-** According to its website[1], ESIS provides a full range of sophisticated risk management services, including workers compensation claims handling; a broad spectrum of casualty insurance products, such as general liability, automobile liability, products liability, professional liability, and medical malpractice claims handling; and disability management. By the very nature of its role as a risk management service provider, ESIS has certain duties to investigate, evaluate, and adjust claims made by their insured; the Defendant AMF Bowling. It is without question that the creation of documents during this process is part of the ordinary course of business, and the fact that litigation may be pending or may be ensued is of no consequence. The work-product-doctrine does not apply to these documents. See *HSS Enters., LLC v. Amco Ins. Co., No*. C06-1485-JPD, 2008 WL 163669, at *4 (W.D. Wash. Jan. 14, 2008). See also *Pete Rinaldi's Fast Foods, Inc. v. Great Am. Ins. Cos.*, 123 F.R.D. 198, 202 (M.D.N.C. 1988)(finding that insurance companies investigations and evaluations of claim are not subject to work-product protection). Accordingly, to the extent that the Defendant is arguing work-product

---

[1] See http://www2.esis.com/esis-en/about/

as to all documents pertaining to the investigations, evaluations of the claims, and any documents created therefrom, their argument is without legal support and should be rejected.

The following documents requested in the Subpoena are not subject to the "ordinary" work-product privilege:

| Document Type | Description |
| --- | --- |
| Claims File | Investigation file or files including but not limited to daily activity sheets, diary sheets, and status sheets of any insurance adjuster |
| Claims Memorandums | Internal memoranda regarding this claim created, sent and/or received by any insurance adjuster or other adjuster |
| Communications | communications to and from all insurance carriers, parties, Defendant(s), or potential parties, request(s) for investigation, and/or reports/findings of investigators, both in-house and/or independent |
| Communication with third-parties | All statements and communications of any and all witnesses including any and all statements of Plaintiff(s) and Defendant(s), including taped recordings, whether transcribed or not, as well as all written statements |
| Photographs/Drawings | Copies of any and all photographs, diagrams, drawings, charts, models, movie films or video-tapes which relate, refer or pertain to Plaintiff(s), any other party to this action, the incident site and/or any instrumentality involved in the incident described in Plaintiff(s) Complaint, |
| Investigative Material | Any and all documents of any nature whatsoever which refer in any way to the incident described in Plaintiff(s) Complaint and/or the facts or circumstances leading up to and following said incident |
| Documents | Any and/or all documents or communications of any nature whatsoever which relate, refer or pertain to Plaintiff(s), any other party to this action, the incident, incident site and/or any instrumentality involved in the incident described in Plaintiff(s) Complaint |
| Policies/Procedures | Copies of ALL polices and/or procedures IN YOUR POSSESSION with respect to safety from your insured in effect on June 5, 2016. |
| Surveillance | If any surveillance has been undertaken by or on behalf of AMF, produce a copy of all reports, photographs, communications, video and anything else generated through that investigation regarding this claim. |
| Emails | Produce all email communications with respect to this claim in its "Native Format" |

WHEREFORE, Plaintiff, respectfully request that this Court overrule the Defendant's Objection, and for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ Jessie Lyons Crawford

_____

Jessie Lyons Crawford, Esq.
Fed. Bar No.:68788
THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, Maryland 21218
O: 410-662-1230
F: 410-662-1238
E: attorneyjlcrawford@verizon.net

Kim Parker, Esq.
Fed. Bar No.:23894
THE LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
O: 410-234-2621
F: 410-234-2612
E: kp@kimparkerlaw.com

COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that Plaintiff Response was served this day via the Courts ECF filing system on all counsel of record.

/s/ Jessie Lyons Crawford
_____
Jessie Lyons Crawford, Esq.