# IN THE UNITED STATES DISTRICT COURT OF MARYLAND
# NORTHERN DISTRICT

| | |
|---|---|
| SAMUEL GREEN | * |
| Plaintiff, | * |
| v. | * Case No. 1:19-cv-01410-ELH |
| AMF BOWLING CENTERS, INC. | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT AMF BOWLING CENTERS, INC.'S
## <u>OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE MATERIALS EXTRINISC TO THE COMPLAINT FILED WITH DEFENDANT'S MOTION TO DISMISS</u>

Defendant AMF Bowling Centers, Inc. ("Defendant" and/or "AMF Bowling"), by and through its undersigned counsel, WILSON ELSER MOSKOWITZ EDELMAN AND DICKER LLP, submits this Opposition to Plaintiff's Motion to Strike Materials Extrinsic to the Complaint Filed with Defendant's Motion to Dismiss and states as follows:

1. On July 20, 2020, Defendant filed its Opposition to Plaintiff's Motion to Amend Amended Complaint and, in the alternative, Motions to Dismiss for Failure to State a Claim and Failure to Prosecute. In accordance with the Court's request, on July 20, 2020, Defendant filed its Motions to Dismiss for Failure to State a Claim and Failure to Prosecute separately from its Opposition to Plaintiff's Motion to Amend Amended Complaint.

2. On August 12, Samuel Green ("Plaintiff") filed a Motion to Strike Materials Extrinsic to the Complaint Filed with Defendant's Motion to Dismiss. This motion firstly argued that Defendant's Motions to Dismiss for Failure to State a Claim and Failure to Prosecute were untimely because the Court had not yet granted leave to amend the amended complaint. Secondly, Plaintiff alleged Defendant's exhibits were extrinsic of documents attached or incorporated in the complaint.

3. As to Plaintiff's claim that Defendant's Motions to Dismiss were untimely, it is first vital to make clear that Defendant's Motions to Dismiss were arguments in the alternative to Defendant's Opposition to Plaintiff's Motion to Amend Amended Complaint. If the Court were to deny Plaintiff's Motion to Amend Amended Complaint, then Defendant's Motions to Dismiss would be moot; but if the Court were to grant Plaintiff's Motion to Amend Amended Complaint, then the Motions to Dismiss would not be premature and would be ripe for decision. Defendant was not attempting to ask the Court to rule on the Motions to Dismiss prior to deciding whether to grant Plaintiff leave to amend amended complaint, but, instead, was merely seeking to expedite the proceeding and save the Court's time by providing the Motions for ruling subsequent to the Court ruling on Plaintiff's Motion for Leave to Amend Amended Complaint. Additionally, courts have been responsive and willing to rule on motions for dismissal of complaints pending amendment prior to the court ruling on the motion to amend. *See PBA Local 183 v. Cty. of Essex*, No. CV 17-06962 (SRC), 2019 U.S. Dist. LEXIS 178140, *25 (D.N.J. Oct. 15, 2019); *see also Bank of Am. v. TemPay LLC*, No. 19CV674V, 2019 WL 9359721, at *1 (W.D.N.Y. Nov. 7, 2019).

4. As to Plaintiff's claim that Defendant's Motions utilized material extrinsic to the Complaint and the Amended Complaint, Defendant asks that if the Court finds any material that Defendant relied upon in its Motion for Dismiss under Federal Rule 12(b)(6) was extrinsic to the

complaint or amended complaint, that the Court convert the Motion to Dismiss for Failure to State a Claim to a Motion for Partial Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure where the extrinsic material could be properly considered. Defendant contends that its Motion to Dismiss for Failure to Prosecute can utilize extrinsic information and is, therefore, properly brought under Rule 41(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant respectfully requests this Honorable Court deny Plaintiff's Motion to Strike Materials Extrinsic to the Complaint Filed with Defendant's Motion to Dismiss, or in the alternative, convert the Motion to Dismiss for Failure to State a Claim to a Motion for Partial Summary Judgment and provide other such relief this Court deems necessary and proper.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER, LLP

By: __/s/ Brigitte Smith_____
Brigitte Smith (Fed. Bar No. 28426)
Brigitte.Smith@wilsonelser.com
500 E. Pratt Street, Suite 600
Baltimore, MD 21202-3173
Tel. 410-962-7387
Fax. 410-962-8758
*Counsel to Defendant, AMF Bowling Centers, Inc.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 26th day of August, 2020, a copy of the foregoing Defendant AMF Bowling Centers, Inc.'s Opposition to Plaintiff's Motion to Amend Amended Complaint and Motions to Dismiss for Failure to State a Claim and Failure to Prosecute was served via the Court's ECF filing system, to all counsel of record, as follows:

Kim Parker, Esquire
The Law Offices of Kim Parker, P. A.
Fed. Bar No.:23894
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
kp@kimparkerlaw.com

Jesse Lyons Crawford, Esquire
The Law Offices of Jessie Lyons Crawford
Fed. Bar No.: 25247
2601 Maryland Avenue
Baltimore, Maryland 21218
410-662-1230
attorneyjlcrawford@verizon.net

*Counsel for Plaintiff*

By: __/s/ Brigitte J. Smith_____
      Brigitte J. Smith