

August 27, 2020                                                               **Brigitte J. Smith**
410.962.7224 (direct)
Brigitte.Smith@wilsonelser.com

Hon. Deborah L. Boardman, Magistrate Judge
101 West Lombard Street
Chambers 3C
Baltimore, MD 21201

Re:     Samuel Green v. AMF Bowling Centers, Inc.
        Case No.: 1:19-cv-01410-ELH

Dear Judge Boardman:

     In accordance with this Court's July 20, 2020 Letter Order, the defendant, AMF Bowling Centers, Inc. (the "Defendant" or "AMF") is filing this letter regarding a discovery dispute concerning the fee of the plaintiff, Samuel Green's (the "Plaintiff"), expert, Dr. C.J. Abraham, for a deposition in the above-referenced case. Dr. Abraham is charging a flat fee of $4,500.00 for his two-hour, remote deposition, and AMF requests that the Court determine a reasonable fee for Dr. Abraham's deposition, which AMF submits is $295.00 per hour. *See* **Exhibit 1**.

     Dr. Abraham's fee is not reasonable because he is charging a flat—as opposed to hourly—fee for all depositions, which may vary in time and skill. Courts in the Fourth Circuit and throughout the country have held that experts may not charge a flat fee for depositions. *Fint v. Brayman Constr. Corp.*, No. 5:17-cv-04043, 2019 U.S. Dist. LEXIS 2239, at *5 (S.D. W. Va. Jan. 7, 2019). For instance, the United States District Court for the Southern District of West Virginia has held that "a flat fee does not comply with the intent of Rule 26(b)(4)(E)(i), which requires 'some reasonable relationship between the services rendered and the remuneration to which an expert is entitled.'" *Id.* (quoting *Anthony v. Abbott Labs.*, 106 F.R.D. 461, 464 (D.R.I. 1985)). "By its nature, a flat fee runs counter to this principle." *Id.* (quoting *Mannarino v. United States*, 218 F.R.D. 372, 375 (E.D.N.Y. 2003) and collecting cases); *see also Massasoit v. Carter*, 227 F.R.D. 264, 267 (M.D.N.C. 2005).

     This Court should find that Dr. Abraham's fee is not reasonable on the sole basis that it is a flat fee for a deposition. Even if this Court considers this issue further, Dr. Abraham's fee of $4,500.00 for a two-hour, remote deposition that requires no travel—or $2,250.00 per hour—is plainly excessive. Notably, the Plaintiff has failed to offer any justification for Dr. Abraham's excessive fee (because none exists). Indeed, when undersigned counsel inquired regarding Dr. Abraham's fee, the Plaintiff's counsel stated merely: "That is his fee." **Exhibit 2**. Significantly, courts have regularly held that similarly (as well as less) excessive flat fees are not reasonable. *See, e.g.*, *Fint*, No. 5:17-cv-04043, 2019 U.S. Dist. LEXIS 2239, at *2, *5 (holding that a $5,000.00 flat fee for a five-hour deposition was unreasonable); *Massasoit*, 227



F.R.D. at 267 (holding that $2,000.00 flat fee for deposition at expert's office was unreasonable). Therefore, Dr. Abraham's flat fee of $4,500.00 for a two-hour, remote deposition is unreasonable and must be reduced.

Courts consider several factors in determining to what amount an expert's fee should be reduced. Specifically, courts consider the following factors:

> (1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Fint*, No. 5:17-cv-04043, 2019 U.S. Dist. LEXIS 2239, at *7.

With regard to the first three factors, Dr. Abraham holds a Ph.D. and J.D. and is a "P.E. – Licensed Professional (Safety, CA)" and "P.E. – Licensed Professional Engineer (State of Mississippi." **Exhibit 3**. Dr. Abraham holds numerous certifications and "[o]ver the last 45 years . . . has created warnings and instructions for many products and protocols applied and used worldwide." *Id.* Dr. Abraham appears similarly qualified to AMF's engineering expert, Brian L. Mills, who holds a Master's of Science degree in Engineering Management from Walden University and a Bachelor's of Science degree in Mechanical Engineering from West Virginia University and is a Registered Professional Engineer in the State of Maryland. **Exhibit 4**. Mr. Mills also holds several qualifications and has twenty-five years of experience in the engineering field. *Id.* In contrast to Dr. Abraham's flat fee, however, Mr. Mills's fee for depositions is a reasonable $295.00 per hour. **Exhibit 5**. Thus, these three factors weigh heavily in favor of AMF.

With regard to the fourth factor, liability issues in this case are not particularly complex. The Plaintiff alleges that he slipped and fell on liquid when he was bowling at the bowling alley operated by AMF. Thus, this factor also weighs heavily in favor of AMF.

With regard to the last three factors, Dr. Abraham is based in Great Neck, New York, according to his CV, Mr. Mills is based in Annapolis, Maryland, and AMF has no knowledge of the amount of the fees that Dr. Abraham traditionally charges on related matters. *See* **Exhibit 3**. Taken together, the above factors weigh in favor of AMF, and AMF submits that Dr. Abraham's fee should be reduced to the same as hourly fee as Mr. Mills: $295.00 per hour.

Thank you for your attention to this matter.

Very truly yours,

*/s/ Brigitte J. Smith*

Brigitte J. Smith