**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 1, 2020

RE:   *Green v. AMF Bowling Centers, Inc.*
      Civil No.: ELH-19-1410

## **LETTER ORDER**

Dear Counsel:

This letter order memorializes our discussion during yesterday's conference call regarding the discovery disputes that the parties raised in their letters to the Court, ECF Nos. 64, 66, 67, 72, 89, 91, 92. The issues concerned plaintiff's third-party subpoena to defendant's claims administrator, defendant's objection to plaintiff's expert witness's fee to sit for a deposition, and the scope of plaintiff's 30(b)(6) deposition notice.

Plaintiff has filed a notice of intent to serve a document subpoena to ESIS, Inc., the third-party claims administrator for defendant AMF Bowling Centers, Inc. (AMF). Defendant objects to the issuance of the subpoena because AMF already has produced the documents that plaintiff seeks through the subpoena. Defense counsel explained that AMF Bowling is self-insured and that it retained ESIS as a third-party administrator to investigate plaintiff's claim. Plaintiff believes that there are additional documents in the ESIS file that AMF did not produce, such as handwritten notes taken during the investigation. Defense counsel, as an officer of the Court, has represented that she has produced the entire ESIS file subject to redactions, which are explained in a privilege log. Plaintiff has not identified any deficiencies in the privilege log. Accordingly, defendant's objection is sustained. If, after a meet and confer, plaintiff contends there are deficiencies in the privilege log, he may bring them to the Court's attention.

Defendant filed an objection to plaintiff's expert witness's deposition fee on August 27, 2020. Plaintiff shall respond to defendant's letter by September 4, 2020.

Defendant objects to the scope of plaintiff's Rule 30(b)(6) deposition notice. Because the parties have not yet met and conferred about this issue and are unable to do so before the 30(b)(6) deposition that was scheduled for September 8, 2020, the deposition will not take place that day. The parties shall meet and confer on September 8 about the scope of the 30(b)(6) deposition notice. The parties also shall discuss any deficiencies plaintiff has raised regarding defendant's responses to written discovery. If any issues remain unresolved, each party will file a position letter, not to exceed four single-spaced pages, with the Court by Friday, September 11, 2020.

During the call, counsel informed the Court that there were no other outstanding issues

with written discovery and that all of the remaining discovery disputes would be addressed during the September 8 meet and confer. Nonetheless, last night, plaintiff filed an objection to defendant's notices of third-party subpoenas to his medical providers, asserting that defendant failed to provide attachments to the subpoenas to identify the documents to be produced. ECF No. 94. Today, defendant filed three attachments, identifying documents to be produced. ECF Nos. 95–124. The parties shall address this issue as well during the September 8 meet and confer, and to the extent it is unresolved, they shall inform the Court of their positions in their letters due September 11.

Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

Very truly yours,

/s/
Deborah L. Boardman
United States Magistrate Judge