# IN THE UNITED STATES DISTRICT COURT OF MARYLAND
# BALTIMORE DIVISION

**SAMUEL GREEN**

    Plaintiff,

vs.

**AMF BOWLING, INC.**

    Defendant.

CIVIL CASE NO.
**1:19-CV-01410-ELH**

## EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

Pursuant to Rules 34(c) and 45 of the Federal Rules of Civil Procedure, and in accordance with provided Instructions and Definitions **ESIS, INC.** is directed to produce for inspection and copying certain documents or electronically stored information in your possession, custody, or control as specified in the Document Requests set forth below.

## INSTRUCTIONS

1. Electronically stored information ("ESI"), including but not limited to electronic mail, text messages, word processing files, spreadsheet files, and database files, should be produced in native format or as portable document format ("PDF") images of the original files.
2. Documents originally in paper form may be produced as PDF images.
3. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.
4. If documents or ESI are produced in native form (for ESI) or PDF form (for documents or ESI), the production should be made on CD or DVD disks.
5. For any files provided that are protected by passwords, the passwords for such files should be provided by separate correspondence.
6. Complete the enclosed form certifying the records produced in response to this subpoena.

## DEFINITIONS

"DOCUMENT" and "DOCUMENTS" mean and include any printed, typewritten, handwritten, graphic or recorded matter of whatever character including but not limited to letters, memoranda, telegrams, handwritten notes, books, periodicals, pamphlets, reports, records, studies,

papers, ledgers, account books, written statements of witnesses or persons having knowledge of relevant facts, summaries of meetings or oral communications, minutes, written agendas, catalogs and brochures, checks, check stubs, invoices, bills, statements, receipts, work orders, claims, diaries, calendars, appointment books, journals, magnetic disks, magnetic tapes, computer printouts, punch cards, E-mail or any other form of the computer readable material or retrievable data stored in any computer of computer system including carbon or photographic or other types of copies of such material.

The term "DOCUMENT" includes the definition of "WRITING" as defined in THE RULES OF Evidence. Without limiting the foregoing, the term "DOCUMENT" also includes any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

"RELATING TO" means supporting, constituting, depicting, respecting, regarding, concerning, pertaining to, referring to, stating, describing, recording, noting, reflecting, containing, embodying, memorializing, mentioning, studying, analyzing, discussing, commenting on, contradicting, specifying, listing, summarizing, reviewing, or identifying either directly or indirectly.

"YOU" and "YOUR" mean the individual or entity to whom or to which this subpoena is propounded, and anyone acting on your or its behalf, including agents, employees and contractors.

CONCEPT SEARCH. 'Concept search' in litigation refers to the search of electronic documents on the basis of ideas they contain, rather than just specific keywords. Concept searching is usually implemented by broadening a keyword-based search to include synonyms or using a thesaurus to include results related to the ideas in the search keywords, even though not directly derived from the keyword search term.

ELECTRONICALLY STORED INFORMATION' OR ESI. Files or other data that are stored on computers, file servers, disks, tape or other devices or media.

'ELECTRONIC SEARCH. In the context of e-Discovery, the ability to access all litigation documents in searchable electronic form and use selected keywords to find applicable documents for further review.

EPAPER. An electronic version of a document, usually in a PDF or TIFF file format.

KEYWORD SEARCH. The process of examining electronic documents in a collection or system by matching a keyword or keywords with instances in the various documents.

CLAIMANT/PLAINTIFF is :

**Marie Bull - Date of Incident: 05-12-2015**
**Lorri Ponsi - Date of Incident 10-07-2014**
**Bernie Smith Date of Incident 10-05-2014**

CLIENT, INSURED OR DEFENDANTS is AMF Bowling, Inc.

## DOCUMENTS REQUESTED

Consistent with the aforementioned instructions and definitions, produce documents or electronically stored information sufficient to identify all documents in your possession pertaining the claim of Marie Bull - Date of Incident: 05-12-2015, Lorri Ponsi - Date of Incident 10-07-2014, and Bernie Smith Date of Incident 10-05-2014with respect to the following:

1. The entire claims and investigation file or files including but not limited to daily activity sheets, diary sheets, and status sheets of any insurance adjuster and/or risk employee/manager, internal memoranda regarding this claim created, sent and/or received by any insurance adjuster or other adjuster, risk employee/manager and/or by the Defendant(s) or an agent/employee of the Defendant(s), communications to and from all insurance carriers, parties, Defendant(s), or potential parties, request(s) for investigation, and/or reports/findings of investigators, both in-house and/or independent and/or all insurance policies of the Defendant(s), **EXCLUDING REFERENCES TO MENTAL IMPRESSIONS, CONCLUSIONS, OR OPINIONS REPRESENTING THE VALUE OR MERIT OF THE CLAIM OR DEFENSE OR RESPECTING STRATEGY OR TACTICS AND PRIVILEGED COMMUNICATIONS FROM COUNSEL**.

2. All statements and communications of any and all witnesses including any and all statements involving the claims of the above-reference Plaintiffs and/or Claimants, including taped recordings, whether transcribed or not, as well as all written statements, **EXCLUDING REFERENCES TO MENTAL IMPRESSIONS, CONCLUSIONS, OR OPINIONS REPRESENTING THE VALUE OR MERIT OF THE CLAIM OR DEFENSE OR RESPECTING STRATEGY OR TACTICS AND PRIVILEGED COMMUNICATIONS FROM COUNSEL.**

3. Copies of any and all photographs, diagrams, drawings, charts, models, movie films or video-tapes which relate, refer or pertain the above-reference Plaintiffs and/or Claimants claims against your insured **EXCLUDING REFERENCES TO MENTAL IMPRESSIONS, CONCLUSIONS, OR OPINIONS REPRESENTING THE VALUE OR MERIT OF THE CLAIM OR DEFENSE OR RESPECTING STRATEGY OR TACTICS AND PRIVILEGED COMMUNICATIONS FROM COUNSEL.**

4. Any and all documents of any nature whatsoever which refer in any way to the claim and/or the facts or circumstances regarding the incidents involving the above-reference Plaintiffs and/or Claimants **EXCLUDING REFERENCES TO MENTAL IMPRESSIONS, CONCLUSIONS, OR OPINIONS REPRESENTING THE VALUE OR MERIT OF THE CLAIM OR DEFENSE OR RESPECTING STRATEGY OR TACTICS AND PRIVILEGED COMMUNICATIONS FROM COUNSEL.**

5. Any and/or all documents or communications of any nature whatsoever which relate, refer or pertain to the above-reference Plaintiffs and/or Claimants, the incident, incident site and/or any instrumentality involved in the incident, **EXCLUDING REFERENCES TO MENTAL IMPRESSIONS, CONCLUSIONS, OR OPINIONS REPRESENTING THE VALUE OR MERIT OF THE CLAIM OR DEFENSE OR RESPECTING STRATEGY OR TACTICS AND PRIVILEGED COMMUNICATIONS FROM COUNSEL.**

6. Produce all email communications with respect to this claim in its "Native Format" **"EXCLUDING REFERENCES TO MENTAL IMPRESSIONS, CONCLUSIONS, OR OPINIONS REPRESENTING THE VALUE OR MERIT OF THE CLAIM OR DEFENSE OR RESPECTING STRATEGY OR TACTICS AND PRIVILEGED COMMUNICATIONS FROM COUNSEL"**.

7. Loss Run from January 1, 2006 through June 8, 2016, of all **slip and fall** incidents involving your insureds locations, and specifically involving injuries, of any kind on the bowling alley. **Please also remove any information pertaining to RESERVE SETTING OR EXPENSES.** *Plaintiff only requires, The date of loss, Description of Loss, The Date Notified, Location, Claim Number, Claimant's Name and if Claim is open or closed.* **PLEASE ALSO EXCLUDE REFERENCES TO MENTAL IMPRESSIONS, CONCLUSIONS, OR OPINIONS REPRESENTING THE VALUE OR MERIT OF THE CLAIM OR DEFENSE OR RESPECTING STRATEGY OR TACTICS AND PRIVILEGED COMMUNICATIONS FROM COUNSEL"**

8. Produce a privilege log of all communications, documents or esi you alleged to be privileged.

9. Provide the attached certification of business records.