IN THE UNITED STATES DISTRICT COURT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| **SAMUEL GREEN**<br><br>　　　　Plaintiff,<br>vs.<br><br>**AMF BOWLING, INC**<br><br>　　　　Defendant. | CIVIL CASE NO.<br>**1:19-CV-1410** |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO STRIKE**

**NOW COMES,** Samuel Green, (hereinafter referred as the "Plaintiff"), by and through his undersigned counsel, and Replies to the Defendant's Opposition to Plaintiff's Motion to Strike and for reasons state:

1.　Defendant in response to Plaintiff's Motion to Strike, for the first time, characterizes its Motion to Dismiss as an "Alternative Motion". Defendant also seems to agree that its Motion to Dismiss is premature but argues that courts in *New York and New Jersey* have considered a motion to dismiss under similar circumstances. A rudimentary reading of these two cases clearly demonstrate that they are dissimilar to the instant action.

2.　It is axiomatic in this jurisdiction and many others in our jurisprudence that an Amended Complaint supersedes all other complaints and is therefore the operative complaint. See *Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) (Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint "of no effect). Until this Court grants Plaintiff's Motion to Amend the Complaint, it is Plaintiff's position that the Court could not consider Defendant's Motion to Dismiss and that it was prematurely filed.

1

3.      In the alternative, the Defendant request that this Court convert its premature Motion to a Summary Judgment without affording the Plaintiff adequate discovery. This Court should deny the Defendant's invitation to convert its premature Motion because in doing so, plaintiff would be prejudiced, because the parties are in the midst of discovery, and evidence is still be exchanged by the parties. *See Zak v. Chelsea Therapeutics Intern., Ltd.,* 780 F.3d 597 (4th Cir. 2015) and see also Fed.R.Civ.P. 12(b), 12(d), and 56.

WHEREFORE, Plaintiff respectfully request that the Plaintiff's Motion to Strike Materials Extrinsic to the Complaint be granted, and for such other and further relief as may be deemed just and proper.

Respectfully Submitted,

*/s/ Jessie Lyons Crawford*

_____

Jessie Lyons Crawford, Esq.
Fed. Bar No.:68788
THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, Maryland 21218
O: 410-662-1230
F: 410-662-1238
E: attorneyjlcrawford@verizon.net

Kim Parker, Esq.
Fed. Bar No.:23894
THE LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
O: 410-234-2621
F: 410-234-2612
E: kp@kimparkerlaw.com

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that Plaintiff Reply was served this day via the Courts ECF filing system on all counsel of record.

/s/ Jessie Lyons Crawford
_____
Jessie Lyons Crawford, Esq.