UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**DEBORAH L. BOARDMAN**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 10, 2020

RE:   *Green v. AMF Bowling Centers, Inc.*
      Civil No.: ELH-19-1410

# LETTER ORDER

Dear Counsel:

This letter order resolves the parties' dispute regarding plaintiff's expert witness's fee for his deposition, which they briefed by letters, ECF Nos. 91, 92, 126.

Plaintiff's engineering expert, Dr. C.J. Abraham, requested a $4,500 flat fee for a two-hour deposition that did not require travel. Defendant argues that this flat fee for a two-hour, remotely conducted deposition is not appropriate and that an hourly rate of $295, which its engineering expert charges, would be more appropriate.

In response, plaintiff contends that Dr. Abraham should be compensated $750 per hour for two hours of deposition time and four hours of preparation time, for a total of $4,500. Plaintiff insists that the hourly fee is reasonable in light of Dr. Abraham's education and experience. According to plaintiff,

> Dr. Abraham is a licensed Professional Engineer ("P.E."), and a Senior Member and a Diplomat in The National Academy of Forensic Engineers. Over the last 45 years, C. J. Abraham has created warnings and instructions for many products and protocols applied and used worldwide. He has consulted to major news channels, NHTSA, OSHA, NIOSH, State of California (CalTrans), Microsoft, New York Transit, Queensborough Bridge Authority, Department of Agriculture, the Federal Government, office of the United States Attorney, State Attorney General's Offices, and municipalities throughout the United States, Canada and Europe in a variety of technical areas. Dr. Abraham is also the author of over 120 publications and presentations. His current interests are in the areas of head and brain protection in sports and recreation and personal injury accidents and litigations. In addition, he is also involved in the reconstruction of all types of sports injuries in a large variety of recreational and sports activities, amusement parks, sports facilities, as well as accidents involving a variety of products and vehicles

Pl.'s Resp. 1; *see also* Abraham C.V., ECF No. 126-1. Plaintiff noted that a state court in Florida in 2007 ordered that Dr. Abraham be compensated at a rate of $750 per hour, ECF No. 126-3, and

he provided an example of another expert whose retainer contract listed a fee of $660 per hour, ECF No. 126-2.

The Federal Rules of Civil Procedure provide that the party who deposes an expert must "pay the expert a reasonable fee for time spent" answering deposition questions. Fed. R. Civ. P. 26(b)(4)(A), (E). Under the Local Rules of this Court, the fees associated with preparing the expert witness for the deposition are borne by the party who designated the expert. Loc. R. 104.11(a) (interpreting Fed. R. Civ. P. 26(b)(4)(E)); *see also* Discovery Guideline 3(a), Loc. R. App'x A ("Unless counsel agree that each party will pay its own experts, the party taking an expert witness's deposition ordinarily pays the expert's fees for the time spent in deposition and related travel."). The Local Rules further provide that the "expert may not charge an opposing party for a discovery deposition a fee at any hourly rate higher than the rate that he or she charges for the preparation of his or her report." Loc. R. 104.11(a).

"The party seeking reimbursement for the fee . . . bears the burden of establishing reasonableness." *Coulibaly v. Pompeo*, No. 14-712 (RC), 2020 WL 1536185, at *12 (D.D.C. Mar. 31, 2020) (quoting *Barnes v. Dist. of Columbia*, 272 F.R.D. 135, 137 (D.D.C. 2011)). The factors that this Court considers when determining reasonableness

> include, but are not limited to: (1) the expert's area of expertise; (2) the expert's education and training; (3) the fee being charged to the party who designated the expert; and (4) the fees ordinarily charged by the expert for non-litigation services, such as office consultations with patients or clients.

Discovery Guideline 3, Loc. R. App'x A. In *Coulibaly*, the court concluded that it was "reasonable to order payment of $6,555.00," which "represent[ed] compensation for 4.2 hours of [the expert's] time travelling to and attending the deposition (3.5 hours in deposition plus 0.7 hours travelling), plus an additional 9.6 hours for preparation, all at the rate [the expert] was charging to her client ($475/hour)." *Id.* In *Pierce v. Stapleton*, No. 18-63-H-CCL, 2020 WL 3064479, at *2 (D. Mont. June 9, 2020), the court considered the same factors and concluded that a $200 hourly fee was reasonable.

Having considered these factors, I find that a fee of $750.00 per hour is not unreasonable compensation for Dr. Abraham. Defendant is responsible for compensating him for his deposition time. Plaintiff is responsible for compensating him for the time required to prepare him for the deposition. If Dr. Abraham charges plaintiff less than $750 an hour for preparation time, defendant shall pay him the same hourly rate that he charged plaintiff.

Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

Very truly yours,

/s/
Deborah L. Boardman
United States Magistrate Judge