

September 11, 2020

**Brigitte J. Smith**
410.962.7224 (direct)
Brigitte.Smith@wilsonelser.com

Hon. Deborah L. Boardman, Magistrate Judge
101 West Lombard Street
Chambers 3C
Baltimore, MD 21201

Re:  **Samuel Green v. AMF Bowling Centers, Inc.**
     **Case No.: 1:19-cv-01410-ELH**

Dear Judge Boardman:

In accordance with this Court's September 1, 2020, the Defendant is filing this letter providing its position on the remaining discovery disputes in this matter.

Plaintiff's Notices to Issue Subpoenas

Despite Plaintiff's representation to the court that all discovery disputes would be resolved per the Court's September 1 Order, the Plaintiff filed two new Notices of Intent to Serve Subpoenas immediately after the parties' meet and confer on September 8, which seek information from ESIS, the third party administrator for Defendant, for three wholly unrelated incidents which pre-date the subject occurrence; and Zurich, for the claims file related to this incident. Plaintiff had an obligation to advise the Court of this intended filing, or at least address it with defense counsel during the meet and confer; and therefore, Defendant objects to the Notices and ask that the court strike the Notices as untimely. In accordance with Federal Rule 45, if the court does not strike the Notices, Defendant will files its Objections to the Notices on or before September 18, 2020.

Defendant's Notices to Issue Subpoenas

Plaintiff agreed to withdraw its objections to the Notices of Intent to Serve Subpoenas to plaintiff's medical providers, but maintains that the subpoenas issued to plaintiff's employers do not contain sufficient detail for plaintiff to determine what records are being sought, and therefore has refused to withdraw his objections. The plaintiff is making a lost wage claim in this matter; therefore, plaintiff's employment records are relevant and discoverable in this matter. Defendant has provided a very clear description of the records being sought for each of the employers identified by the plaintiff in his supplemental Answers to Interrogatories:

**employment application[s], disciplinary records, payroll records, discharge from employment records, claims, personnel records, W-2 & W-4 forms, correspondence or handwritten notes with regard to employment, state, local and federal tax documents, Social Security records, medical records and reports, disability claims, application forms, termination forms, records of benefits,**

1



**notes, file memoranda and/or any and all correspondence or documents regarding <u>SAMUEL THOMAS GREEN, S.R., D.O.B. 01/01/1950.</u>**

Plaintiff has no good faith basis to object to these subpoenas and defendant requests that this court overrule his objection.

<u>Scope of Notice of Corporate Designee Deposition</u>

The Plaintiff's Subpoena and Notice of Deposition to AMF include a number of areas of inquiry that are overly broad, unduly burdensome, and not relevant to any party's claim or defense. This Court should thus issue a protective order to protect AMF from the Subpoena and Notice of Deposition. A deposition of a corporate designee under Federal Rule of Civil Procedure 30(b)(6) must seek information that is relevant to claims or defenses in the case and reasonably available to the corporation. *See Stewart v. EQ Indus. Servs.*, No. 5:10-CV-177-BR, 2012 U.S. Dist. LEXIS 3283, at *5 (E.D.N.C. Jan. 11, 2012) (quoting *Coryn Group II, LLC v. O.C. Seacrets, Inc.*, 265 F.R.D. 235, 238 (D. Md. 2010)). "'[A]ny subpoena that seeks evidence that is neither relevant . . . or that is so overbroad that compliance with its demands will necessarily require production of irrelevant evidence, seeks evidence outside the scope of Rule 26(b)(1). As explained further below, at least the following enumerated areas of inquiry are overly broad, unduly burdensome, and not relevant to any party's claim or defense in this case: nos. 1, 3, 17-19, 23-27, 31, and 36:

1. The general nature of the business of AMF BOWLING its size, organization structure, and the specific nature of AMF BOWLING activities on the premises on the date of the accident which is described in Plaintiff's Complaint.

3. The specific organization of AMF BOWLING with respect to who had any operational duties at the place and time of the accident, who at the place and time of the accident had the duties of supervision, safety, inspection and maintenance of premises, and who on the date of the accident and thereafter had duties regarding the reporting of accidents and collection of data regarding any accidents on the premises. This will include, but not be limited to the chain of control and command regarding those activities of the Defendant.

OBJECTION TO NOS. 1 & 3: Numerous activities of AMF were involved in operating the bowling alley throughout the date of the slip and fall which are completely unrelated to the slip and fall and would not tend to make any fact of consequence more or less probable. Plaintiff's request would encompass all information regarding the pro shop, snack bar and lane rentals to other leagues and walk-in bowlers for an incident that occurred more than four years ago. Plaintiff has not provided any authority for his overboard request.

17. Previous and subsequent times Plaintiff was on the premises, and activities on those dates.

18. Instructions and warnings given to Plaintiff at any time regarding Plaintiff's activities on the premises.



      19.    Conversations and statements by, or to, Plaintiff regarding Plaintiff's activities, the accident, or Plaintiff's injuries.

OBJECTION TO NOS. 17-19: Plaintiff testified that he has been going to the bowling alley for years and has been engaged in competitive bowling at the subject location since at least 2015. AMF has no way of knowing about every time the Plaintiff was at the bowling alley or every instruction, warning or statement that transpired at every visit. Moreover, every visit the Plaintiff has made to the bowling alley, and any instruction, warning or statement that transpired at every visit, is unrelated to the isolated slip and fall at issue and would not tend to make any fact of consequence more or less probable.

      23.    Inspections of the premises and any items involved in the incident, during the year before the accident. What was done? Who did it? Why did they do it? When was it done? What orders or reports were made? Note: These inspections are not limited to inspections by AMF BOWLING but also include any inspections by outside persons and entities. Examples, without limiting the generality of the foregoing, are inspections by government (e.g., OSHA and building inspectors); by labor organizations; by attorneys in other lawsuits; by your general casualty, fire, or premises insurers, or inspectors hired by RITE AID [sic].

OBJECTION TO NO. 23: Every inspection of every area of the bowling alley during the entire year before the accident is not related to the slip and fall at issue and would not tend to make any fact of consequence more or less probable. For instance, inspections of the parking lot, bathrooms, or any number of other areas of the bowling alley have no relation to the slip and fall at issue and are not relevant.

      24.    AMF BOWLING system, rules and regulations for the reporting of accidents or collection of data regarding accidents on the premises, and the identity of all other accident on the premises in the period from July 30, 2010 to the present date.

OBJECTION TO NO. 24: Plaintiff is seeking information regarding all accidents that occurred on the premises for a period of ten years, which is not limited to slip/trip and falls or to the area of the bowling alley where the plaintiff fell. Defendant initially provided 3 years of information of other slip and falls on the approach of the alley, the manner in which plaintiff is claiming he fell, and then further provided an additional 7 years. Plaintiff contends he is entitled to 10 years of all accidents, regardless of the type of accident. Not only are the other incidents irrelevant to plaintiff's claims, but plaintiff is not entitled to information about any claims subsequent to his fall, which clearly have no relation to plaintiff's claim.

      25.    All inspections, after the accident and to the date of this deposition, of the premises, equipment, or processes involved in the accident.

      26.    Subsequent remedial action by AMF BOWLING regarding the type of accident.

      27.    Changes in the premises and equipment, if any, after the accident until the date of this deposition and also whether any further changes are anticipated before inspections are done by Plaintiff's attorney or expert in this litigation.

1012281v.1



OBJECTION TO NOS. 25-27: Plaintiff seeks information regarding inspections after the date of the incident, "subsequent remedial action," and "changes in the premises and equipment", which are not relevant to the facts of this case. Further, evidence of subsequent remedial measures is not admissible to prove "negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction." Fed. R. Evid. 407.

    31.    AMF BOWLING CCTV System including (a) Service Dates (b) workings of the equipment (c) perseveration and (d) retention of data on CCTV System and (e) type of equipment including make, model and manufacturer.

OBJECTION TO NO. 31: The current CCTV system was installed in 2012 and plaintiff seeks all information regarding service dates and working on the equipment for 4 or 8 years (not clear if they are seeking to present or to the date of incident), which is not relevant to his claims.

    36.    The design and construction of the bowling alley.

OBJECTION TO NO. 36: According to the Maryland State Department of Assessment and Taxation, the structure of the bowling alley now owned by AMF Bowling Centers, Inc. was built in 1960 and had title transferred several times before being purchased by AMF Bowling Center, Inc. in 1994. Plaintiff's request for information of the design and construction of the bowling alley 60 years ago is irrelevant to the plaintiff's claims of a slip and fall due to liquid on the approach.

<u>Operational Policies</u>

Defendant has agreed to produce the operational policies requested by the plaintiff in his letter of August 25, 2020 and is doing so contemporaneously with the filing of this letter.

<u>Conclusion</u>

Defendant is not aware of any other ongoing discovery disputes and has made numerous good faith efforts to resolve the disputes listed herein. The parties have conducted at least four discovery conference calls, three of which were recorded by a court reporter (the cost of which is to be shared by the parties by agreement).

Thank you for your attention to this matter.

Very truly yours,

*/s/ Brigitte J. Smith*

Brigitte J. Smith

*Counsel for Defendant*

1012281v.1