UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 23, 2020

RE: *Green v. AMF Bowling Centers, Inc.*
Civil No.: ELH-19-1410

### **LETTER ORDER**

Dear Counsel,

This letter memorializes my rulings during yesterday's conference call regarding the outstanding discovery disputes, which the parties summarized in their most recent letter briefs, ECF Nos. 131 and 132. I scheduled a follow-up call for Friday, September 25 at noon to discuss the unresolved matters. Plaintiff's counsel shall circulate call-in information.

Plaintiff filed notices of intent to issue document subpoenas to Zurich Insurance Company, defendant's excess insurance carrier, and ESIS, defendant's third-party claims administrator. ECF Nos. 127 and 128. Defendant objects to both. The Zurich subpoena generally seeks the claims file relating to this incident. Defense counsel will determine whether a Zurich claims file actually exists and will report to the Court on Friday. The ESIS subpoena seeks the claims files for three slip-and-fall incidents involving three separate individuals, each of which occurred on defendant's property one and two years before this 2016 incident. Plaintiff did not explain how these prior incidents are sufficiently similar to the incident in this case to justify disclosure of the insurance claims files for them. According to defendant, AMF Bowling disclosed these three incidents in response to an interrogatory and produced some documents regarding the incidents. None of them, however, involved slipping and falling on a wet surface in a bowling lane, as alleged in this case. Because plaintiff did not identify how the claims files for these prior, factually dissimilar incidents are relevant to a claim or a defense, I denied the request for the ESIS subpoena.

Plaintiff noticed a Rule 30(b)(6) deposition. Defendant objects to several of the topics. As we discussed on the call, Topics 1, 18, 19, 23, 24, 25, and 36 are overbroad as written. Plaintiff will attempt to rewrite them and narrow the topics to seek corporate testimony relevant to a claim or defense, which is not cumulative of information already produced. Plaintiff shall provide the Court and the defendant with a revised 30(b)(6) notice by 5 p.m. on Thursday, September 24. Plaintiff has withdrawn Topics 17 and 31. Topics 26 and 27 seek information about post-remedial measures. This information is not relevant to a claim or defense. Topics 26 and 27 are stricken from the notice.

Defendant will be deposing plaintiff's expert, Dr. Abraham, on Monday, September 28. Plaintiff was ordered to produce the expert's file by 5:00 p.m. yesterday.

Defendant confirmed that it has no additional responsive documents in its possession. It agreed to provide an affirmation to plaintiff representing as much.

On Friday's call, we will discuss any remaining issues relating to the 30(b)(6) deposition notice, defendant's request for plaintiff's employment-related documents, the Zurich subpoena, and any outstanding issues relating to the upcoming expert witness deposition.

Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

Very truly yours,

/s/
Deborah L. Boardman
United States Magistrate Judge