

# THE LAW OFFICES OF
# JESSIE LYONS CRAWFORD, LLC

2601 MARYLAND AVENUE

BALTIMORE, MARYLAND 21218

OFFICE: 410-662-1230
FACSIMILE 410-662-1238

JESSIE LYONS CRAWFORD, ESQ.
*LICENSED IN MARYLAND

September 24, 2020

**VIA ELECTRONIC MAIL**
Hon. Deborah L. Boardman, Magistrate Judge
United States District Court of Maryland
101 West Lombard Street
Chambers 3C
Baltimore, Maryland 21201

Re:   **Samuel Green vs. AMF Bowling, Inc.**
       **Case No.: 1:19-CV-01410-ELH**

Dear Judge Boardman:

In accordance with the Court Order ECF No. 134 issued September 23, 2020, Plaintiff is providing an update regarding the parties ongoing discovery disputes.

## MATTER TO BE ADDRESSED BY THE COURT ON September 25, 2020.

**Defendant's Subpoenas.**   Defendant correctly notes that Plaintiff withdrew his objections to the Notices of Intent To Serve Subpoenas to plaintiffs medical providers. Plaintiff, however, maintains that the Defendant's subpoenas directed to plaintiff current and former employers is overly broad and burdensome. Plaintiff objects to these subpoenas as it relates to the following topics *disciplinary records, discharge from employment records, correspondence or handwritten notes with regard to employment, termination forms and/or any and all correspondence or documents*. The aforementioned topics are not relevant to these proceedings, and not likely to lead to the discovery of admissible evidence. Defendant stated in its correspondence that Plaintiff was claiming loss wages, thus, they were entitled to this information. The defendant has failed to explain how the above-listed topics are relevant to information pertaining to loss wages; plaintiff would argue that it is not.

**Scope and Notice of Corporate Designee Deposition.** Defendant objected to ten (10) of Plaintiff's topics in his Notice of Deposition of alleging that the topics sought information that was not reasonably calculated to lead to the discovery of discoverable information and not relevant to Plaintiff's claims. The "burden of proof is with the party objecting to the discovery, not the requestor. See *Capital One Bank N.A. v. Hess Kennedy Chtd*., 2008 U.S. Dist. LEXIS 76385, at *4-5 (E.D. Va. Sept. 29, 2008). See *Finley v. Trent*, 955 F. Supp. 642, 648 (4th Cir. 1997); *Desrosiers v. MAG Indus. Automation Sys., LLC*, 675 F. Supp. 2d 598, 601 (D. Md. 2009) ("The burden is on the party resisting discovery to explain specifically why its objections, including those based on irrelevance, are proper given the broad and liberal construction of federal discovery



**THE LAW OFFICES OF**
**JESSIE LYONS CRAWFORD,** LLC

---

Hon. Deborah L. Boardman
September 11, 2020
Page 2

rules."); <u>Tucker v. Ohtsu Tire & Rubber Co.,</u> 191 F.R.D. 495, 498 (D. Md. 2000).

<u>**Topic 1**</u> -The general nature of the business of AMF BOWLING, organizational structure as to the location of the incident in question, the corporate structure as it relates to the organizational structure of structure of the location of the incident, and the specific nature of AMF BOWLING activities on the premises with bowling leagues on the date of the accident which is described in Plaintiff's Complaint, related policies, procedures and training.

<u>**Topic 18**</u>. Instructions and warnings given to Plaintiff as a league member at any time regarding Plaintiff 's activities on the premises on the day of the incident and previous to the day of the incident, the form of the instruction, when and how conveyed.

<u>**Topic 19**</u>. Conversations and statements by any defense employee or other witnesses directed to the Plaintiff or about the Plaintiff regarding Plaintiff's activities, the accident in question, or Plaintiff's injuries which occurred on the premises or during the investigation of the incident of June 5, 2020..

<u>**Topic 23**</u>. Inspections of the premises by a designated employee following the incident in question and the procedure by which the inspection entailed prior to the incident by 12 months and subsequent to the incident in question and the manner of inspections, procedure, safety measures of the inspection. Further, what was done? Who did it? Why did they do it? When was it done? What orders or reports were made? Note: These inspections are not limited to inspections by AMF BOWLING but also include any inspections by outside persons and entities. Examples, without limiting the generality of the foregoing, are inspections by government (e.g., OSHA and building inspectors); by labor organizations; by attorneys in other lawsuits; by your general casualty, fire, or premises insurers, or inspectors hired by the Defendant.  Inspections are relevant to these proceedings based on Plaintiff's allegations of gross negligence. To date, Defendant has provided no internal inspection reports, despite, upon information and belief that they do in fact exist. If there were inspections the subject of which may have placed AMF on notice regarding potential unsafe conditions in their facility, which would assist Plaintiff in meeting his burden. This is undoubtedly relevant to Plaintiff's claims; thus, Defendant should be ordered to produce a knowledgeable witness to discuss all internal and external inspections. In the intertest of expedience, Plaintiff will limit his questioning for the period of January 2011 through June 2015, and to the premises which is the subject of Plaintiff's complaint.

<u>**Topic 24.**</u> AMF BOWLING Corporate and the location where the incident occurred, if different, policies, guidelines, rules and regulations for the reporting of accidents or collection of data regarding accidents on the premises in question, and the identity of all other accidents on the premises in the period from July 30, 2010 to the present date.  Plaintiff has plead negligence and gross negligence as theories of recovery in this case. The aforementioned topic was narrowly drafted as to illicit information that may lead to the discovery of admissible evidence in this case, to prove indifference to the rights of invitees on its premises.  See <u>Proctor v Metro. Money Store</u>

**THE LAW OFFICES OF**
**JESSIE LYONS CRAWFORD,** LLC



Hon. Deborah L. Boardman
September 11, 2020
Page 3

*Corp*., 645 F. Supp. 2d 464, 490 (D. Md. 2009) (finding that complaint that "outlined numerous irregularities" in the settlement and title documents that defendant had a duty to review, as well as in the manner in which money was transferred" adequately pled gross negligent).

**Topic 25.** All inspections, after the accident, the person who conducted the inspection, the date of the inspection, equipment inspected as the inspections relate to the accident in question.

*Topic 36*.  The design and construction of the bowling alley, the date of construction, the construction of the floor of the lane, type of wood on the floor, the type of oil used on the floor for the bowling lane where the incident occurred. The Plaintiff's Complaint alleges negligent design and construction claims.

**Second Request for Production of Documents.** On July 30, 2020, Plaintiff propounded his Second Request for Production of Documents. Defendant's responses were due by August 30, 2020. Defendant has not provided the documents.

To date, the Defendant has not provided the Affirmation for the Amended Answers to Interrogatories.

 Thank you for your time and consideration.

                                    Very truly yours,

                                    **THE LAW OFFICES OF**
                                    **JESSIE LYONS CRAWFORD, LLC**

                                    _____
                                    Jessie Lyons Crawford, Esq.

cc:    Kim Parker, Esquire
          Brigitte J. Smith, Esquire