

# THE LAW OFFICES OF
# JESSIE LYONS CRAWFORD, LLC

2601 MARYLAND AVENUE

BALTIMORE, MARYLAND 21218

OFFICE: 410-662-1230
FACSIMILE 410-662-1238

JESSIE LYONS CRAWFORD, ESQ.
*LICENSED IN MARYLAND

September 30, 2020

<u>VIA ELECTRONIC MAIL</u>
Hon. Deborah L. Boardman, Magistrate Judge
United States District Court of Maryland

Re: **Samuel Green vs. AMF Bowling, Inc.**
**Case No.: 1:19-CV-01410-ELH**

Dear Judge Boardman:

In accordance with the Court Order ECF No. 134 issued September 23, 2020, Plaintiff is providing an update regarding the parties ongoing discovery disputes.

## I. <u>Expert</u>

Defense counsel has requested certain documentation from the Plaintiff's expert, that is, *draft reports*, *copies of draft interrogatories, cancelled check copies, scholarly publications, notes, time records, all documents furnished by them, correspondence, diaries, articles etc*. *See Exhibit 1 and 2.*

Plaintiff is under no obligation, *whatsoever*, to provide the Defense with these documents. Fed. R. Civ. P. 26(e)(1)(A), (e)(2)mandates that unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Draft expert reports are shielded from discovery under Rule 26(b)(4)(B): "Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded." Rule 26(b)(4)(C) addresses communications between an expert and attorney. Such communications "between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communication" are generally protected from disclosure except to the extent the communications: "(i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." Rule 26(a)(2)(C)(i)-(iii). Under the federal rules, then, email communications between the expert and attorney are no longer discoverable, provided the email communication does not fit within one of the three exceptions (compensation, facts or data considered, or relied-upon assumptions).

*"Begin with Believing You Will Succeed "*


None of the sections of the rules enumerated above supports the defenses assertions that they are entitled to a broad array of work-product from the Plaintiff or its expert. Moreover, the defense has not provided any legal authority supporting their request. It is evident that Defendant's request is meant to unduly burden and harass the Plaintiff and his expert, and this court should therefore deny the request in its entirety.

## II.   Expert Fees

The defendant quibbles that it should pay $350.00 per hour for the deposing Dr. Abrahams, because Plaintiff was charged $350.00 for deposition preparation, and that they are therefore prejudiced. Plaintiff's prior representations to the Court was based on his understanding and not an explanation from Dr. Abraham. Undersigned counsel now understands the Doctor's position; that is that the $750.00 per hour is for the actual deposition, not preparation. Furthermore, undersigned counsel provided a detailed explanation regarding this matter in a September 29, 2020, letter. *See Exhibit 3*. For Defense counsel to suggest that counsels for Plaintiff has mislead the court is patently false.

## III.   Scope and Notice of Corporate Designee Deposition.

During the last call with counsel for the parties, the Court requested that the Plaintiff revise his list of topics and provide same to Defendant. Plaintiff has revised the topics as follows:

***Revised Topic 1*** -The general nature of the business of AMF BOWLING, organizational structure as to the location of the incident in question, the corporate structure, the organizational structure of the facility located at 2165 York Road, Lutherville, Maryland, and the specific nature of AMF BOWLING activities on the premises with bowling leagues on the date of the accident which is described in Plaintiff's Complaint as well as any related policies, procedures and training associated with the structure with the Corporate structure and the structure at the aforementioned location.

***Revised Topic 18.*** Instructions and/or warnings given to Plaintiff as a league member at any time regarding Plaintiff 's activities on the premises on the day of the incident and previous to the day of the incident, the manner and form of the instruction or warning, when and how the instruction or warning was conveyed.

***Revised Topic 19.*** Conversations and statements by any defense employee or any other witnesses known to AMF that was directed to the Plaintiff or about the Plaintiff regarding Plaintiff's activities, including, but limited to, shoes, clothing, acknowledgement of warnings that occurred on the day of the incident and before the incident on June 5, 2016 and after the incident.

***Revised Topic 23***. For 6 months prior to the incident up to the date of the incident in question, inspections of the lane where the incident occurred by a designated employee following the incident in question, and inspection of the cleaning and oil machine, the procedure followed, the equipment used for inspection of both, the log of the inspections, the type of cleaning and oil machine and the type of floor cleaning and oil machine used on the floor on the date of the date of the incident in question. Further, what was done? Who did it? Why did they do it? When was it done? What orders or reports were made? Note: These inspections are not limited to inspections by AMF BOWLING but also include any inspections by outside persons and entities. Examples, without limiting the generality of the foregoing, are inspections by government (e.g., OSHA and building inspectors); by labor organizations; by attorneys in other lawsuits; by your general casualty, fire, or premises insurers, or inspectors hired by the Defendant.

THE LAW OFFICES OF
JESSIE LYONS CRAWFORD, LLC


Hon. Deborah L. Boardman
September 30, 2020
Page 3

***Revised Topic 24.*** As to AMF BOWLING Corporate and the location where the incident occurred, if different, policies, guidelines, rules and regulations for the reporting of accidents or collection of data regarding accidents on the premises in question, the procedures implemented and the identity of all other accidents on the premises in the period from July 30, 2010 to the present date.

***Revised Topic 25.*** All inspections, after the accident in question performed to compile the investigative report concerning the incident of July 5, 2016, the person who conducted the inspection, the date of the inspection, equipment inspected as the inspections relate to the accident in question.

***Revised Topic 36.*** The design and construction of the bowling alley, the date of construction, any renovations to the lane where the incident occurred, the type of the floor of the lane, type of wood on the floor, the type of soap and oil used on the floor for the bowling lane where the incident occurred and the name of the product and the identity of the manufacture.

Defendant's have requested that the court strike these topics, because, according to them, they are overly broad and burdensome. Plaintiff disagrees. Thank you in advance for your time and consideration. I am:

Very truly yours,

THE LAW OFFICES OF
JESSIE LYONS CRAWFORD, LLC

_____
Jessie Lyons Crawford, Esq.

cc:     Kim Parker, Esquire
        Brigitte J. Smith, Esquire