

# THE LAW OFFICES OF
# JESSIE LYONS CRAWFORD, LLC

2601 MARYLAND AVENUE

BALTIMORE, MARYLAND 21218

OFFICE: 410-662-1230
FACSIMILE 410-662-1238

www.generalpracticelawbaltimore.com

JESSIE LYONS CRAWFORD, ESQ.
*LICENSED IN MARYLAND

September 28, 2020

**VIA ELECTRONIC MAIL**
Brigitte Smith, Esquire
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
500 East Pratt Street, Suite 600
Baltimore, Maryland 21202

Re:  **Client: Samuel Green**
     **Our File No.: 2020-205788**
     **Case No.: 1:19-CV-01410-ELH**

Dear Ms. Smith:

I spoke with Dr. Abraham and he explained to me his fee. I will correct my statement to the court about his fee in my letter. My statement to the Court was based on my understanding and not an explanation from Dr. Abraham. I now understand the Doctor's position. Briefly, he explains that he has worked for your firm before and your firm paid the same amount we paid for the non-deposition/trial testimony. Your firm is not being treated differently as you have represented to the Court. I will address this further in my correspondence to the court.

Further, the Dr. explained that he does not retain any documents and that he has provided you with all that he has reviewed for his report. He also explained that as to any work product, he does not create it. Further, he has not retained any research. He does not retain copies of articles he has written. He provided you with a list of the articles he has written. I believe that all this is a matter of deposition examination. I will further address this in my letter to the Judge.

I took the liberty of performing google search for the Doctor's writing. I downloaded it and asked him if it was his writing, and his assistant confirmed that it was his writing done in 2001. I am including the article and invite you to perform a google search if you would like to obtain copies of articles. As you know, we only have two hours for preparation. It is a plethora of articles and would cause an undue burden on the expert to gather for you. I will address this in my letter as well to the Judge.

I received an e-mail from Dr. Abraham's assistant following my conference with him today and the following information was provided:

**"Dear Ms. Crawford and Ms. Parker,**
**With reference to the paper titled "A Viable Product vs. The Legal System" the defense attorneys can obtain a copy of that by referring to the Trial Lawyers Quarterly in**

**THE LAW OFFICES OF**
**JESSIE LYONS CRAWFORD,** LLC



Brigitte Smith, Esquire
September 28, 2020
Page 2

**2001. With reference to the cases reviewed, the following are a few of the hundreds reviewed on the internet that were not downloaded:**
1. **Anthony Palandro vs. AMF Bowling Centers dba. AMF East Meadow Lanes, Supreme Court of the State of New York, County of Nassau**
2. **Finnigan v. King Pin Entertainment, Inc. Massachusetts Supreme Court**
3. **Kitchen v. Ebonite Recreation Ctrs., Inc., (FLA. 5th DCA 2003).**
4. **Westerberg v. AMF Bowling Ctrs. Inc.,**
5. **Tayler v. Thunderbird Lanes, LLC.**
6. **Fariece D. Altice v. AMF Bowling Centers and AMF Bowling Worldwide, Inc., United States District Court for the District of Maryland**
7. **Shinn v. AMF Bowling Center, Inc., United States District Court, N.D. Georgia, Atlanta Division**

**The voluminous amount of cases and caselaw reviewed were not downloaded or recorded. That is a standard protocol that Dr. Abraham has followed for over 45 years for every type of case he has been involved in. "**

Please let me know if you have any other questions or need any additional information.

Turning to another matter, I reviewed the relevant law and the relevant rules and have determined that you are not entitled to documents that are the result of Dr. Abraham's consulting with me or Ms. Parker, which was not apart of his report. Thus I am objecting to providing you with copies of interrogatories (thereby withdrawing my offer to provide you a copy) or any other documents that you requested that has nothing to do with his report for the present case, but, instead, everything to do with consultation. I will further address this in my letter to the Judge.

I also intend to address the fact that you admitted to the Judge that you have not provided cases of patrons who suffered previous injuries. You explained that they were not to this case. The case law is clear that relevance is not a basis for refusing to provide discovery. Should you fail to provide the list of all cases of people injured at AMF Bowling Alleys as so stated in the discovery requests I intend to file a Motion for Sanctions against you.

As you stated to the Judge that you looked up Andrea Howard's case and that it was not your case. To be clear, the interrogatory responses was as to your client, not cases where you appeared. As to previous dealing with you and as to previous dealing with AMF, I will state clearly for the record my position.

In 2008, my client was shot and seriously wounded on the property of your client. We filed suit in 2010. One of the discovery issues in contention involved the production of your client's office policy and manual. You professed "vehemently" that the manual "does not exist." I was forced to depose about six witnesses employed by your client all of which you sat next to them in the deposition. Each witness testified that no manual existed, but I did not believe them and continued deposing the witnesses. He was a Sawyer executive and he decided to tell the truth. He

**THE LAW OFFICES OF**
**JESSIE LYONS CRAWFORD,** LLC



Brigitte Smith, Esquire
September 28, 2020
Page 3

stated that the manual existed electronically and he kept a hard copy on his credenza and that the people who previously testified (I identified most of them to him in deposition) in prior deposition had a copy and an electronic form. He further stated that they were required to refer to it to do their jobs and that he referred to his hard copy daily. After a year of making every effort to secure the manual, at the end of discovery, I finally received a copy. Of course, you were present and surprised when he revealed the manual's existence. You abruptly exclaimed, "Objection" to a question that you knew I would ask because it was the same question asked of all of said witnesses.

You did not object to that question with the other witnesses who did not testify truthfully. This established experience with you gives me pause when you state that something does not exist or that you gave everything requested. Especially in light of the fact that most of the time you have said such in this case, you were able to provide additional documents. This is why I have a problem with the manner in which you are withholding the prior cases (and some of the other documents we requested and finally received at urging of the Court). I believe we are entitled to the prior cases and request that you comply with the discovery request and provide the prior information. Relevancy is not an issue in the discovery process.

As to Andrea Howard, Ms. Howard was injured at the same location of AMF as Mr. Green and in two different areas of the facility. Her injuries occurred in April of 2011 and in May of 2011, within the period requested in discovery. You have not provided those cases as a part of your list. You admitted to the Judge in our conference on September 24, 2020 that there are other cases, but they were not similar to Mr. Green's case. Again, you represented in a previous conference that there were no other cases, now you do, but they are deemed in your view not relevant. You did not file a Motion for Protective Order to prevent the release of the other cases. Moreover, in your client's discovery response they represented that they had provided everything, which contradicts what you represented to the court.

I hope this explanation clears up any confusion as to why I refer to my prior experience with you and your client, though separate incidents. If you wish to want to resolve any of these matters discussed herein, I am available for discussion tomorrow 2-4, and all day the remainder of the week. Thank you

        Very truly yours,

        **THE LAW OFFICES OF**
        **JESSIE LYONS CRAWFORD, LLC**

        /s/ Jessie Lyons Crawford
        _____
        Jessie Lyons Crawford, Esq.

cc: Kim Parker