# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**DEBORAH L. BOARDMAN**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

October 6, 2020

RE:   *Green v. AMF Bowling Centers, Inc.*
      Civil No.: ELH-19-1410

## LETTER ORDER

Dear Counsel,

This letter addresses the parties' ongoing disputes regarding plaintiff's Rule 30(b)(6) deposition topics, the hourly fee due to plaintiff's expert witness Dr. C.J. Abraham for his deposition testimony, and documents relating to Dr. Abraham that defendant has requested. The parties previously briefed these issues in letters filed on August 27 and September 4, 11, and 24, 2020. ECF Nos. 92, 126, 135, 136, 131, 132. I held a call on August 31, 2020 and ordered the parties to meet and confer regarding the scope of the deposition topics. ECF No. 125. I held additional calls on September 22 and 25, 2020 to address the issues. The parties filed their most recent position letters on September 30, 2020. ECF Nos. 137 & 138.

### I.      Dr. Abraham's Fee

Plaintiff's most recent submission clarifies his position on Dr. Abraham's hourly rate for deposition testimony. Plaintiff states that he "was charged $350.00 [per hour] for deposition preparation." Pl.'s Sept. 30, 2020 Ltr. 2, ECF No. 138. Plaintiff also states that Dr. Abraham insists on charging $750.00 per hour for deposition testimony. *Id.* (explaining that counsel "now understands the Doctor's position; that is that the $750.00 per hour is for the actual deposition, not preparation"). As I noted in my September 10, 2020 letter order, one party's "expert may not charge an opposing party for a discovery deposition a fee at any hourly rate higher than the rate that he or she charges for the preparation of his or her report." Loc. R. 104.11(a); *see* Sept. 10, 2020 Ltr. Order, ECF No. 130. Therefore, given that plaintiff compensated Dr. Abraham $350.00 per hour for deposition preparation, defendant shall compensate Dr. Abraham $350.00 per hour for deposition testimony.

### II.     Documents Pertaining to Dr. Abraham

Defendant asks the Court to order plaintiff "to produce all billing records, including payments received, and all work product of Dr. CJ Abraham, including but not limited to the research conducted, the draft report and the interrogatories generated." Def.'s Sept. 30, 2020 Ltr. 1, ECF No. 137. Plaintiff challenges defendant's request.

Rule 26(b)(3)(A) protects from disclosure "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). Rule 26(b)(3)(B) specifically protects from disclosure "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

Rule 26(b)(4)(B) provides that "Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded." Fed. R. Civ. P. 26(b)(4)(B). The advisory committee for the Federal Rules of Civil Procedure added Rule 26(b)(4)(B) "to provide work-product protection under Rule 26(b)(3)(A) and (B) for drafts of expert reports or disclosures." Fed. R. Civ. P. 26(b)'s advisory committee's note to 2010 amendment. The advisory committee stated:

> This protection applies to all witnesses identified under Rule 26(a)(2)(A), whether they are required to provide reports under Rule 26(a)(2)(B) or are the subject of disclosure under Rule 26(a)(2)(C). It applies regardless of the form in which the draft is recorded, whether written, electronic, or otherwise. It also applies to drafts of any supplementation under Rule 26(e); *see* Rule 26(a)(2)(E).

*Id.* "The committee caution[ed], however, that this new protection and the protection of draft expert reports and disclosures 'do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions.'" *Int'l Aloe Science Council, Inc. v. Fruit of the Earth, Inc.*, No. DKC–11–2255 (CBD), 2012 WL 1900536, at *1 (D. Md. May 23, 2012) (quoting Fed. R. Civ. P. 26(b)'s advisory committee's note to 2010 amendment). Thus, an expert's notes drafted "in developing the opinions *that he will provide at trial*" are discoverable, whereas an expert's notes drafted "to prepare [] counsel for deposing [the opposing party's] expert and to help counsel understand the reports provided by [the opposing party's] expert . . . are protected work product." *Id.* at *2 (emphasis in *Int'l Aloe*).

Dr. Abraham is a witness identified under Rule 26(a)(2)(A). Therefore, Rule 26(b)(4)(B) protects from disclosure Dr. Abraham's draft reports.

Rule 26(b)(4)(C) provides that

Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

> (i) relate to compensation for the expert's study or testimony;

> (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4)(C). These protections apply to communications between Dr. Abraham and counsel. Any draft interrogatories prepared by Dr. Abraham and communicated to counsel do

not fall within the three enumerated exceptions, and therefore, they are not discoverable. *See id.* Billing records, including records of payments received, that Dr. Abraham provided to counsel are discoverable because they are communications relating to compensation. *See* Fed. R. Civ. P. 26(b)(4)(C)(iii).

As for Dr. Abraham's research, it appears from defendant's September 30 letter that plaintiff has produced "a list of case citations that were included in his research." Def.'s Sept. 30, 2020 Ltr. 1, ECF No. 137. It is unclear whether there are additional research notes that Dr. Abraham drafted while developing his opinion that are separate from any draft report. If so, then the research notes are not protected from disclosure by either Rule 26(b)(4)(B) or (C) and are discoverable. *See* Fed. R. Civ. P. 26(b)(4)(B)–(C); *Int'l Aloe*, 2012 WL 1900536, at *1–2.

## III.      Rule 30(b)(6) Deposition Topics

Over the last two weeks, I held two conference calls with counsel during which we discussed at length the sufficiency of plaintiff's Rule 30(b)(6) notice. We discussed topics that were overbroad, vague, or unclear, and I provided suggested revisions to the topics. Twice, I permitted plaintiff to revise the topics. Plaintiff has implemented some but not all of the changes we discussed. In its most recent letter, defendant has identified its objections to the revised topics, most of which I sustain. Def.'s Sept. 30, 2020 Ltr. 1–2, ECF No. 137. Topic 19 is overbroad, vague, and confusing, and it is struck in its entirety. Plaintiff may seek corporate testimony as follows:

Topic 1 – The general nature of the business of AMF BOWLING, organizational structure as to the location of the incident in question, the corporate structure, the organizational structure of the facility located at 2165 York Road, Lutherville, Maryland, and the specific nature of AMF BOWLING activities on the premises with bowling leagues on the date of the accident which is described in Plaintiff's Complaint.

Topic 18 – Instructions and/or warnings given to Plaintiff by AMF Bowling regarding Plaintiff's activities on the premises on the day of the incident and previous to the day of the incident, the manner and form of the instruction or warning, when and how the instruction or warning was conveyed.

Topic 23 – For 6 months prior to the incident up to the date of the incident in question, the date and nature of any inspections of the lane where the incident occurred that were conducted by an AMF Bowling employee.   The date and nature of any inspections of the same lane conducted by an AMF Bowling employee immediately after the incident in question, including any inspection of the cleaning and oil machine, the procedure followed, the equipment used for any inspection, the log of the inspections. The type of cleaning and oil machine and the type of floor cleaning and oil machine used on the floor on the date of the date of the incident in question.

Topic 24 – As to AMF BOWLING Corporate and the location where the incident occurred, if different, policies, guidelines, rules and regulations for the reporting of accidents or collection of data regarding accidents on the premises in question and the procedures implemented.

Topic 25 – Inspections conducted after the accident in question performed to compile the investigative report concerning the incident of July 5, 2016, the person who conducted the inspection, the date of the inspection, equipment inspected as the inspections relate to the accident in question.

       Defendant objects to this topic on work product grounds, among others.  If defendant maintains that information responsive to Topic 25 is protected from disclosure by the work product doctrine, defendant may assert that objection at the deposition, identify for the record a sufficient factual basis for the objection, and may refuse to answer on that limited ground.  This objection may be subject to further judicial review.

Topic 36 – The type of the floor of the lane, type of wood on the floor, the type of soap and oil used on the floor for the bowling lane where the incident occurred and the name of the product and the identity of the manufacturer.

       Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

Very truly yours,

_____/s/_____
Deborah L. Boardman
United States Magistrate Judge