## IN THE UNITED STATES DISTRICT COURT OF MARYLAND
## BALTIMORE DIVISION

| | |
|---|---|
| **SAMUEL GREEN**  Plaintiff,  vs.  **AMF BOWLING, INC**  Defendant. | CIVIL CASE NO.  **1:19-CV-1410** |

### PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S SEPTEMBER 23, 2020 AND OCTOBER 6, 2020 ORDER

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Samuel Green ("Plaintiff") objects to the Orders' entered by The Honorable Magistrate Judge Deborah Boardman ("Judge Boardman") on September 23, 2020, and October 6, 2020, respectively and for reasons state:

1. The parties have been engaged in a protracted discovery dispute, in part, because the Defendant failed to respond to discovery and provide documents, despite asserting that it has provided same to Plaintiff. *See record.*

2. As a result, this Court referred all discovery matters to Judge Boardman who has been diligently and patiently working with the parties to resolve their respective disputes.

3. On September 23, 2020, after various telephonic conferences with the parties, Judge Boardman issued an Order limiting, in part, Plaintiff's discovery.

4. In addition, on October 6, 2020, Judge Boardman also issued in order to address the remaining discovery disputes between the parties. The instant objection follows.

### STANDARD OF REVIEW

Rule 72(a) governs the district judge's review of non-dispositive orders entered by a magistrate judge. "The district judge in the case must consider timely objections and modify or set

aside any part of the order that is clearly erroneous or is contrary to law." "A finding is 'clearly erroneous' when although there is evidence to support it, the court, on reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed." *Kidwiler v. Progressive Paloverde Ins*. Co., 192 F.R.D. 193, 196 (N.D.W. Va. 2000). "This standard is 'deferential' and 'findings of fact should be affirmed unless the reviewing court's view of the entire record leaves the Court with 'the definite and firm conviction that a mistake has been committed.'" *HSBC Bank USA, N.A. v. Resh*, 2014 U.S. Dist. LEXIS 10176, at *19 (S.D. W. Va. Jan. 28, 2014) (citations omitted).

The "contrary to law" standard is effectively de novo review of any questions of law decided by the magistrate judge. A magistrate judge's legal conclusions interpreting the Federal Rules of Civil Procedure are subject to de novo review by the district judge. [T]he Court will review the factual portions of the Magistrate order under the clearly erroneous standard but will review the Magistrate's legal conclusions to determine if they are contrary to law – that is, the court will conduct a de novo review of those conclusions. "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Attard Indus. v. United States Fire Ins. Co., 2010 U.S. Dist. LEXIS 80785, at *5 (E.D. Va. Aug. 5, 2010) (quoting DeFazio v. Wallis, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). Thus, "for questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and [a] de novo standard." HSBC Bank USA, N.A., 2014 U.S. Dist. LEXIS 10176, at *19 (quoting Powershare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010).

## ARGUMENT

    a) **The Magistrate Judge Erred By Finding That Plaintiff Was Not Entitled To Information Respecting Other Claims of Defendant**

On September 8, 2020, Plaintiff filed his Notice of Intention to issue subpoena to ESIS, Inc., Defendant's Third-Party Administrator ("TPA")[1]. ESIS provides a full range of sophisticated risk management services, including workers compensation claims handling; a broad spectrum of casualty insurance products, such as general liability, automobile liability, products liability, professional liability, and medical malpractice claims handling; and disability management. In addition, ESIS' provides quality automobile liability, general liability, and product liability bodily injury claims management services cover your general liability needs, including shielding you from the high cost of alleged professional mistakes that cause third-party financial losses. (a) Factual and tailored investigation based on your claim requirements and best practices (b) Damage investigation (c) Complete claim evaluation and dollar value establishment for settlement (d) ESIS' internal claims center for quick claim resolution (e) ESIS' national catastrophe team for support in crisis events (f) Specialization in construction claims, service enhancements, and product liability and (g) Special Investigation Unit to mitigate suspected insurance fraud Defendant supplemented its discovery responses and belatedly identified four (4) previous claims on the premises where plaintiff is alleged to have been injured. The information in possession of ESIS is germane to the issues in this case and was within the broad scope of discovery.

Moreover, Plaintiff's subpoena sought copies of non-privileged claims files of four (4) customers that were identified in Defendant's belated discovery responses. In addition to the claim files, Plaintiff also sought a Loss Run from January 1, 2006 through June 8, 2016, of all slip and fall incidents involving Defendant's locations, and specifically involving injuries, of any kind on the bowling alley, to include, The date of loss, Description of Loss, The Date Notified, Location,

---

[1] See Docket

Claim Number, Claimant's Name and if Claim is open or closed. A Loss Run is a running list of claims which are kept by TPAs, such as ESIS, and insurance carriers.

Judge Boardman denied Plaintiff's request the subpoena because the claims were factually dissimilar, and Plaintiff therefore was unable to identify the relance to his claims. Plaintiff is entitled to this information because it is relevant to his complaint and would likely lead to the discovery of relevant information. The subpoena was narrowly crafted to only involve slip or fall claims. Moreover, in her October 6, 2020, Order, Judge Boardman declined to allow Plaintiff to inquire pursuant to his Rule 30(b)(6) Notice of deposition, regarding other incidents that occurred on the premises. Specifically, the topic included in the notice requested that the deponent produce a witness knowledgeable regarding:

1. "24. AMF BOWLING system, rules and regulations for the reporting of accidents or collection of data regarding accidents on the premises, and the identity of all other accidents on the premises in the period from July 30, 2010 to the present date."

Judge Boardman's order modified the topic to:

"As to AMF BOWLING Corporate and the location where the incident occurred, if different, policies, guidelines, rules and regulations for the reporting of accidents or collection of data regarding accidents on the premises in question and the procedures implemented".

*Order ¶3*

Judge Boardman's modification of the topic, deprives the Plaintiff of essential discovery to meet his burden in this case, and therefore erroneous. In the instant matter, Plaintiff's Second Amended Complaint[2] pleads Gross Negligence as a cause of action against the Defendant.

Under Maryland law, gross negligence entails "an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and [it]

---

[2] Plaintiff's Motion for Leave to File The Second Amended Complaint has not yet been ruled on. Discovery expires on November 2, 2020.

also implies a thoughtless disregard of the consequences without an exertion of any effort to avoid them." *Brooks v. Jenkins*, 220 Md. App. 444, 459, 104 A.3d 899 (Md. Ct. Spec. App. 2014) See also *Marriott Co. v. Potomac Telephone Co. of Maryland*, 124 Md. App. 463, 478, 723 A.2d 454, 462 (1998). Under this standard, courts have found gross negligence adequately pled in cases in which a plaintiff has alleged that a defendant has displayed [u]tter indifference or thoughtless disregard to the rights of others by failing to take certain actions to address warning signs that arguably would have prevented the harm. See <u>Proctor v Metro. Money Store Corp.,</u> 645 F. Supp. 2d 464, 490 (D. Md. 2009) (finding that complaint that "outlined numerous irregularities" in the settlement and title documents that defendant had a duty to review, as well as in the manner in which money was transferred" adequately pled gross negligent); <u>Doe v. Bd. Of Educ. Of Prince George's Cnty</u>., 888 F. Supp. 2d 659, 669-70 (D. Md. 2012) (finding that allegations that defendant school district was aware that a classmate repeatedly engaged in sexual harassment of the plaintiff, refused to act in response to the plaintiff's complaints, and assigned the classmate to the plaintiff's classroom the following school year stated a cognizable claim for gross negligence).

As is evident, Plaintiff request for prior incidents is reasonably calculated to lead to the discovery of admissible evidence. In fact, as demonstrated, Defendant revealed at least 4 other customers that were injured in like fashion, and at the very least, plaintiff is entitled to the claim files of those individuals and the Loss Run.

      **b) The Magistrate Judge Erred By Finding That The Plaintiff is Not Entitled to Explore Defendant's Remedial Action After The Incident Described in Plaintiff's Complaint**

In Plaintiff's Rule 30(b)(6) Notice of Deposition of the Defendant, he sought to explore several topics, which, he believed to be relevant to the instant matter. Judge Boardman's Orders struct several of these topics on the basis that they were overly broad and burdensome. Specifically,

1. Subsequent remedial action by AMF BOWLING regarding the type of accident.
2. Changes in the premises and equipment, if any, after the accident until the date of this deposition and also whether any further changes are anticipated before inspections are done by Plaintiff's attorney or expert in this litigation.

It matters not that subsequent remedial measures are not "admissible" at trial. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.; see also *Elkins v. Broome*, No. 1:02CV305, 2004 WL 3249257, at *2 (M.D.N.C. Jan. 12, 2004) (unpublished) ("[R]elevancy at discovery is a far different matter from relevancy at trial. At discovery, relevancy is more properly considered synonymous with 'germane' as opposed to competency or admissibility."); *Flora v. Hamilton*, 81 F.R.D. 576, 578 (M.D.N.C. 1978) ("It is clear that what is relevant in discovery is different from what is relevant at trial, in that the concept at the discovery stage is much broader."). Therefore, these topics are relevant to these proceedings and within the scope of discovery.

Moreover, evidence of subsequent remedial measures <u>may be admissible at trial</u>. Federal Rule of Evidence 407 states: Evidence of the subsequent measures is not admissible to prove . . . a defect in a product or its design . . . But the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures.  See also  Advisory Committee's Note: which states that  "Other purposes are, however, allowable, including ownership or control, **existence of duty**, and feasibility of precautionary measures, if controverted, and impeachment" Plaintiff should therefore be permitted to explore defendant's subsequent remedial measures.

    c) **The Magistrate Judge Erred In Finding That Loc. R. 104.11(a) Prevented Plaintiff's Expert From Charging A Different Hourly Rate For His Actual Deposition. The Local Rule Is Also More Restrictive Than The Federal Rules and Therefore Invalid**

Judge Board cited Loc. R. 104.11(a), in support of her Order finding that an expert cannot charge an opposing party more for a deposition, than it would otherwise charge in preparation of his or her report. Loc. R. 104.11(a) states that :

> "Unless otherwise ordered by the Court, any reasonable fee charged by an expert for the time spent in a discovery deposition and in traveling to and from the deposition shall be paid by the party taking the deposition. The fee charged by the expert for time spent preparing for the deposition shall be paid by the party designating the expert. The expert may not charge an opposing party for a discovery deposition a fee at any hourly rate higher than the rate that he or she charges for the preparation of his or her report".

Fed. R. Civ. P. 26(b)(4)(E), states that:

> Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and (ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

Loc. R. 104.11(a) is in direct conflict with the Federal Rules of Civil Procedure. It is axiomatic that Local rules are required to be consistent with the Federal Rules of Civil Procedure, and where there is a conflict between the two, the local rule is invalidated. See Fed. R. Civ. P., 83(a). See also *Colgrove v. Battin*, 413 U.S.149 (1973)(If a local rule were to conflict with an Act of Congress, it would be invalid). Judge Boardman found that Plaintiff's expert fee of $750.00 per hour was reasonable in light of his experience, and credentials, however, that the Local Rule states that the expert cannot charge the opposing party more than what he charged to the Plaintiff. The expert charging a higher fee for the actual deposition does not run afoul of the Federal Rules of Civil Procedure. Plaintiff therefore request that its expert be allowed to charge $750.00 per hour for the deposition by the Defendant.

## CONCLUSION

For all of the above reasons, Plaintiff respectfully requests that the Court enter an Order: (1) sustaining Plaintiff's Objections to the Magistrate Judge's Orders dated September 23, 2020 and October 6, 2020, (2) granting it the relief requested herein; and (3) granting it such further relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Jessie Lyons Crawford*
_____
Jessie Lyons Crawford, Esq.
Fed. Bar No.:68788
THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, Maryland 21218
O: 410-662-1230
F: 410-662-1238
E: attorneyjlcrawford@verizon.net

Kim Parker, Esq.
Fed. Bar No.:23894
THE LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
O: 410-234-2621
F: 410-234-2612
E: kp@kimparkerlaw.com

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that Plaintiff Objection was served this day via the Courts ECF filing system on all counsel of record.

/s/ Jessie Lyons Crawford
_____
Jessie Lyons Crawford, Esq.