IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAMUEL GREEN,
*Plaintiff*,

v.

AMF BOWLING CENTERS, INC.,
*Defendant*.

Civil Action No. ELH-19-1410

**MEMORANDUM OPINION**

In this "slip and fall" case, plaintiff Samuel Green filed a negligence action against defendant AMF Bowling Centers, Inc. ("AMF") on May 13, 2019, to recover for injuries he sustained when he fell at a bowling alley operated by AMF. ECF 1 (the "Complaint").[1] The original Complaint contained four counts. *Id.* at 1-6. Count I alleged negligence. In Count II, plaintiff asserted a claim of negligent hiring, training, and retention. Count III alleged "Negligence Based On The Theory of Res Ipsa Loquitur." And, Count IV asserted "Public Nuisance."

On June 23, 2019, plaintiff moved for leave to amend the Complaint by omitting counts II, III, and IV. ECF 14.[2] The Court granted the motion on July 9, 2019 (ECF 17), and plaintiff filed his amended complaint that day. *See* ECF 18 ("First Amended Complaint").

AMF subsequently answered the First Amended Complaint. ECF 16. And, by Order entered on July 24, 2019, the Court issued a Scheduling Order setting various deadlines in the case. ECF 22; *see also* ECF 23. Of relevance here, the Scheduling Order set a deadline of September

---

[1] Although the Complaint does not directly address subject matter jurisdiction, it contains enough for the Court to determine that the elements of diversity jurisdiction are satisfied. *See* 28 U.S.C. § 1332.

[2] The Motion was filed after AMF moved to dismiss Counts II, III, And IV for failure to state a claim. *See* ECF 9.

26, 2019, for amendment of pleadings.  ECF 22; ECF 23.  On January 5, 2020, more than three months after that deadline had passed, Mr. Green filed a "Motion for Leave to File a Second Amended Complaint."  ECF 30 (the "Motion to Amend").  The Motion to Amend proposes the addition of three claims: negligent design and construction of premises (Count II); strict liability/products liability (Count III); and gross negligence (Count IV).

Defendant filed a combined "Opposition to Plaintiff's Motion for Leave to Amend Amended Complaint and Motion to Dismiss" (ECF 53, the "Motion to Dismiss"), along with four exhibits.  ECF 53-2 through ECF 53-5.  Among other things, AMF seeks dismissal of proposed counts II, III, and IV of the Second Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and moves for dismissal of the First Amended Complaint for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).  Mr. Green replied.  ECF 70; ECF 71.[3]

In addition, plaintiff has filed a "Motion to Strike Materials Extrinsic to the Complaint Filed with Defendant's Motion to Dismiss."  ECF 69 (the "Motion to Strike").  AMF's Opposition is docketed at ECF 90.  Plaintiff replied.  ECF 129.

## I. Background[4]

On or about June 6, 2016, Mr. Green went bowling at an AMF bowling alley in Timonium, Maryland.  ECF 18, ¶¶ 1-5.  He alleges that the following occurred, *id.* ¶¶ 6-7:

> While on the bowling surface, Plaintiff took his first step in the action of bowling his first ball---he stepped forward and planted his leg, and then began stepping forward with his other leg to release the ball; however, while stepping forward he slipped and fell on a wet floor, causing his legs to split apart.

---

[3] ECF 70 and ECF 71 were both filed on August 12, 22020, and appear to be identical. Plaintiff has not indicated what, if any, difference there is between the two submissions. For convenience, I shall refer to ECF 71.

[4] The facts are taken from the First Amended Complaint.

>As a direct result, Plaintiff suffered a Musculoligmentous injury to his thoracic spine and a contusion to Plaintiffs [sic] left hip, and other permanent injuries to his person.

Further, Green avers that prior to the fall he did not know of and was not warned about "a wet substance on the bowling surface." *Id.* ¶ 8.

As noted, the First Amended Complaint lodges a single negligence claim against AMF. *Id.* at 1-4. Plaintiff claims that AMF breached its duty of care to plaintiff to maintain the premises of the bowling alley in a safe condition; to "monitor and/or inspect the premises"; to keep the floor "dry and safe"; to warn plaintiff "of the defect"; and "to correct the hazardous and dangerous defect." *Id.* ¶ 17. Plaintiff demands $5 million in damages, plus attorney's fees. *Id.* at 4.

During the fall of 2019, the parties commenced discovery. *See, e.g.*, ECF 27. On January 5, 2020, months after the deadline of September 26, 2019, for amendment of pleadings, Mr. Green filed the Motion to Amend. ECF 30. Five days later, the parties filed a consent motion to stay all proceedings in the case for forty-five days because plaintiff was hospitalized for a medical condition. ECF 36. The Court granted the motion to stay on January 13, 2020. ECF 37.

Thereafter, the parties took no further action in the case for several months. *See* Docket. Accordingly, on June 9, 2020, the Court issued an Order that lifted the stay; granted the Motion to Amend, but gave defendant until June 24, 2020, to move for rescission of that portion of the Order on the ground that it was improvidently granted; and directed the parties to file a status report by July 1, 2020. ECF 43.

AMF promptly moved to rescind the Order granting the Motion to Amend, on the ground that it was improvidently granted. ECF 45. In particular, AMF noted that it had not had time to file an opposition to the Motion to Amend before the case was stayed. *Id.* at 2-4. AMF also asserted that plaintiff's counsel failed to respond to defense counsel's request for information concerning plaintiff's condition. *Id.* at 2-3.

By Order of June 29, 2020, the Court vacated the portion of its Order of June 9, 2020, granting the Motion to Amend.  ECF 46.  As a result, the Motion to Amend remains pending.

Thereafter, defendant filed the Motion to Dismiss.  ECF 53.  Plaintiff's Motion to Strike followed.  ECF 69.  Meanwhile, the parties have continued to engage in discovery, and several discovery disputes have arisen.

The Motion to Amend, the Motion to Dismiss, and the Motion to Strike have been fully briefed, and no hearing is necessary to resolve them.  *See* Local Rule 105.6.  For the reasons that follow, I shall deny the motions.

## II.  Discussion

### A.  Dismissal for Failure to State a Claim

I shall first address defendant's motion to dismiss counts II, III, and IV of the proposed Second Amended Complaint for failure to state a claim, pursuant to Rule 12(b)(6).  The motion is clearly premature because the Court has not yet granted the Motion to Amend.  Thus, the First Amended Complaint, which contains just one count sounding in negligence, remains the operative pleading.

Accordingly, I shall deny the Motion to Dismiss to the extent it seeks dismissal of the new counts in the proposed Second Amended Complaint.

### B.  Motion to Amend

Plaintiff contends that leave to amend the First Amended Complaint is warranted under the "liberal standard" of Fed. R. Civ. P. 15(a)(2).  *See* ECF 30 at 1.  Mr. Green asserts that "significant factual and procedural developments since Plaintiff filed" his suit establish good cause for amending the First Amended Complaint.  *Id.*  However, he has not identified those developments.  *See id.* at 1-3.

Defendant counters that Rule 15(a)(2) does not permit amendment in this case. Specifically, AMF argues that plaintiff unduly delayed the proceedings in the case and that amendment would be prejudicial because the addition of new theories of liability would require AMF to expend time and resources to obtain more facts and expert opinions.  *See* ECF 53 at 3-7. Defendant also contends that the three proposed counts would be futile.  *See* ECF 53 at 3-7.

Neither party has addressed the relevance of Fed. R. Civ. P. 16(b)(4).

1.

A complaint may be amended "once as a matter of course" within twenty-one days of service of a defendant's answer or motion under Fed. R. Civ. P. 12(b), (e), or (f), "whichever is earlier." Fed. R. Civ. P. 15(a)(1)(b).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  The court "should freely give leave when justice so requires." *Id.*  However, where a party "moves to amend after the deadline established in the scheduling order for doing so, Rule 16(b)(4) becomes the starting point in the Court's analysis." *Wonasue v. Univ. of Maryland Alumni Ass'n*, 295 F.R.D. 104, 106 (D. Md. 2013); *see Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020).

Fed. R. Civ. P. 16 concerns scheduling and case management.  As noted, a Scheduling Order was docketed on July 24, 2019 (ECF 22, ECF 23), setting a deadline of September 26, 2019, for the amendment of pleadings.  Scheduling orders serve a vital purpose in helping a court manage its civil caseload. *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985); *see also Naughton v. Bankier*, 14 Md. App. 641, 653, 691 A.2d 712, 718 (1997) (recognizing that a scheduling order helps "to maximize judicial efficiency and minimize judicial inefficiency"). Notably, "[i]n an era of burgeoning case loads and [crowded] dockets, effective case management

has become an essential tool for handling civil litigation." *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 45 (1st Cir. 2002) (alteration added). To that end, a scheduling order is an important vehicle in "'securing the just, speedy, and inexpensive determination of every action.'" *Miller v. Transcend Services, Inc.*, 10 CV 362, 2013 WL 1632335, at *4 (M.D.N.C. Apr. 16, 2013) (citation omitted).

A scheduling order is also mandatory. Rule 16(b)(1) states that, subject to certain exceptions, "the district judge . . . must issue a scheduling order." Further underscoring the importance of a scheduling order to case management, Rule 16(b)(2) commands that a scheduling order be issued "as soon as practicable" after a defendant has been served or appeared in a case.

Moreover, Rule 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent." Thus, Rule 16 "recognize[s] . . . that the parties will occasionally be unable to meet . . . deadlines [in a scheduling order] because scheduling order deadlines are established relatively early in the litigation." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004). But, a movant must demonstrate good cause to satisfy Rule 16(b)(4). *See Faulconer*, 808 F. App'x at 152; *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *Wonasue*, 295 F.R.D. at 106-07; *see also United States v. Hartford Accident & Indem. Co.*, No. CV JKB-14-2148, 2016 WL 386218, at *5 (D. Md. Feb. 2, 2016) ("The burden for demonstrating good cause rests on the moving party.").

The "'touchstone'" of Rule 16(b)(4)'s "good cause requirement is 'diligence.'" *Faulconer,* 808 F. App'x at 152 (citation omitted). The Fourth Circuit has endorsed this proposition several times, in line with other circuits. *Id.* at 152 n.1 (collecting cases). "[O]nly diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard." *Id.* at 152; *accord Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) ("Lack of diligence and carelessness

are 'hallmarks of failure to meet the good cause standard.'") (citation omitted).

In evaluating diligence, courts focus mainly "on the timeliness of the motion to amend 'and the reasons for its tardy submission.'" *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014) (quoting *CBX Techs., Inc. v. GCC Techs., LLC*, No. JKB–10–2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012)). Notably, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Wonasue*, 295 F.R.D. at 107 (quoting *CBX Technologies, Inc.*, 2012 WL 3038639, at *4).

If, for example, the "moving party knew of the underlying conduct giving rise to a claim but simply failed to raise it in an initial complaint, then the party" has not acted diligently, and thus "cannot establish good cause under Rule 16." *Faulconer,* 808 F. App'x at 152. In contrast, where "'at least some of the evidence needed for a plaintiff to prove his or her claim did not come to light until after the amendment deadline,' a plaintiff has 'good cause' for moving to amend at a later date." *Wonasue*, 295 F.R.D. at 107 (quoting *Tawwaab v. Va. Linen Serv., Inc.*, 729 F.Supp.2d 757, 768 (D. Md. 2010)).

In determining whether the moving party has met its burden to show good cause, courts may also consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat*, 993 F. Supp. 2d at 520. However, "'[i]f the movant has not been diligent in meeting the scheduling order's deadlines,' then other factors . . . generally will not be considered.'" *Faulconer,* 808 F. App'x at 152 (quoting *Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017)). Some district court judges have expressed this proposition even more forcefully. *See, e.g.*, *Rassoull*, 209 F.R.D. at 374 ("'If [the moving party] was not diligent, the inquiry should end.'") (citation omitted); *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) ("'[T]he focus of the inquiry is upon the moving

party's reasons for seeking modification. *If that party is not diligent, the inquiries should end*.'" (citation omitted) (emphasis in *Marcum*).

If the moving party demonstrates good cause pursuant to Rule 16(b)(4), he must then "satisfy the liberal standard of Fed. R. Civ. P. 15(a)." *Humane Soc'y of the United States v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, DKC-13-1822, 2016 WL 3668028, at *2 (D. Md. July 11, 2016); *see Cook v. Howard*, 484 Fed. Appx. 805, 814-15 (4th Cir. 2012); *Nourison*, 535 F.3d at 298; *Wonasue*, 295 F.R.D. at 106-07. Under Rule 15(a), a court should deny leave to amend in three circumstances: "'when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile.'" *Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019) (quoting *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010)); *see Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 121 (4th Cir. 2013); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

In addition, courts have inherent power to manage their own dockets. In *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962), the Supreme Court stated that a court's "inherent power" to dismiss a case for lack of prosecution is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs to as to achieve the orderly and expeditious disposition of cases." *See also Woodson v. Surgitek*, 57 F.3d 1406, 1417 (5th Cir. 1995) (observing that courts' inherent power permits "dismissing a case as a sanction for a party's failure to obey court orders").

2.

Mr. Green does not present any argument regarding good cause to amend under Rule 16(b)(4). Read generously, the Motion to Amend appears to suggest that new information came

to light in discovery after the expiration of the deadline for amendment of pleadings, as established by the Scheduling Order.

The single reference to new information that emerged in discovery is the following statement: "Defendant was aware of the Plaintiff's expert opinion on November 9 2019 and cannot argue that they were unaware of these theories of liability." ECF 30 at 2. Plaintiff does not add anything else about the content of that expert opinion or about how it might have precipitated the Motion to Amend. *See id.* at 1-3.

The expert opinion (ECF 30-4), which is appended to the Motion to Amend, does not clearly indicate that discovery brought new evidence to light after the deadline of September 26, 2019. The opinion, produced by C. J. Abraham, a licensed Professional Engineer, primarily addresses the results of a "risk analysis" of "the AMF bowling alley" and then opines on the ultimate issue of negligence. *See* ECF 30-4 at 1, 4-9.[5] The opinion also concludes that defendant was grossly negligent; that AMF "knowingly created a defectively designed bowling alley with inherent risks that has been know[n] to cause thousands of traumatic injuries to bowlers over the last 30 years"; and that "the alleged warnings created by AMF were defective." *Id.* at 8. These conclusions presumably furnished the basis for the three new counts in the proposed Second Amended Complaint.

The facts have not changed; only the legal theories have changed. The Ninth Circuit has directly addressed the scenario at hand, stating: "[A] district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally."

---

[5] The opinion is dated October 31, 2019, not November 9, 2019, as indicated in the Motion to Amend. ECF 30-4 at 1.

*Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (affirming denial of motion to amend pursuant to Rule 15(a)(2)); *see McJunkin v. Yeager*, CV 17-12-BLG-TJC, 2018 WL 4701314, *12 (D. Mont. Sept. 28, 2018) (denying motion to amend under Rule 16(b)(4) and citing *Bonin*, *supra*).

In any event, even if Mr. Green were to show that new evidence came to light after the deadline for amendments, he would still need to demonstrate diligence. Filing the Motion to Amend over three months after the deadline, and without any explanation for or acknowledgment of the deadline, demonstrates just the opposite. *See Faulconer*, 808 F. App'x at 152 (denying motion to amend under Rule 16(b)(4) because of eight months' delay and absence of explanation); *Maximus*, 209 F.R.D. at 374 (reasoning that absence of explanation for late motion to amend leaves court to wonder whether evidence "surface[d] belatedly . . . due to Plaintiff's own lack of diligence and carelessness"); *cf. Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 632 (D. Md. 2003) (denying motion for leave to amend where movant was "put on notice" approximately ten months prior of factual basis for proposed amendments).

To be sure, scheduling orders are more than "the paper upon which they are printed." *Naughton v. Bankier*, 114 Md. App. 641, 651, 691 A.2d 712, 718 (1997); *see also Faith v. Keefer*, 127 Md. App. 706, 733, 736 A.2d 422, 436 (1999) (interpreting a comparable Maryland Rule of Civil Procedure). The good cause requirement for modification of a scheduling order insures that a scheduling order is not regarded as a "'frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Potomac Electric Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 375-76 (1999) (citation omitted); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

As plaintiff has failed to demonstrate diligence, the Rule 16(b)(4) analysis need go no further. *See Faulconer*, 808 F. App'x at 152; *Rassoull*, 209 F.R.D. at 374. Therefore, I need not

address other factors in the Rule 16 analysis, such as prejudice, or whether leave to amend is warranted under Rule 15(a)(2).

For the foregoing reasons, I shall deny the Motion to Amend.

### C. Dismissal for Failure to Prosecute

In support of the motion to dismiss the case for plaintiff's failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), AMF emphasizes the inactivity and unresponsiveness of plaintiff and plaintiff's counsel between January and June 2020. *See* ECF 53 at 12-13. In particular, defendant contends: "While other sanctions may be appropriate for Plaintiff's failure to prosecute, the repeated dilatory actions by the Plaintiff and his counsel make dismissal the appropriate action." *Id.* at 13.

Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Moreover, Rule 41(b) provides that, "[u]nless the dismissal order states otherwise," a dismissal under the rule "operates as an adjudication on the merits." *Id.*

In order to evaluate whether dismissal under Rule 41(b) for failure to prosecute is appropriate, the Fourth Circuit has articulated a four-factor test. A court must consider: "'(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.'" *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (quoting *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (Powell, J.).

"Those criteria, however, 'are not a rigid four-prong test,'" and the propriety of an involuntary dismissal ultimately turns on the circumstances of each case. *Attkisson*, 925 F.3d at

625 (quoting *Ballard*, 882 F.2d at 95). The Fourth Circuit has said: "While the power to dismiss clearly lies with the district courts, it is appropriately exercised only with restraint. 'Against the power to prevent delays must be weighed the sound public policy of deciding cases on their merits.'" *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978) (citation omitted). Therefore, only "the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

With respect to the first factor, a "dismissal sanction is usually inappropriate when it unjustly penalizes a blameless client for the attorney's behavior." *Id.* While plaintiff was hospitalized, it was his counsel who did not contact the Court after the expiration of the forty-five day stay the Court imposed on January 13, 2020. *See* ECF 37. However, defendant asserts that Mr. Green was released from the hospital in April 2020 but did not contact defendant until July 13, 2020, one month after the Court lifted the stay by Order of June 9, 2020. *See* ECF 53 at 12-13; ECF 43. Plaintiff does not dispute this assertion. *See* ECF 71 at 11-13.

However, after considering the other factors, the Court concludes that dismissal pursuant to Rule 41(b) is not appropriate here. To be sure, the proceedings in this case have been delayed. Nevertheless, Mr. Green resumed discovery and began to prosecute his case vigorously in July 2020. *See* Docket.[6] I discern no reason to deprive Mr. Green of the opportunity to continue pursuit of his negligence claim, as there is no apparent prejudice to AMF.

---

[6] Notably, from March 2020 to the present time, the nation has been in the grips of the COVID-19 global pandemic. As a result, the progress of many cases has been unavoidably delayed.

Accordingly, I shall deny the portion of the Motion to Dismiss that seeks dismissal for failure to prosecute.

### D.  Motion to Strike

In reaching my conclusions here, I have not relied on the exhibits appended to the Motion to Dismiss.   Thus, the exhibits appended to the Motion to Dismiss have not prejudiced plaintiff. Accordingly, I shall deny the Motion to Strike, as moot.

### III.  Conclusion

For the aforementioned reasons, I shall deny the Motion to Amend (ECF 30), the Motion to Dismiss (ECF 53), and the Motion to Strike (ECF 69).

An Order follows.

Date: October 21, 2020                                          /s/
                                                        Ellen L. Hollander
                                                        United States District Judge