

**THE LAW OFFICES OF
JESSIE LYONS CRAWFORD, LLC**

2601 MARYLAND AVENUE

BALTIMORE, MARYLAND 21218

OFFICE: 410-662-1230
FACSIMILE 410-662-1238

www.generalpracticelawbaltimore.com

JESSIE LYONS CRAWFORD, ESQ.
*LICENSED IN MARYLAND

August 19, 2020

**VIA ELECTRONIC MAIL**
Brigitte Smith, Esquire
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
500 East Pratt Street, Suite 600
Baltimore, Maryland 21202

Re:   **Client: Samuel Green
Our File No.: 2020-205788
Case No.: 1:19-CV-01410-ELH**

Dear Ms. Smith:

In preparation of our August 20, 2020, meeting regarding the current posture of oir discovery dispute, Plaintiff would like to address the following:

### Outstanding Deficient Answers to Interrogatories

**Interrogatory 14.** Identify any previous or subsequent incidents of which you are aware that occurred in substantially the same manner as the incident complained of in this lawsuit, or which also occurred at the Premises, including a description of all premise liability claims made involving this property over the last 10 years.

**Plaintiff's Objection:** With respect to Plaintiff's interrogatory number 14, Plaintiff requested the Defendant identify any previous incidents within the past 10 years. Your clients identified three incidents in the past 3 years but failed to provide anything else. Please provide ten (10) years of incidents involving falls at the premises and identify all information response

**Defendant's Response to Objection:** Defendant has produced information for three years which is a reasonable time frame.  Plaintiff has not provided any basis for its overly broad request for 10 years of records or limited the Interrogatory to any particular type of fall.  Defendant stands by its objections and response.



**THE LAW OFFICES OF**
**JESSIE LYONS CRAWFORD,** LLC

Brigitte Smith, Esquire
August 19, 2020
Page 2

**Response:** Defendant's attempt to narrow the scope Plaintiff's discovery is improper. Under the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." ; see also *Elkins v. Broome,* No. 1:02CV305, 2004 WL 3249257, at *2 (M.D.N.C. Jan. 12, 2004). Plaintiff does not bear the burden of proving the relevance of the interrogatory question, the defendant, however, has a duty to set forth the legal basis supporting its objection. See <u>*Kinetic Concepts, Inc. v. ConvaTec Inc*</u>., 268 F.R.D. 226, 243–44 (M.D.N.C. 2010). Defendant's improper objection attempts to shift the burden to the plaintiff. Moreover, defendant has not filed a motion for protective order, thus, it must respond to the interrogatory as requested.

**SUPPLEMENTAL RESPONSE**: Defendant contends that the plaintiff's interrogatory is overly broad, but in a good faith effort to resolve this dispute, Defendant states there were a total of six reported claims of falls during the period of 2006 through the date of the incident in 2016:

6/13/2009 NO INCIDENT REPORT
4/14/2011 BOWLER FELL ON APPROACH
9/28/2011 BOWLER SLIPPED AT FOUL LINE
10/07/2014 BOWLER FELL ON APPROACH
10/05/2014 BOWLER FELL BEFORE FOUL LINE
05/12/2015 BOWLER SLIPPED ON APPROACH

**Plaintiff's continued objection to supplement**: The interrogatory request that you provide a description of all premises liability claims made over the last ten (10) years (July 28, 2010 through July 28, 2020). Defendant is requested to supplement its responses by identify all "premises liability claims" and the description of each.

**Interrogatory 17.** Identify all written safety policies and/or procedures in place on June 6, 2016.


Brigitte Smith, Esquire
August 19, 2020
Page 3

**Plaintiff's Objection:** In Plaintiff interrogatory number 17, he requested that your client identify all written safety policies and procedures in place on June 6, 2016. Your client objected on the basis of vagueness and not properly limited in time and scope. The foregoing interrogatory seeks information within the scope of discovery. Plaintiff request that the Defendant supplement its responses accordingly.

**Defendant's Response to Objection:** Defendant produced the safety policies in their entirety on October 3, 2019, see AMF 42-62.

**Response:** What Defendant provided appears to be excerpts from a safety manual, which it also appears that the defendant cherry-picked from. The interrogatory request the Defendant to identify "all" written safety policies. This is supported by Defendant's objections to Request for Production of Documents 15 and 16, where they stated that they produced "Relevant" policies. See Plaintiff's objection *infra*.  The defendant does not get to determine what is relevant to Plaintiff's case. Plaintiff is entitled to information which will lead to the discovery of admissible evidence. Defendant is required to supplement.

**SUPPLEMENTAL RESPONSE:**  In accordance with the Court's Letter Order dated July 28, 2020, the Defendant in producing the index of the Operations Manual.

**Plaintiff's response to Defendant's supplemental response:**  Plaintiff has reviewed the index of the Operational Manual and would like the Defense to provide copies of the full and complete **policy effective** on **"06-05-2016"** of the following:

1. LG-2031- League Courtesy and Special Prize Fund
2. LG-2300- What constitutes a League
3. LG-2321-Coursey Lanes
4. FA-7000 Facility Map
5. FA-7100 Monthly Facility Walk
6. RM-5001-Saftey -General
7. RM-5002 Safety Committee Meetings
8. RM-5110 Opening Procedures
9. RM-5220 Guest Incidents
10. RM-7010-7016 Lock Out/Tag Out
11. TR-1605 Manager Training Program
12. TR-1622 Training Compliance
13. TR-1623 Online Test
14. TR-1660 Career Path for mechanics
15. OP-Retention of Records

**THE LAW OFFICES OF**
**JESSIE LYONS CRAWFORD,** LLC



Brigitte Smith, Esquire
August 19, 2020
Page 4

    16. OP-2201 Lane Service
    17. OP-2202 Lane Busing
    18. OP-2205 First Time Guest Procedure
    19. OP-2230 Xtreme Bowling Preparation
    20. OP-2250 Guest Complaints
    21. OP-2260 Guest Behavior
    22. HR-1000 Ethics and Conduct
    23. HR-1300-Discpline

Please kindly supplement your interrogatories and request for document responses to produce these policies.

    **Interrogatory 22.** State the facts upon which you rely for each affirmative defense in your answer.

    **Plaintiff's Objection:** Regarding Plaintiff's interrogatory number 22, he requested that your client state the facts upon which you rely for each affirmative defense in your answer. Your client responded that discovery is continuing. There has been a sufficient amount of time and defendants should be able to respond on each and every factual basis to support the affirmative defenses espoused in their pleadings. Please supplement your client responses with this information.

    **Defendant's Response to Objection:** Defendant contends that discovery in this matter is ongoing and it has not had the opportunity to depose the plaintiff, who has failed to provide complete discovery responses. Defendant will supplement this response once discovery has been completed. However, in response to Answers to Interrogatory No 21 and 23, Defendant states the facts that it is relying on in support of its contentions of lack of notice, contributory negligence and assumption of the risk.

    **Response:** Defendants objection is improper. As the Defendant has argued in this proceeding, this case has been pending for some time. The Defendant has raised several affirmative defenses, for which Plaintiff is entitled to ascertain the basis of such defense. Waiting to after discovery is completed is unacceptable and violates the rules respecting the discovery process. Moreover, defendant's general statement of lack of notice, contributory negligence and assumption of the risk, is likewise non-responsive. Defendant's failure to respond amounts to an willful failure to respond to discovery and has prejudiced plaintiff. Defendant must supplement its response.

Case 1:19-cv-01410-ELH   Document 155-1   Filed 11/02/20   Page 5 of 11

**THE LAW OFFICES OF**
**JESSIE LYONS CRAWFORD,** LLC



Brigitte Smith, Esquire
August 19, 2020
Page 5

**SUPPLEMENTAL RESPONSE:** Defendant stands by its prior Answer and objections.

### Request for Production of Documents (RFPD)

During the deposition of your lanesmen, they testified to several policies that were in effect in 2016, yet the policies produced were from 2018. Please supplement your response to those policies in effect in 2016.

**RFPD 7**. Copies of internal memoranda, inter-office memos, facsimiles, e-mail or other documents or communications regarding this claim, made by the Defendant(s) and/or any agent and/or employee of Defendant(s), or their insurance carrier(s).

**Plaintiff's Objection:** Regarding Plaintiff's RFPD number 7, it requested that the Defendant produce copies of internal memoranda, inter-office memos, facsimiles, e-mail or other documents or communications regarding this claim, made by the Defendant(s) and/or any agent and/or employee of Defendant(s), or their insurance carrier(s). The defendant again responded by providing unresponsive information pertaining to self-insured deductibles and asserting that the files are protected in anticipation of civil litigation. As you are aware, claims files are not privileged, in its entirety. See National Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 984 (4th Cir. 1992).("The document must be prepared because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation."). As you will note from your objection, a notice of litigation was not sent until June 27, 2016. This accident occurred on June 6, 2016; 21 days prior. At the very least, we are entitled to the claims file from June 6, 2016 until June 26, 2016. Moreover, we are entitled to a privilege log to determine what documents were created in anticipation of litigation, and which documents were created in the normal course of adjusting the claim. See also Johnson v. Ford Motor Company, No. 3: 13-cv-06529 (S.D.W. Va. June 12, 2015). Accordingly, defendant is required to supplement its responses.

**Defendant's Response to Objection:** Defendant produced the claims file, including the incident report, surveillance video, claims notes and correspondence with counsel on October 3, 2019.  See AMF 1-41

**THE LAW OFFICES OF**
**JESSIE LYONS CRAWFORD,** LLC



Brigitte Smith, Esquire
August 19, 2020
Page 6

**Response:** The RFPD, as drafted, requested copies of internal memoranda, inter-office memos, facsimiles, e-mail or other documents or communications regarding this claim, made by the Defendant(s) and/or any agent and/or employee of Defendant(s), or their insurance carrier(s).The Defendant has not produced any substantive communications with the insurance carrier, with the exceptions of emails from the adjuster and plaintiff's counsel, which are not responsive; nor were there any communications regarding this matter with defendant's employees. AMF 004 reflects a notation that an email was sent on June 5, 2016, from AMF00336@AMF.COM. This email was not produced and would be responsive. The RFPD request "ALL" communications. If the Defendant is alleging that there are no emails, other documents, facsimiles, or other communications regarding Plaintiff's claim of injury please confirm same. Otherwise, plaintiff request the defendant supplement its response. Defendant stating that they have produced the claim file is insufficient for the reasons set forth above.

**SUPPLEMENTAL RESPONSE**: Defendant is contemporaneously producing the privilege log in accordance with the Court's Letter Order dated July 28, 2020.

**Plaintiff's response to Defendant's supplemental response:** The Defendant produced a privilege log the consisted of 60 pages of which 57 pages are all duplicate data. Please produce another privilege log which would be responsive to the courts order.

**RFPD** 8. Any and all documents of any nature whatsoever which refer in any way to the incident described in Plaintiff(s) Complaint and/or the facts or circumstances leading up to and following said incident

**Plaintiff's Objection:** Regarding Plaintiff's RFPD number 8, plaintiff requested that the defendant produce any and all documents of any nature whatsoever which refer in any way to the incident described in Plaintiff(s) Complaint and/or the facts or circumstances leading up to and following said incident. Defendant objected that the request was vague. Plaintiff disagrees. A rudimentary review of said RFPD, places the defendant on notice as to what is being requested, and therefore not vague. See Fed. R. Civ. P. 34(b)(1)(A). Accordingly, defendant is required to supplement its response.

Brigitte Smith, Esquire
August 19, 2020
Page 7

**Defendant's Response to Objection:** Defendant produced the claims file, including the incident report, surveillance video, claims notes and correspondence with counsel on October 3, 2019.  See AMF 1-41.

**Response:**  See Plaintiff's supplemental objection to RFPD 7.

**SUPPLEMENTAL RESPONSE**:  Defendant is contemporaneously producing the privilege log in accordance with the Court's Letter Order dated July 28, 2020.

**Plaintiff's response to Defendant's supplemental response:**  The Defendant produced a privilege log the consisted of 60 pages of which 57 pages are all duplicate data. Please produce another privilege log which would be responsive to the courts order

**RFPD 10.** Any and/or all documents or communications of any nature whatsoever which relate, refer or pertain to Plaintiff(s), any other party to this action, the incident, incident site and/or any instrumentality involved in the incident described in Plaintiff(s) Complaint.

**Plaintiff's Objection:**  Regarding Plaintiff's RFPD number 10, plaintiff requested that the defendant produce Any and/or all documents or communications of any nature whatsoever which relate, refer or pertain to Plaintiff(s), any other party to this action, the incident, incident site and/or any instrumentality involved in the incident described in Plaintiff(s) Complaint. Defendant objected that the request was vague. Plaintiff disagrees. A rudimentary review of said RFPD, places the defendant on notice as to what is being requested, and therefore not vague. See Fed. R. Civ. P. 34(b)(1)(A). Accordingly, defendant is required to supplement its response**.**

**Defendant's Response to Objection:** Defendant produced the claims file, including the incident report, surveillance video, claims notes and correspondence with counsel on October 3, 2019.  See AMF 1-41

**Response:**  See Plaintiff's supplemental objection to RFPD 7.

**SUPPLEMENTAL RESPONSE**:  Defendant is contemporaneously producing the privilege log in accordance with the Court's Letter Order dated July 28, 2020.

Brigitte Smith, Esquire
August 19, 2020
Page 8

**Plaintiff's response to Defendant's supplemental response:** The Defendant produced a privilege log the consisted of 60 pages of which 57 pages are all duplicate data. Please produce another privilege log which would be responsive to the courts order

**RFPD 15.** Copies of any polices and/or procedures with respect to safety in effect on the date of the occurrence.

**Plaintiff's Objection:** Regarding Plaintiff's RFPD number 15, plaintiff requested that the defendant produce copies of any polices and/or procedures with respect to safety in effect on the date of the occurrence. Defendant objected on the basis that the request is vague and not properly limited in time or scope. Defendant's characterization is incorrect. The request clearly states as of the date of the occurrence. Moreover, Defendant produced experts of policies, which appear to be from a manual, but did not produce the policies in their entirety. Plaintiff request the defendant to immediately supplement.

**Defendant's Response to Objection:** Defendant produced the relevant safety policies in **their entirety** on October 3, 2019, see AMF 42-62.

**Response:** Defendant does not get to limit the scope of Plaintiff's request and provide "Relevant" safety policies. The request requires the Defendant to produce any polices and/or procedures with respect to safety in effect on the date of the occurrence. Defendant is required to supplement. The defendant bears the burden of persuasion respecting its objections. See *Mainstreet Collection, Inc. v. Kirkland's, Inc*., 270 F.R.D. 238, 241 (E.D.N.C. 2010). Engaging in strained constructions of reasonably-framed requests in order to avoid providing information which is seen as detrimental to the client's position is simply not permitted. *Miller v. Pruneda,* 236 F.R.D. 277 (N.D. W. Va. 2004). Defendant is required to provide "all" polices and procedures in effect at the time of the incident as requested by the Plaintiff.

**SUPPLEMENTAL RESPONSE**: Defendant produced the relevant safety policies in their entirety on October 3, 2019, see AMF 42-62.



Brigitte Smith, Esquire
August 19, 2020
Page 9

**Plaintiff's response to Defendant's supplemental response:** Plaintiff has reviewed the index of the Operational Manual and would like the Defense to provide copies of the full and complete **<u>policy effective</u>** on **"06-05-2016"** of the following:

1. LG-2031- League Courtesy and Special Prize Fund
2. LG-2300- What constitutes a League
3. LG-2321-Coursey Lanes
4. FA-7000 Facility Map
5. FA-7100 Monthly Facility Walk
6. RM-5001-Saftey -General
7. RM-5002 Safety Committee Meetings
8. RM-5110 Opening Procedures
9. RM-5220 Guest Incidents
10. RM-7010-7016 Lock Out/Tag Out
11. TR-1605 Manager Training Program
12. TR-1622 Training Compliance
13. TR-1623 Online Test
14. TR-1660 Career Path for mechanics
15. OP-Retention of Records
16. OP-2201 Lane Service
17. OP-2202 Lane Busing
18. OP-2205 First Time Guest Procedure
19. OP-2230 Xtreme Bowling Preparation
20. OP-2250 Guest Complaints
21. OP-2260 Guest Behavior
22. HR-1000 Ethics and Conduct
23. HR-1300-Discpline

**RFPD 16.** Copies of all manuals for employees in effect on the date of the occurrence.

**Plaintiff's Objection:** Regarding Plaintiff's RFPD number 16, plaintiff requested that the defendant produce copies of all manuals for employees in effect on the date of the occurrence. Defendant again objected on the basis that the request is vague and not properly limited in time or scope. Please see objection to RFPD 15. Defendant is requested to supplement.

**Defendant's Response to Objection:** Defendant produced the relevant safety policies in their entirety on October 3, 2019, see AMF 42-62**.**

**Response:** See Plaintiff's supplemental objection to RFPD 15.

**THE LAW OFFICES OF**
**JESSIE LYONS CRAWFORD, LLC**



Brigitte Smith, Esquire
August 19, 2020
Page 10

**SUPPLEMENTAL RESPONSE**: Defendant produced the relevant safety policies in their entirety on October 3, 2019, see AMF 42-62.

**Plaintiff's response to Defendant's supplemental response:** Plaintiff has reviewed the index of the Operational Manual and would like the Defense to provide copies of the full and complete **policy effective** on **"06-05-2016"** of the following:

1. LG-2031- League Courtesy and Special Prize Fund
2. LG-2300- What constitutes a League
3. LG-2321-Coursey Lanes
4. FA-7000 Facility Map
5. FA-7100 Monthly Facility Walk
6. RM-5001-Saftey -General
7. RM-5002 Safety Committee Meetings
8. RM-5110 Opening Procedures
9. RM-5220 Guest Incidents
10. RM-7010-7016 Lock Out/Tag Out
11. TR-1605 Manager Training Program
12. TR-1622 Training Compliance
13. TR-1623 Online Test
14. TR-1660 Career Path for mechanics
15. OP-Retention of Records
16. OP-2201 Lane Service
17. OP-2202 Lane Busing
18. OP-2205 First Time Guest Procedure
19. OP-2230 Xtreme Bowling Preparation
20. OP-2250 Guest Complaints
21. OP-2260 Guest Behavior
22. HR-1000 Ethics and Conduct
23. HR-1300-Discpline

## DEPOSITIONS

My co-counsel, Kim Parker is available on September 21, 2020, September 22, 2020, and September 25, 2020 at 10:00 a.m., to depose Mr. Goldwasser. Please let us know what date and time works.

**THE LAW OFFICES OF
 JESSIE LYONS CRAWFORD,** LLC



Brigitte Smith, Esquire
August 19, 2020
Page 11

      Please consider the foregoing Plaintiff's continued good faith attempt to resolve a discovery dispute. I am:

                                      Very truly yours,

                                      **THE LAW OFFICES OF
 JESSIE LYONS CRAWFORD,** LLC

                                      /s/ Jessie Lyons Crawford
                                      _____

                                      Jessie Lyons Crawford, Esq.
                                      Attorney for Complainant

      cc: Kim Parker, Esquire