

# THE LAW OFFICES OF
# JESSIE LYONS CRAWFORD, LLC

2601 MARYLAND AVENUE

BALTIMORE, MARYLAND 21218

OFFICE: 410-662-1230
FACSIMILE 410-662-1238

JESSIE LYONS CRAWFORD, ESQ.
*LICENSED IN MARYLAND

September 11, 2020

**VIA ELECTRONIC MAIL**
Hon. Deborah L. Boardman, Magistrate Judge
United States District Court of Maryland
101 West Lombard Street
Chambers 3C
Baltimore, Maryland 21201

Re:   **Samuel Green vs. AMF Bowling, Inc.**
      **Case No.: 1:19-CV-01410-ELH**

Dear Judge Boardman:

In accordance with the Court's September 1, 2020, Order (the "Order"), Plaintiff is providing an update regarding the parties ongoing discovery disputes.

**Plaintiff's Subpoenas.** Defendant takes issue with Plaintiff filing two (2) additional Notices of Intent to Serve Subpoenas on ESIS[1] and Zurich American Insurance. Defendant argues that the Plaintiff had an obligation to apprise the Court of its intention to file these subpoenas and confer with defense counsel regarding same. A rudimentary review of the courts order does not support Defendant's assertions.

**Defendant's Subpoenas.**   Defendant correctly notes that Plaintiff withdrew his objections to the Notices of Intent To Serve Subpoenas to plaintiffs medical providers. Plaintiff, however, maintains that the Defendant's subpoenas directed to plaintiff current and former employers is overly broad and burdensome. Plaintiff objects to these subpoenas as it relates to the following topics *disciplinary records, discharge from employment records, correspondence or handwritten notes with regard to employment, termination forms and/or any and all correspondence or documents*. The aforementioned topics are not relevant to these proceedings, and not likely to lead to the discovery of admissible evidence. Defendant stated in its correspondence that Plaintiff was claiming loss wages, thus, they were entitled to this information. The defendant has failed to explain how the above-listed topics are relevant to information pertaining to loss wages; plaintiff would argue that it is not.

**Scope and Notice of Corporate Designee Deposition.** Defendant objected to ten (10) of Plaintiff's topics in his Notice of Deposition of alleging that the topics sought information that

---

[1] The Subpoenas were as a result of Defendant's supplemental answers to interrogatories, document production and privilege log.

**THE LAW OFFICES OF**
**JESSIE LYONS CRAWFORD,** LLC



Hon. Deborah L. Boardman
September 11, 2020
Page 2

was not reasonably calculated to lead to the discovery of discoverable information and not relevant to Plaintiff's claims. The "burden of proof is with the party objecting to the discovery, not the requestor. See *Capital One Bank N.A. v. Hess Kennedy Chtd*., 2008 U.S. Dist. LEXIS 76385, at *4-5 (E.D. Va. Sept. 29, 2008). See *Finley v. Trent*, 955 F. Supp. 642, 648 (4th Cir. 1997); *Desrosiers v. MAG Indus. Automation Sys., LLC*, 675 F. Supp. 2d 598, 601 (D. Md. 2009) ("The burden is on the party resisting discovery to explain specifically why its objections, including those based on irrelevance, are proper given the broad and liberal construction of federal discovery rules."); *Tucker v. Ohtsu Tire & Rubber Co.,* 191 F.R.D. 495, 498 (D. Md. 2000).

*Topic 1* -The general nature of the business of AMF BOWLING its size, organizational structure, and the specific nature of AMF BOWLING activities on the premises on the date of the accident which is described in Plaintiff's Complaint. *Topic 3-* The specific organization of AMF BOWLING with respect to who had any operational duties at the place and time of the accident, who at the place and time of the accident had the duties of supervision, safety, inspection and maintenance of premises, and who on the date of the accident and thereafter had duties regarding the reporting of accidents and collection of data regarding any accidents on the premises. This will include, but not be limited to the chain of control and command regarding those activities of the Defendant. The information sought is relevant to these proceeds and was narrowly crafted as to illicit information from the deponent that would lead to the discovery of admissible evidence. Plaintiff is not requesting information pertaining *to pro shop, snack bar and lane rentals*. Defendant further argues that Plaintiff has not stated his authority for his request. It is not Plaintiff's duty, but the Defendant to provide authority supporting its objections.

*Topic 17-* Previous and subsequent times Plaintiff was on the premises, and activities on those dates. Plaintiff is a member of a league. *Topic 18*. Instructions and warnings given to Plaintiff at any time regarding Plaintiff's activities on the premises. *Topic 19.* Conversations and statements by, or to, Plaintiff regarding Plaintiff's activities, the accident, or Plaintiff's injuries. Plaintiff will agree to strike Topic 17 based on the representations of defense counsel in her correspondence. Plaintiff believes and therefore avers that topics 18 and 19 are relevant to these proceedings and within broad scope of discovery.

*Topic 23*. Inspections of the premises and any items involved in the incident, during the year before the accident. What was done? Who did it? Why did they do it? When was it done? What orders or reports were made? Note: These inspections are not limited to inspections by AMF BOWLING but also include any inspections by outside persons and entities. Examples, without limiting the generality of the foregoing, are inspections by government (e.g., OSHA and building inspectors); by labor organizations; by attorneys in other lawsuits; by your general casualty, fire, or premises insurers, or inspectors hired by RITE AID. In Plaintiff's September 08, 2020, correspondence, he indicated that "Rite Aid' was a misnomer in the document. Inspections are relevant to these proceedings based on Plaintiff's allegations of gross negligence. To date, Defendant has provided no internal inspection reports, despite, upon information and belief that they do in fact exist. If there were inspections the subject of which may have placed AMF on notice regarding potential unsafe conditions in their facility, which would assist Plaintiff in meeting his burden. This is

**THE LAW OFFICES OF**
**JESSIE LYONS CRAWFORD,** LLC



Hon. Deborah L. Boardman
September 11, 2020
Page 3

undoubtedly relevant to Plaintiff's claims; thus, Defendant should be ordered to produce a knowledgeable witness to discuss all internal and external inspections. In the intertest of expedience, Plaintiff will limit his questioning for the period of January 2011 through June 2015, and to the premises which is the subject of Plaintiff's complaint.

*Topic 24.* AMF BOWLING system, rules and regulations for the reporting of accidents or collection of data regarding accidents on the premises, and the identity of all other accidents on the premises in the period from July 30, 2010 to the present date. Plaintiff has plead negligence and gross negligence as theories of recovery in this case. The aforementioned topic was narrowly drafted as to illicit information that may lead to the discovery of admissible evidence in this case, to prove indifference to the rights of invitees on its premises. See *Proctor v Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 490 (D. Md. 2009) (finding that complaint that "outlined numerous irregularities" in the settlement and title documents that defendant had a duty to review, as well as in the manner in which money was transferred" adequately pled gross negligent).

**Topic 25.** All inspections, after the accident and to the date of this deposition, of the premises, equipment, or processes involved in the accident. **Topic 26.** Subsequent remedial action by AMF BOWLING regarding the type of accident. **Topic 27**. Changes in the premises and equipment, if any, after the accident until the date of this deposition and also whether any further changes are anticipated before inspections are done by Plaintiff's attorney or expert in this litigation. The crux of defendant's argument is that subsequent remedial measures are not admissible to prove plaintiff's claims. To the contrary, "[a]ll non-privileged information that is either admissible at trial or that 'appears reasonably calculated to lead to the discovery of admissible evidence' should be discoverable." *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 485 (4th Cir. 1992) (citing FED. R. CIV. P. 26(b)(1)). The Federal Rules "extend the scope of discovery . . . to information 'reasonably calculated to lead to the discovery of admissible evidence[.]'" *King v. McCown*, 1987 U.S. App. LEXIS 18799, at *3-4 (4th Cir. 1987) (citations omitted). The Fourth Circuit has "interpreted the quoted language liberally as a requirement merely that information sought be germane to the subject matter of the action." Id. (citing *Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977); 8 Wright & Miller, § 2008, p.48 (1970)). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.; see also *Elkins v. Broome*, No. 1:02CV305, 2004 WL 3249257, at *2 (M.D.N.C. Jan. 12, 2004) (unpublished) ("[R]elevancy at discovery is a far different matter from relevancy at trial. At discovery, relevancy is more properly considered synonymous with 'germane' as opposed to competency or admissibility."); Flora v. Hamilton, 81 F.R.D. 576, 578 (M.D.N.C. 1978) ("It is clear that what is relevant in discovery is different from what is relevant at trial, in that the concept at the discovery stage is much broader."). Therefore the topic is relevant to these proceedings and within the scope of discovery.

*Topic 31.* AMF BOWLING CCTV System including(a) Service Dates (b) workings of the equipment (c) perseveration and (d) retention of data on CCTV System and (e) type of equipment including make, model and manufacturer. Plaintiff strikes Topic 31.

**THE LAW OFFICES OF**
**JESSIE LYONS CRAWFORD,** LLC



Hon. Deborah L. Boardman
September 11, 2020
Page 4

*Topic 36.* The design and construction of the bowling alley. In the interest of compromise, Plaintiff will limit its questioning regarding this topic to the actual bowling lanes, not the entire premises. This is certainly reasonable in light of Plaintiff's negligent design and construction claims.

**Documents Requested (Operational Policies)** Despite Defendant's statement that they were providing these policies contemporaneous with their notice to the court today, Plaintiff, as of this writing, has not received the same. Plaintiff did receive a link to a "Dropbox", however, those documents were dated August 5, 2020, and were already produced by Defendant. The following policies still have not been received:

| LG-2031- League Courtesy and Special Prize Fund | LG-2300- What constitutes a League | LG-2321-Coursey Lanes |
|---|---|---|
| FA-7000 Facility Map | FA-7100 Monthly Facility Walk | RM-5001-Saftey -General |
| RM-5002 Safety Committee Meetings | RM-5110 Opening Procedures | RM-5220 Guest Incidents |
| RM-7010-7016 Lock Out/Tag Out | TR-1605 Manager Training Program | TR-1622 Training Compliance |
| TR-1623 Online Test | TR-1660 Career Path for mechanics | OP-Retention of Records |
| OP-2201 Lane Service | OP-2202 Lane Busing | OP-2205 First Time Guest Procedure |
| OP-2230 Xtreme Bowling Preparation | OP-2250 Guest Complaints | OP-2260 Guest Behavior |
| HR-1000 Ethics and Conduct | HR-1300-Discpline | |

**Second Request for Production of Documents.** On July 30, 2020, Plaintiff propounded his Second Request for Production of Documents. Defendant's responses were due by August 30, 2020. As of this writing, Defendant has not responded.

Plaintiff is unaware of any additional discovery disputes at this time. Thank you for your time and consideration. I am:

                              Very truly yours,

                              **THE LAW OFFICES OF**
                              **JESSIE LYONS CRAWFORD, LLC**

                              */s/ Jessie Lyons Crawford*
                              Jessie Lyons Crawford, Esq.

cc:    Kim Parker, Esquire
        Brigitte J. Smith, Esquire