

November 3, 2020                                                                                          **Brigitte J. Smith**
                                                                                                         410.962.7224 (direct)
                                                                                                 Brigitte.Smith@wilsonelser.com


Hon. Deborah L. Boardman, Magistrate Judge
101 West Lombard Street
Chambers 3C
Baltimore, MD 21201

**Re:**     Samuel Green v. AMF Bowling Centers, Inc.,  Case No.: 1:19-cv-01410-ELH

Dear Judge Boardman:

    Please accept this in response to Plaintiff's Request for an Emergency Conference.

Plaintiff has misrepresented facts to this court in his request for an emergency conference.  First, Plaintiff incorrectly states that he was told by counsel for Defendant for the first time on October 30, 2020 that the policy did not exist in 2016.

In fact, the coroporate designee for AMF Bowling Centers, Inc. testifed at deposition that there was no document retention policy in 2016:

```
10        Q    So in 2016 you did not have a retention        12:52:47
11   policy?
12        A    No.                                            12:52:54
```

*See Exhibit 1A, Deposition of Corporate Designee, Anita Manion Pullium, p. 133:10-12.*

1



```
21        Q     Okay.  I know we talked about record           01:36:22
```



```
                                                               Page 165
1    retention, but do you have -- in 2016 did you have

2    a record retention policy of any kind?

3        A      None.                                          01:36:45
```

*See Exhibit 1B, Deposition of Corporate Designee Anita Manion Pullium, p. 164-65:10-12.*

In the course of discovery in this matter, Plaintiff's counsel specifically requested the Document Retention Policy that existed on June 5, 2016 in her letter of August 18, 2019:

**Plaintiff's response to Defendant's supplemental response:** Plaintiff has reviewed the index of the Operational Manual and would like the Defense to provide copies of the full and complete **policy effective** on **"06-05-2016"** of the following:

1. LG-2031- League Courtesy and Special Prize Fund
2. LG-2300- What constitutes a League
3. LG-2321-Coursey Lanes
4. FA-7000 Facility Map
5. FA-7100 Monthly Facility Walk
6. RM-5001-Saftey -General
7. RM-5002 Safety Committee Meetings
8. RM-5110 Opening Procedures
9. RM-5220 Guest Incidents
10. RM-7010-7016 Lock Out/Tag Out
11. TR-1605 Manager Training Program
12. TR-1622 Training Compliance
13. TR-1623 Online Test
14. TR-1660 Career Path for mechanics
15. OP-Retention of Records

*See Exhibit 2, attached*.

1024349v.1



Defendant did not have a Document Retention Policy in 2016, therefore no policy has been produced, or can be produced.

The current Document Retention Policy was enacted in January 2017, which is listed on the index produced by Defendant in accordance with the agreement reached before Your Honor.  *See Exhibit 3.* However, it has not been produced because it is not responsive to the plaintiff's request, or relevant to the case pending in this Honorable Court.  Further, any request for policies changed for enacted after June 5, 2016 would be specifically precluded by this Court's prior orders denying plaintiff's overly broad requests for same.

Defendant respectfully requests that the Plaintiff's Request for an Emergency Conference be denied and for such other relief as the Court deems appropriate.

>  Very truly yours,
>
>  */s/ Brigitte J. Smith*
>  Brigitte J. Smith
>  *Counsel for Defendant*

1024349v.1